1 │ Steven R. Blackburn, State Bar No. 154797
  │ Leslie J. Mann, State Bar No. 95467
2 │ Rachel S. Hulst, State Bar No. 197330
  │ EPSTEIN BECKER & GREEN, P.C.
3 │ One California Street, 26th Floor
  │ San Francisco, California 94111-5427
4 │ Telephone: 415.398.3500
  │ Facsimile: 415.398.0955
5 │ sblackburn@ebglaw.com
  │ lmann@ebglaw.com
6 │ rhulst@ebglaw.com
7 │ Attorneys for Defendant
  │ LUCENT TECHNOLOGIES INC.
8

**ORIGINAL FILED**

**JUL 2 0 2007**

**RICHARD W. WIEKING**
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9

## UNITED STATES DISTRICT COURT

10

## NORTHERN DISTRICT OF CALIFORNIA

**PJH**

11

12 │ DEPARTMENT OF FAIR EMPLOYMENT
13 │ AND HOUSING, an agency of the State of
   │ California,

**CASE NO.**

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)**

14 │              Plaintiff,

**(DIVERSITY JURISDICTION)**

15 │       v.

16 │ LUCENT TECHNOLOGIES INC., and;
   │ DOES ONE through THIRTY, Inclusive,

17

18 │              Defendants.

19 │ STEVEN J. CARAUDDO

20 │        Real Party in Interest.

21

22 │     PLEASE TAKE NOTICE THAT Defendant LUCENT TECHNOLOGIES INC.

23 │ ("Defendant") hereby removes to this Court the state court action described below.

24 │     1.  On or about June 27, 2007, Plaintiff CALIFORNIA DEPARTMENT OF FAIR

25 │ EMPLOYMENT AND HOUSING ("Plaintiff") filed its Complaint in the Superior Court of the

26 │ State of California for the County of Alameda, entitled CALIFORNIA DEPARTMENT OF

27 │ FAIR EMPLOYMENT AND HOUSING v. LUCENT TECHNOLOGIES INC., Case No. RG-

28 │ 07-332892.  A copy of the Complaint served on Defendant is attached hereto as Exhibit A.  A
   │ copy of the Answer served by Defendant is attached as Exhibit B.  Defendant is informed and

SF:145393v1

1 | believes, and thereon alleges, that other than the pleadings attached to this notice of removal,

2 | there have been no further pleadings, process, or orders filed in this action.

3 |     2. The first date upon which Defendant received a copy of the Summons and

4 | Complaint, and thus, first received notice that this action was subject to removal on the basis of

5 | diversity jurisdiction was July 9, 2007. Plaintiff's Notice and Acknowledgment of Receipt

6 | states the Summons and Complaint were served by mail on July 3, 2007. Exhibit C, Notice and

7 | Acknowledgment of Receipt.

8 |     3. This is a civil action over which this Court also has original jurisdiction under

9 | 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to

10 | provisions of 28 U.S.C. § 1441(b), because this is an action between citizens of different states

11 | and the amount in controversy exceeds the sum of $75,000. Plaintiff's wrongful termination

12 | claim exceeds $75,000 based on plaintiff's lengthy list of claimed compensatory and punitive

13 | damages (loss of pay, benefits of employment, emotional distress, pain and suffering)

14 | combined with a claim for injunctive relief. Accordingly, Plaintiff has admitted that the

15 | amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

16 |     4. Defendant is informed and believes that the Real Party in Interest, Steven J.

17 | Carauddo is now and was at the time this lawsuit was filed a resident in Santa Clara County,

18 | California and citizen of the State of California.

19 |     5. Defendant is now and was at the time this lawsuit was filed incorporated under

20 | the laws of the State of Delaware, and having its principal place of business in New

21 | Providence, New Jersey and is the only defendant that has been served with a summons and

22 | complaint in this action. Accordingly, Defendant is not a citizen of the State of California,

23 | where the State Court action is pending.

- 2 -

1

2          6.      This Notice of Removal is timely, as it was filed within 30 days of the date

3  Defendant received notice that this action was subject to removal.

4  DATED:   July 20, 2007                    EPSTEIN BECKER & GREEN, P.C.

5

6                                            By: _____
                                                 STEVEN R. BLACKBURN
7                                                LESLIE J. MANN
                                                 RACHEL S. HULST
8                                            Attorneys for Defendant
                                             LUCENT TECHNOLOGIES INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT
# A

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LUCENT TECHNOLOGIES, INC.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency
of the State of California

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response.  You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 07 - 332893 |
|---|---|

Alameda County Superior Court
1225 Fallon Street
Oakland, CA, 94612
René C. Davidson Alameda County Courthouse

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Susan Saylor                                    (510) 873-6457
Department of Fair Employment & Housing (DFEH)
Oakland Legal Unit
Oakland, CA 94612

DATE: _____   Clerk, by _____, Deputy
*(Fecha)*                                 *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1  PAUL R. RAMSEY (#155062)
    Chief Counsel
2  SUSAN SAYLOR (#154592)
    Senior Staff Counsel
3  DEPARTMENT OF FAIR EMPLOYMENT
    AND HOUSING, Oakland Legal Unit
4  1515 Clay Street, Suite 701
    Oakland, CA 94612-1460
5  Telephone: (510) 873-6457
    Facsimile: (510) 873-0840
6
7  Attorneys for Plaintiff, DFEH
    (Fee Exempt, Gov. Code, § 6103)

8         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            IN AND FOR THE COUNTY OF ALAMEDA

10

11  DEPARTMENT OF FAIR EMPLOYMENT       )   Case No. KC-07 - 332892
    AND HOUSING, an agency of the State of  )
12  California,                          )
                                         )
13              Plaintiff,               )   COMPLAINT FOR COMPENSATORY
                                         )   DAMAGES, INJUNCTIVE RELIEF,
14          vs.                          )   AND PUNITIVE DAMAGES FOR
                                         )   EMPLOYMENT DISCRIMINATION
15  LUCENT TECHNOLOGIES, INC., and;      )
    DOES ONE through THIRTY, Inclusive,  )   [Gov. Code, § 12940 (a), (k), (m), and (n)]
16                                       )
                                         )
17              Defendants.              )
    _____)
18                                       )
    STEVEN J. CARAUDDO,                  )
19                                       )
                Real Party in Interest.  )
20                                       )
    _____)
21

22

23      Plaintiff DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING alleges the

24  following against Defendants LUCENT TECHNOLOGIES, INC. and DOES ONE through

25  THIRTY, inclusive, on behalf of Real Party in Interest STEVEN J. CARAUDDO:

26  //

27



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-1-

**PARTIES**

1.    Plaintiff, DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING (hereafter "Department" or "DFEH"), is the state agency charged with enforcing the Fair Employment and Housing Act ("FEHA"), set forth in Government Code section 12900 et seq.  The Department's enforcement of the FEHA is an exercise of the police power of the State of California, to protect the civil rights of all Californians to seek, obtain, and hold employment without discrimination or abridgment on account of, inter alia, disability. (Gov. Code, §§ 12920, 12926, subd. (i), 12926.1, and 12940, subds. (a) (k), (m), and (n).)

2.    At all times relevant to this complaint, Real Party in Interest STEVEN J. CARAUDDO (hereafter "Real Party" or "Mr. Carauddo"), was working within the County of Alameda, California.

3.    Defendant LUCENT TECHNOLOGIES, INC. (hereafter "Defendant" or "Lucent Technologies") is now and was, at all times relevant to this complaint, a business entity operating under the laws of the State of California, and conducting business in the County of Alameda, California.

4.    DOES ONE through THIRTY, inclusive, are sued herein pursuant to Code of Civil Procedure section 474.  The Department is ignorant of the true names or capacities of the Defendants sued herein under fictitious names DOES ONE through THIRTY, inclusive.  The Department will amend this complaint to allege their true names and capacities when the same are ascertained.

5.    The Department is informed and believes and thereon alleges that, at all times mentioned herein, each and every Defendant is and was, in doing the things complained of herein, the agent and/or employee of their co-defendants herein and was acting within the scope of said agency, service, employment, and/or representation, and that each and every Defendant herein is jointly and severally responsible and liable to the Real Party for the damages hereinafter alleged.

//
//



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-2-

## JURISDICTION AND VENUE

6.     The Department realleges, and fully incorporates herein by reference each and every allegation contained in paragraphs 1 through 5, inclusive, as if fully set forth herein.

7.     This action arises under the FEHA, specifically, Government Code section 12940, subdivisions (a), (k), (m), and (n).

8.     Defendant Lucent Technologies is an employer within the meaning of Government Code section 12940, subdivisions (a), (k), (m), and (n), and 12926, subdivision (d), in that it regularly employs five or more persons.

9.     On or about May 9, 2006, Real Party filed a verified complaint in writing with the Department (known as the "DFEH Complaint"), alleging that Lucent Technologies had committed unlawful employment practices against him, in violation of the FEHA, within the preceding year. A true and correct copy of the DFEH Complaint is attached to this Complaint as "Exhibit 1."

10.     On May 8, 2007, the Department issued an Accusation before the California Fair Employment and Housing Commission (hereafter "Commission"), charging Defendant Lucent Technologies with unlawful employment practices in violation of the FEHA.

11.     Pursuant to Government Code section 12965, subdivision (c)(1), Defendant Lucent Technologies elected to have its case adjudicated in civil court in lieu of a hearing before the Commission, and so notified the Department in writing, on or about June 1, 2007. A true and correct copy of "Defendant's Notice of Defense and Election to Transfer Proceedings to Court" is attached hereto as "Exhibit 2" and incorporated herein by this reference.

12.     The Department has withdrawn its Accusation and has timely filed this Complaint pursuant to Government Code section 12965, subdivision (c)(2).

13.     The harm that is the subject of this Complaint occurred in the County of Alameda.

14.     The amount of damages sought by this Complaint exceeds the minimum jurisdictional limits of this court.



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

*DFEH v. Lucent Technologies, Inc. (Carauddo)*
Complaint for Compensatory Damages, Injunctive Relief, and Punitive Damages for Employment Discrimination

## FACTUAL ALLEGATIONS

15.    The Department realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 14, inclusive, as if fully set forth herein.

16.    Steven J. Carauddo was employed by Defendant Lucent Technologies (or its predecessor, Western Electric) as an "Installer" for approximately 40 years, from 1966 to 2006. Mr. Carauddo worked out of Defendant's Hayward offices, where he would be assigned to various client locations to install telecommunications switching equipment.

17.    On or about January 19, 2005, Mr. Carauddo was breaking down some large boxes at Defendant's Hayward warehouse. By the end of the day, his back was stiff; by the time he woke up the next morning, he felt unable to get out of bed. Mr. Carauddo was experiencing back pain, and for several days he called in sick. When he visited the doctor, he was diagnosed with a low back strain. Upon further investigation, including an X-ray and MRI, it was revealed that Real Party was suffering from long-term damage to his spine and lower back discs.

18.    Ultimately, Real Party was diagnosed with "Lumbar degenerative disc disease" caused by "cumulative microtrauma to the lumbar disc." As Robert Harrison, M.D., M.P.H., Clinical Professor of Medicine at the University of California, San Francisco ("UCSF"), later explained: "On the date of injury, Mr. Carauddo was engaged in heavy lifting with twisting of the lower back. This resulted in acute lumbosacral sprain superimposed on underlying, long-standing, work-related degenerative disc disease of the lumbosacral spine."

19.    Because of his disability (lumbar degenerative disc disease), Real Party began a leave of absence in early 2005. While on leave, he received treatment for his back, including pain medication, chiropractic treatments, and physical therapy.

20.    At all times relevant to this complaint, Mr. Carauddo has been a person with a disability as defined by Government Code sections 12926, subdivision (k), which includes those with a record of having a disability and those that are perceived as having a disability.

21.    As of January 2006 Mr. Carauddo's treating physician, Dr. Allen Kaisler-Meza, declared that Real Party was able to return to work. On or about January 17, 2006, Dr. Kaisler-Meza

-4-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

*DFEH v. Lucent Technologies, Inc. (Carauddo)*
Complaint for Compensatory Damages, Injunctive Relief, and Punitive Damages for Employment Discrimination

1    determined that Real Party was able to lift and carry up to 20 lbs. continuously; up to 21-50 lbs.,

2    occasionally; and, between 51-100 lbs., never. On that same date, Dr. Kaisler-Meza completed a

3    Workers' Compensation report which stated that Mr. Carauddo: "Will return to full duty but with

4    restriction in open market of no lifting greater than 30 lbs P/S, MMI next visit."

5        22.    On or about January 25, 2006, Mr. Carauddo presented himself at Defendant's

6    Hayward office for work. His supervisor Claudine Strange told him that he had not been medically

7    cleared to return to work, and sent him home.

8        23.    On or about January 27, 2006, Defendant terminated Mr. Carauddo's employment,

9    purportedly because he was unable to perform the essential functions of his job.

10       24.    An undated job description for the Installer/Technician position lists the following

11   relevant requirements: "3. LIFTING: Floor to Waist: (Occasionally) May lift up to 50 pounds from

12   floor to waist when working with 750 cable spools and installation components. Waist to Overhead:

13   (Frequently) Must lift up to 30# when running cable, placing components for installation, etc. 4.

14   CARRYING: (Frequently) Carry up to 50# for up to 100' to move cable rolls, component parts,

15   equipment, etc."

16       25.    Current and former employees of Lucent Technologies, including Real Party, have

17   informed the Department that the lifting restrictions are not as great as the job description suggests,

18   and that, when lifting is required, the assistance of a fellow employee or a lifting device may be

19   available.

20       26.    On or about January 31, 2006, Mr. Carauddo underwent a Functional Capacity

21   Evaluation ("FCE"), where he was found to possess the ability to: Waist height lift and carry: 45 lbs;

22   Floor to counter lift: 45 lbs; Overhead lift: 45 lbs; Pushing a sled: 90 lbs; Pulling a sled: 90 lbs.

23   The physical therapist who performed the FCE reported that: "Patient shows excellent potential to go

24   back to work. No work restrictions are recommended except those which are standard of the

25   company. Patient shows eagerness and willingness to go back to work."

26

27



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-5-

*DFEH v. Lucent Technologies, Inc. (Carauddo)*
Complaint for Compensatory Damages, Injunctive Relief, and Punitive Damages for Employment Discrimination

27.    On or about April 11, 2006, Real Party's Workers' Compensation attorney sent a letter to Defendant requesting that it engage in a good faith, interactive process. To date, Lucent Technologies has made no response to this request.

28.    At least as of the date that he presented himself at Defendant's Hayward office for work (January 25, 2006) and continuing to the present, Real Party was able to perform the essential functions of the position of an Installer, with or without reasonable accommodation.

## FIRST CAUSE OF ACTION

### Termination Because of Disability

### (Gov. Code, § 12940, subd. (a))

29.    The Department realleges, and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 28, as if fully set forth herein.

30.    Government Code section 12940, subdivision (a), makes it an unlawful employment practice for an employer to terminate an employee because of his disability.

31.    By terminating Mr. Carauddo's employment because of his disability, Defendants, and each of them, have engaged in unlawful employment discrimination against him, in violation of Government Code section 12940, subdivision (a).

32.    As a direct result of the unlawful employment practices of Defendants, and each of them, as alleged herein, Mr. Carauddo has lost wages and other benefits of employment in an amount to be proven at trial.

33.    As a further and direct result of the unlawful practices of Defendants, and each of them, as herein alleged, Mr. Carauddo has suffered anxiety, frustration, emotional distress, and injury in an amount to be proven at the time of trial.

34.    The conduct of Defendants, and each of them, as herein alleged, was malicious, oppressive, or fraudulent, or taken in conscious disregard of the rights, health, safety, and economic condition of Mr. Carauddo, as defined in Civil Code section 3294, in that Defendants willfully and intentionally, and without just cause, deprived him of his civil rights as an employee under the laws of the State of California, entitling him to an award of exemplary and punitive damages."



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

35.    The Defendants, and each of them, by terminating Mr. Carauddo's employment, have engaged in, and by their refusal to comply with the law when requested, have demonstrated that they will continue to engage in, the pattern and practice of unlawful employment discrimination on the basis of disability unless and until they are enjoined, pursuant to the police power granted by Government Code section 12920 and 12920.5, and pursuant to Government Code section 12965, subdivision (c)(3), from failing or refusing to comply with the mandates of the Fair Employment and Housing Act, California Government Code section 12900 et seq.

## SECOND CAUSE OF ACTION

### Failure to Make Reasonable Accommodation for Known Physical or Mental Disability
### (Gov. Code §12940 subd. (m))

36.    The Department realleges, and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 28, as if fully set forth herein.

37.    Government Code section 12940, subdivision (m), provides that it is an unlawful employment practice for an employer to fail to make reasonable accommodation for the known physical disability of an employee.

38.    By failing to accommodate Mr. Carauddo's disability (lumbar degenerative disc disease), Defendants engaged in unlawful employment discrimination against him in violation of Government Code section 12940, subdivision (m).

39.    As a direct result of the unlawful employment practices of Defendants, and each of them, as alleged herein, Mr. Carauddo has lost wages and other benefits of employment in an amount to be proven at trial.

40.    As a further and direct result of the unlawful practices of Defendants, and each of them, as herein alleged, Mr. Carauddo has suffered anxiety, frustration, emotional distress, and injury in an amount to be proven at the time of trial.

41.    The conduct of Defendants, and each of them, as herein alleged, was malicious, oppressive, or fraudulent, or taken in conscious disregard of the rights, health, safety, and economic condition of Mr. Carauddo, as defined in Civil Code section 3294, in that Defendants willfully and

-7-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

1   intentionally, and without just cause, deprived him of his civil rights as an employee under the laws

2   of the State of California, entitling him to an award of exemplary and punitive damages."

3       42.    The Defendants, and each of them, by failing to accommodate Mr. Carauddo's

4   disability (lumbar degenerative disc disease), and by their refusal to comply with the law when

5   requested, have demonstrated they will continue to engage in, the pattern and practice of unlawful

6   employment discrimination described herein unless and until they are enjoined, pursuant to the

7   police power granted by Government Code section 12920 and 12920.5, and pursuant to Government

8   Code section 12965, subdivision (c)(3), from failing or refusing to comply with the mandates of the

9   Fair Employment and Housing Act, California Government Code section 12900 et seq.

10      ### THIRD CAUSE OF ACTION

11      **Failure to Engage in a Timely, Good Faith, Interactive Process**

12      **(Gov. Code, § 12940, subd. (n))**

13      43.    The Department realleges, and incorporates herein by reference, each and every

14   allegation contained in paragraphs 1 through 28, as if fully set forth herein.

15      44.    Government Code section 12940, subdivision (n), provides that it is an unlawful

16   employment practice for an employer to fail to engage in a timely, good faith, interactive process

17   with an employee to determine effective reasonable accommodations, if any, in response to a request

18   for reasonable accommodation by an employee with a known physical or mental disability.

19      45.    By failing to fully engage in timely and good faith dialogue with Mr. Carauddo about

20   how he might be able to return to the position of Installer with or without a reasonable

21   accommodation, Defendants are liable for unlawful employment practices against him, in violation

22   of Government Code section 12940, subdivision (n).

23      46.    As a direct result of the unlawful employment practices of Defendants, and each of

24   them, as alleged herein, Mr. Carauddo has lost wages and other benefits of employment in an

25   amount to be proven at trial.

26      47.    As a further and direct result of the unlawful practices of Defendants, and each of

27   them, as herein alleged, Mr. Carauddo has suffered anxiety, frustration, emotional distress, and

injury in an amount to be proven at the time of trial.



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-8-

*DFEH v. Lucent Technologies, Inc. (Carauddo)*
Complaint for Compensatory Damages, Injunctive Relief, and Punitive Damages for Employment Discrimination

48.    The conduct of Defendants, and each of them, as herein alleged, was malicious, oppressive, or fraudulent, or taken in conscious disregard of the rights, health, safety, and economic condition of Mr. Carauddo, as defined in Civil Code section 3294, in that Defendants willfully and intentionally, and without just cause, deprived him of his civil rights as an employee under the laws of the State of California, entitling him to an award of exemplary and punitive damages."

49.    The Defendants, and each of them, by failing to engage in a timely, good faith, interactive process with an employee to determine effective reasonable accommodations, if any, in response to Mr. Carauddo's request for reasonable accommodation, have engaged in, and by their refusal to comply with the law when requested, have demonstrated they will continue to engage in, the pattern and practice of unlawful employment discrimination on the basis of disability unless and until they are enjoined, pursuant to the police power granted by Government Code section 12920 and 12920.5, and pursuant to Government Code section 12965, subdivision (c)(3), from failing or refusing to comply with the mandates of the Fair Employment and Housing Act, California Government Code section 12900 et seq.

## FOURTH CAUSE OF ACTION

### Failure to Take All Reasonable Steps to
### Prevent Discrimination from Occurring in the Workplace
### (Gov. Code, § 12940, sub. (k))

50.    The Department realleges, and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 28, as if fully set forth herein.

51.    Government Code section 12940, subdivision (k) provides that it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

52.    For their failure to take all reasonable steps necessary to prevent discrimination from occurring, Defendants, and each of them, as herein alleged, are liable for unlawful employment practices against Mr. Carauddo, in violation of Government Code section 12940, subdivision (k).

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-9-

53.    As a direct result of the unlawful employment practices of Defendants, and each of them, as alleged herein, Mr. Carauddo has lost wages and other benefits of employment in an amount to be proven at trial.

54.    As a further and direct result of the unlawful practices of Defendants, and each of them, as herein alleged, Mr. Carauddo has suffered anxiety, frustration, emotional distress, and injury in an amount to be proven at the time of trial.

55.    The conduct of Defendants, and each of them, as herein alleged, was malicious, oppressive, or fraudulent, or taken in conscious disregard of the rights, health, safety, and economic condition of Mr. Carauddo, as defined in Civil Code section 3294, in that Defendants willfully and intentionally, and without just cause, deprived him of his civil rights as an employee under the laws of the State of California, entitling him to an award of exemplary and punitive damages."

56.    The Defendants, and each of them, by failing to take all reasonable steps necessary to prevent discrimination from occurring, have engaged in, and by their refusal to comply with the law when requested, have demonstrated they will continue to engage in, the pattern and practice of unlawful employment discrimination on the basis of disability unless and until they are enjoined, pursuant to the police power granted by Government Code section 12920 and 12920.5, and pursuant to Government Code section 12965, subdivision (c)(3), from failing or refusing to comply with the mandates of the Fair Employment and Housing Act, California Government Code section 12900 et seq. ·

## PRAYER FOR RELIEF

### All Causes of Action

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.    That the court order Defendants, and each of them, to reinstate Mr. Carauddo to the position of Installer, or in lieu of reinstatement to pay his back pay, front pay, and other benefits of employment, according to proof, with interest at the applicable legal rate.

2.    That the court order Defendants, and each of them, to pay to Real Party damages for his emotional distress, nervous pain, and suffering resulting from Defendant's unlawful conduct;

3.    That the court order Defendants to pay punitive damages to Mr. Carauddo, according

-10-



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

1  to proof;

2      4.      That the court order injunctive relief as follows:

3          a.      Require Defendants to cease and desist from discriminating against Real Party

4  and other employees on the basis of physical or mental disability;

5          b.      Require Defendants to develop, implement, and disseminate a policy that

6  clearly advises management and supervisors of their obligation under the FEHA to: (a) make

7  reasonable accommodations; and, (b) engage in a timely, good faith, interactive process with its

8  employees to determine effective reasonable accommodations, if any, in response to a request from

9  an employee with a known physical or mental disability;

10          c.      Require Defendants to train all management-level employees, and all

11  supervisors in the chain of command, regarding Defendant's duties to: (a) make reasonable

12  accommodations; and, (b) engage in a good faith, interactive process with its employees to

13  determine what accommodations are appropriate;

14          d.      Require Defendants to post an order in a conspicuous place in all work

15  locations that dispatch Installers in the State of California, stating that Defendant has been found in

16  violation of the FEHA, and specifying the remedies ordered; and,

17      5.      For such other relief as the court deems just and proper.

18

19  Dated: June 26, 2007                    DEPARTMENT OF FAIR EMPLOYMENT
20                                          AND HOUSING

21                                          PAUL R. RAMSEY
22                                          Chief Counsel

23                                          SUSAN SAYLOR
                                            Senior Staff Counsel
24

25                  By:      _____
26                                          Susan Saylor
                                            Attorneys for the Department
27


**COURT PAPER**
State of California
Std. 113 Rev. 3-95
FE&H Automated

-11-

# EXHIBIT
# 1

**EMPLOYMENT**

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E200506M1661-00-ae

EEOC # 37AA608736

If dual-filed with EEOC, this form may be affected by the Privacy Act of 1974.

### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and EEOC

COMPLAINANT'S NAME (indicate Mr. or Ms.)
**CARAUDDO, STEVE J. (Mr.)**

ADDRESS
**770 Upton Court**

CITY/STATE/ZIP
**San Jose, CA 95136**

TELEPHONE NUMBER (INCLUDE AREA CODE)
**(408) 267-2081**

COUNTY
Santa Clara

COUNTY CODE
085

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
**LUCENT TECHNOLOGIES**

ADDRESS
**1288 San Luis Obispo Blvd.**

CITY
**Hayward, CA 94544**

TELEPHONE NUMBER (INCLUDE AREA CODE)
**(510) 475-5055**

Alameda     001

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX[ES])
☐ RACE  ☐ SEX  ☒ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ DENIAL OF FAMILY/MEDICAL LEAVE  ☐ SEXUAL ORIENTATION
☐ COLOR  ☒ AGE  ☐ MARITAL STATUS  ☐ MEDICAL CONDITION (cancer or genetic characteristics) ☐ OTHER (SPECIFY)

NO. OF EMPLOYEES/MEMBERS
50

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year) January 27, 2006

RESPONDENT CODE
39

THE PARTICULARS ARE:

I.  On January 25, 2006, I was denied accommodation and on January 27, 2006 I was terminated from my position as an Installer.  I was hired as an installer on March 7, 1966.  At the time I was denied accommodation and terminated from my position as Installer I was making $28.60 per hour.

II.  Claudine Strange, Operation Area Manager, told me that I would not be allowed to return to work.  She refused to discuss the subject with me.

III.  I believe that I was denied accommodation and terminated because of my age 60  and because of my disability (disc injures) for the following reasons:

A.  I was released to come back to work by the doctor and the therapist who performed my Functional Capacity Exam with very few accommodations and the company failed to return me to work and fired me without giving me a reason.

RECEIVED
MAY - 9 2006

Typed and mailed for signature on May 5, 2006.
☒ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

EMPLOYMENT AND
SAN JOSE

Dated  May 5, 2006

At  San Jose, Ca
City

COMPLAINANT'S SIGNATURE

DFEH-300-01 (12/99)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

SJGN:eo

DATE FILED:  MAY - 9 2006

STATE OF CALIFORNIA

# EXHIBIT
# 2

CASE NAME:  **DFEH v. Lucent Technologies, Inc.**
                  (Steven J. Carauddo, Complainant)
CASE NO.:    **E-200506-M-1661-00-ae**

### RESPONDENT'S NOTICE OF TRANSFER OF PROCEEDINGS TO COURT

I am a Respondent in this matter.  I elect to transfer this proceeding to court in lieu of a hearing before the Fair Employment and Housing Commission, pursuant to Government Code section 12965, subdivision (c)(1).

Dated:  June 1, 2007

_____
Respondent's/Representative's Signature

Lucent Technologies, Inc.
_____
Respondent(s) [Please print]

Leslie J. Mann
_____
Representative [Please print]

Address of Respondent, or if
represented, address of Representative

1 California Street, Suite 2600
_____
Street
San Francisco, CA 94111
_____
City          State          Zip
(415)398-3500
_____
Telephone number of Respondent, or if
represented, telephone number of Representative

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.  My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3.  I served copies of the following documents (specify the exact title of each document served): **RESPONDENT'S NOTICE OF TRANSFER OF PROCEEDINGS TO COURT**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Jean K. Hyams, Esq.<br>Boxer Gerson, LLP<br>300 Frank H. Ogawa Plaza<br>Oakland, CA 94612<br>Telephone: (510) 835-8870<br>Facsimile: (510) 835-0415 | Attorneys for Complainant<br>Steven J. Carauddo |
| James A. McDonald, Esq.<br>Law Offices of James A. McDonald<br>2072 The Alameda<br>San Jose, CA 95128<br>Telephone: (408) 241-4402<br>Facsimile: (408) 241-4206 | Attorneys for Complainant<br>Steven J. Carauddo |
| Ann M. Noel, Executive and Legal Affairs Secretary<br>CA Fair Employment and Housing Commission<br>455 Golden Gate Avenue, #10600<br>San Francisco, CA 94102-7019 | The Fair Employment and Housing Commission |
| Paul R. Ramsey<br>Susan Saylor<br>Department of Fair Employment and Housing, Oakland Legal Unit<br>1515 Clay Street, Suite 701<br>Oakland, CA 94612-1460<br>Telephone: (510) 873-6457<br>Facsimile: (510) 873-0840 | Attorneys for the Department |

1 --

5. a. ☐ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) ☒ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at , California.

c. ☐ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date):* June 1, 2007

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 6/1/2007 | Virginia Li | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

– 2 –

Department of Fair Employment And
Housing
Attn: Saylor, Susan
1515 Clay St., Suite 701
Oakland, CA   94612-2512

-- Third Party --
Steven J. Carauddo

## Superior Court of California, County of Alameda

Department of Fair Employment a
                    **Plaintiff/Petitioner(s)**
                    VS.

Lucent Technologies, Inc.
                    **Defendant/Respondent(s)**
                    (Abbreviated Title)

No. RG07332892

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| **Date: 11/14/2007**<br>**Time: 03:15 PM** | Department: 135<br>    Location: **Allen E. Broussard Justice Center**<br>        **Fourth Floor**<br>        **600 Washington Street, Oakland  CA  94607**<br><br>    Internet: **http://www.alameda.courts.ca.gov** | Judge: **Patrick J. Zika**<br>Clerk: **Benilda Nelson**<br>Clerk telephone: **(510) 268-7956**<br>E-mail:<br>**Dept.135@alameda.courts.ca.gov**<br>Fax:  **(510) 267-1521** |

### ORDERS

1.  You must:
    a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  **Give notice** of this conference to any party not included in this notice and file proof of service;
    c.  **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
    d.  **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least **15** days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/29/2007.

By

Deputy Clerk

ASSIGNED FOR ALL PURPOSES TO
JUDGE Patrick J. Zika
DEPARTMENT 135

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court , which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference.  The Court may refer parties to alternative dispute resolution resources.

(1) Unrepresented litigants must also comply with pertinent rules, cited above. The Court maintains a Self-Help Center at the Wiley W. Manuel Courthouse, 2nd Floor, 661 Washington St., Oakland. Telephone. (510) 268-7221. (2) Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association www.acbanet.org (click on link at the bottom of the home page). (3) Appearances by attorneys who are not counsel of record are not permitted except for good cause. (4) Except when requested in a particular case, chambers copies of filings are not necessary.

## Schedule for Department 135

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.  Parties must confer on agreeable dates consistent with the court's schedules before contacting the clerk to reserve a date.

- Trials generally are held:  Mondays through Thursdays at 9:00 a.m.
- Case Management Conferences are held:  Initial Case  Management Conferences: Wednesdays and Thursdays at 3:15 p.m.
- Case Management Conference Continuances:  Fridays at 9:00 a.m.
- Law and Motion matters are heard:  Mondays and Tuesdays at 3:15 p.m. Contact the clerk to reserve a date before filing any law and motion matters.
- Settlement Conferences are heard:  Fridays at 10:00 a.m.
- Ex Parte matters are heard:  Mondays and Wednesdays at 3:00 p.m. Contact the clerk to reserve a date and time before noticing any party.
- Contact the clerk to reserve a date before filing any demurrers. Contact the clerk to reserve a date before filing any summary judgments.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact Department 31 for hearing dates before July 1, 2007 and the Direct Calendar Judge's department as follows for hearing dates after July 1, 2007:

- Motion Reservations for hearing dates after July 1, 2007
    Email:        Dept.135@alameda.courts.ca.gov

Trial Management Compliance hearings and first day of trial: Fridays at 2:00 p.m.
Compliance hearings are heard:  Mondays through Thursdays at 3:15 p.m. and
Fridays at 9:00 a.m.

- Ex Parte Matters for hearing dates after July 1, 2007
    Email:        Dept.135@alameda.courts.ca.gov

    Contact the clerk to reserve a date and time before noticing any party.

## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules.  Tentative rulings
will become the Court's order unless contested in accordance with the Local Rules.
Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept.
  135
- Tentative Ruling Line after July 1, 2007:  1-866-223-2244

Dated:  06/28/2007                        Executive Officer / Clerk of the Superior Court

                                By   _____

                                              Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and
not a party to this cause.  I served this Notice by placing copies in envelopes addressed as
shown on the attached Notice of Initial Case Management Conference and then by sealing
and placing them for collection, stamping or metering with prepaid postage, and mailing on
the date stated below, in the United States mail at Alameda County, California, following
standard court practices.

Executed on 06/29/2007

                                By   _____

                                              Deputy Clerk

# EXHIBIT
# B

1 | Steven R. Blackburn, State Bar No. 154797
Leslie J. Mann, State Bar No. 95467
2 | Rachel S. Hulst, State Bar No. 197330
EPSTEIN BECKER & GREEN, P.C.
3 | One California Street, 26th Floor
San Francisco, California 94111-5427
4 | Telephone:    415.398.3500
Facsimile:    415.398.0955
5 | SBlackburn@ebglaw.com
Lmann@ebglaw.com
6 | RHulst@ebglaw.com

7 | Attorneys for Defendant
LUCENT TECHNOLOGIES INC.

8

ENDORSED
FILED
ALAMEDA COUNTY

JUL 1 9 2007

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **COUNTY OF ALAMEDA**

11

12 | DEPARTMENT OF FAIR EMPLOYMENT
AND HOUSING, an agency of the State of
13 | California,

14 |                   Plaintiff,

15 |          v.

16 | LUCENT TECHNOLOGIES INC., and;
DOES ONE through THIRTY, Inclusive,

17

18 |                   Defendants.

19 | STEVEN J. CARAUDDO,

20 |                   Real Party in Interest.

21

CASE NO.: RG 07-332892

**DEFENDANT LUCENT
TECHNOLOGIES INC.'S ANSWER TO
COMPLAINT**

**BY FAX**

22

23 |         Defendant LUCENT TECHNOLOGIES INC., a Delaware corporation (hereinafter

24 | "LUCENT") for itself and no other defendant, answers Plaintiff Department of Fair Employment

25 | and Housing's complaint filed on behalf of Real Party in Interest Steven J. Carauddo ("Mr.

26 | Carauddo" or "Real Party in Interest") as follows:

27

28

1

Answer

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant LUCENT generally and specifically denies each and every allegation of the Complaint.  LUCENT further denies that Mr. Carauddo has sustained any damages by reason of any act or omission on the part of LUCENT, and specifically denies that Mr. Carauddo is entitled to any recovery from LUCENT in any amount whatsoever on any basis.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Business Judgment)

1.    As a first affirmative defense, LUCENT avers that its actions with respect to Mr. Carauddo were a legitimate exercise of LUCENT's business judgment which Mr. Carauddo cannot invade.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

2.    As a second affirmative defense, LUCENT avers that Mr. Carauddo's claim for damages is barred, in whole or in part, because, based on information and belief, even if Mr. Carauddo were disabled, he has failed to exercise due diligence in an effort to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

#### (Essential Functions)

3.    As a third affirmative defense, LUCENT avers that Mr. Carauddo's claim is barred, because Mr. Carauddo is unable to perform his essential duties even with reasonable accommodation.  Cal. Govt. Code § 12940(a)(l),(2).

### FOURTH AFFIRMATIVE DEFENSE

#### (Real Party in Interest's Health or Safety)

4.    As a fourth affirmative defense, LUCENT avers that Mr. Carauddo's claim is barred, because Mr. Carauddo is unable to perform his essential duties in a manner that would not endanger his health or safety even with reasonable accommodation. Cal. Govt. Code

1  § 12940(a)(l),(2).

2  ## FIFTH AFFIRMATIVE DEFENSE

3  ### (Health or Safety of Others)

4  5.      As a fifth affirmative defense, LUCENT avers that Mr. Carauddo's claim is

5  barred, because Mr. Carauddo is unable to perform his essential duties in a manner that would

6  not endanger the health or safety of others even with reasonable accommodation. Cal. Govt.

7  Code § 12940(a)(l),(2).

8  ## SIXTH AFFIRMATIVE DEFENSE

9  ### (Undue Hardship)

10  6.      As a sixth affirmative defense, LUCENT avers that Mr. Carauddo's claim is

11  barred, because assuming Mr. Carauddo requested an accommodation, it created an undue

12  hardship for Defendant.

13  ## SEVENTH AFFIRMATIVE DEFENSE

14  ### (Contractual Obligation)

15  7.      As a seventh affirmative defense, LUCENT avers that Mr. Carauddo's claim is

16  barred, because the applicable collective bargaining agreement incorporates the requirements of

17  Mr. Carraudo's position which could not be altered.

18  ## EIGHTH AFFIRMATIVE DEFENSE

19  ### (Business Necessity)

20  8.      As an eighth affirmative defense,  LUCENT avers that Mr. Carauddo's claim is

21  barred in whole or in part, on the grounds that LUCENT's actions as they affected Mr. Carauddo

22  were undertaken for lawful, substantial, and justifiable business reasons.

23  ## NINTH AFFIRMATIVE DEFENSE

24  ### (Exclusivity of Workers' Compensation Act Remedy)

25  9.      As a ninth affirmative defense, LUCENT avers that Mr. Carauddo's claims are

26  barred, in whole or in part, by the Workers' Compensation Act, which provides Mr. Carauddo's

27  exclusive remedy for his claims.

28

1    **TENTH AFFIRMATIVE DEFENSE**

2    (Fraud, Malice or Oppression)

3    10.  As a tenth affirmative defense, LUCENT avers that any acts or omissions to act by

4    LUCENT were not the result of fraud, malice or oppression, as such terms are defined by

5    California Civil Code §3294.

6    **ELEVENTH AFFIRMATIVE DEFENSE**

7    (LMRA Section 301 Federal Preemption)

8    11.  As an eleventh affirmative defense, LUCENT avers that Plaintiff's claims are pre-

9    empted in whole or in part by Section 301 of the Labor Management Relations Act, 29 U.S.C.

10    § 185.

11    **TWELFTH AFFIRMATIVE DEFENSE**

12    (NLRA Section 8(a)(3) Federal Preemption)

13    12.  As a twelfth affirmative defense, LUCENT avers that Plaintiff's claims are

14    preempted in whole or in part by section 8(a)(3) of National Labor Relations Act, 29 U.C.S.C. §

15    141, et. seq.

16    **THIRTEENTH AFFIRMATIVE DEFENSE**

17    (Avoidable Consequences)

18    13.  As a thirteenth affirmative defense, LUCENT avers that LUCENT had published

19    adequate policies to prevent unlawful discrimination, harassment and retaliation within the

20    workplace.  LUCENT's policies included internal complaint mechanisms which would lead to

21    prompt, effective remedial action in the event of a complaint of discrimination, retaliation or

22    harassment.  Mr. Carauddo was aware of these policies.  Nonetheless, Mr. Carauddo failed or

23    refused to utilize said complaint procedures, and thus allegedly suffered from harm that could

24    have been avoided through reasonable effort or expenditure.

25    **FOURTEENTH AFFIRMATIVE DEFENSE**

26    (After-Acquired Evidence)

27    14.    As a fourteenth affirmative defense, LUCENT avers that, upon information and

28    belief, Mr. Carauddo has engaged in wrongful conduct during his employment and that conduct

1  provides independent grounds for him being terminated; as a result, his claim for damages

2  should be reduced or eliminated accordingly.

3  **FIFTEENTH AFFIRMATIVE DEFENSE**

4  (Reservation)

5      15.    As a fifteenth affirmative defense, LUCENT reserves the right to rely on such

6  other and further affirmative defenses as may be supported by facts to be determined through full

7  and complete discovery and to amend its Answer to assert such additional affirmative defenses.

8

9      WHEREFORE, Defendant LUCENT prays that:

10      1.    Real Party In Interest Steven Carauddo take nothing by this Complaint;

11      2.    Judgment be entered in favor of Defendant; and,

12      3.    For such other and further relief deemed proper.

13

14  DATED:  July 19, 2007

    EPSTEIN BECKER & GREEN, P.C.

15

16      By: _____

17      STEVEN R. BLACKBURN
    LESLIE J. MANN

18      RACHEL S. HULST

19      Attorneys for Defendant
    LUCENT TECHNOLOGIES INC.

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.  My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3.  I served copies of the following documents (specify the exact title of each document served): **ANSWER TO COMPLAINT**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

> Paul R. Ramsey                          Attorneys for the Department
> Susan Saylor
> Department of Fair Employment and
> Housing, Oakland Legal Unit
> 1515 Clay Street, Suite 701
> Oakland, CA 94612-1460
> Telephone:  (510) 873-6457
> Facsimile:  (510) 873-0840

5.  a. ☐ **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

    b. ☒ **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

    > (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

    > (2) ☒ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

    c. ☐ **By overnight delivery**. I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date):* July 19, 2007

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 07/19/07 | Virginia Li | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

SF:145288v1                                7                        Answer to Complaint
                                                                    Case No. RG 07-332892

# EXHIBIT
# C

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Susan Saylor (SBN 154592)<br>Department of Fair Employment and Housing<br>Legal Division<br>1515 Clay Street, Suite 701<br>Oakland, CA  94612<br>TELEPHONE NO.: (510) 873-6457    FAX NO. *(Optional)*:  (510) 873-0840<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Department of Fair Employment and Housing | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda County
    STREET ADDRESS: 1225 Fallon Street
    MAILING ADDRESS:
    CITY AND ZIP CODE: Oakland, CA 94612
    BRANCH NAME: Northern Division

PLAINTIFF/PETITIONER: Department of Fair Employment and Housing

DEFENDANT/RESPONDENT: Lucent Technologies, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG 07-332892 |
|---|---|

TO *(insert name of party being served)*: Lucent Technologies, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 03, 2007

Voneciel J. Gaines
    (TYPE OR PRINT NAME)

▶ _(signature)_
    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify)*: Alternative Dispute Resolution (ADR) Package (7 pages)

*(To be completed by recipient):*
Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|

Legal Solutions Plus