```
1  PAUL R. RAMSEY (#155062)
     Chief Counsel
2  SUSAN SAYLOR (#154592)
     Senior Staff Counsel
3  DEPARTMENT OF FAIR EMPLOYMENT
     AND HOUSING, Oakland Legal Unit
4  1515 Clay Street, Suite 701
   Oakland, CA 94612-1460
5  Telephone: (510) 873-6457
   Facsimile: (510) 873-0840
6  Email: Susan.Saylor@dfeh.ca.gov

7  Attorneys for Plaintiff, DFEH
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>LUCENT TECHNOLOGIES, INC., and; DOES ONE through THIRTY, Inclusive,<br><br>Defendants.<br>------------------------------------------------<br>STEVEN J. CARAUDDO,<br><br>Real Party in Interest. | Case No. C 07-3747 PJH<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date: October 3, 2007<br>Time: 9:00 a.m.<br>Dept.: 3, 17TH Floor<br>Judge: Hon. Phyllis J. Hamilton |

TO DEFENDANT LUCENT TECHNOLOGIES, INC., AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that plaintiff in the above-entitled action will and hereby does move the United States District Court for the Northern District of California, in the courtroom of the Honorable Phyllis J. Hamilton , on October 3, 2007, at 9 a.m., for an order remanding this action to state court pursuant to Title 28 of the United States Code section 1447.


COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

Plaintiff seeks prompt remand of this matter on the grounds that: (1) No diversity of citizenship exists because the Department, as an alter ego of the State of California, is not a citizen; and, (2) The State is immune from suit in federal court under the 11th Amendment.

## I. INTRODUCTION

The Department of Fair Employment and Housing ("Department" or "DFEH"), the Plaintiff in this matter, hereby moves this Court to remand the case to the Superior Court of the State of California, County of Alameda, the court in which this case was pending at the time of removal, on the grounds that: (1) No diversity of citizenship exists because the Department, as an alter ego of the State of California, is not a citizen; and, (2) The State is immune from suit in federal court under the 11th Amendment.

The Department, an agency of the State of California, is the state's alter ego. It is settled law that a state or its alter ego is not a "citizen" for the purposes of diversity. *State Highway Comm'n of Wyoming v. Utah Constr. Co.*, 278 U.S. 194, 199-200 (1929). Because no diversity of citizenship exists, this court lacks subject matter jurisdiction and the case must be remanded to state court.

Therefore, the Department prays that this case be remanded to the Superior Court of the State of California, County of Alameda, in accordance with the requirements of 28 U.S.C § 1447 (c).

## II. STATEMENT OF ISSUES TO BE DECIDED

The issues to be decided by this motion are:

(1) Whether this matter should be remanded to the district court for lack of subject matter jurisdiction, on the ground that plaintiff, the Department of Fair Employment and Housing, is not a "citizen" for the purposes of diversity; and,

(2) Whether this matter should be remanded because of the Eleventh Amendment's bar on suits against the state in federal court.

## III. FACTUAL AND PROCEDURAL BACKGROUND

Steven J. Carauddo, formerly a telecommunications Installer for Defendant Lucent Technologies, filed a Complaint of Discrimination with the Department in May 2006, alleging that he had been discriminated against, and terminated, because of his disability (lumbar degenerative

disc disease). The Department conducted an investigation and, after making a finding that Mr. Carauddo's allegations had merit, issued an "Accusation" pursuant to California Government Code section 12965 in May 2007. Lucent Technologies then elected to have this matter heard in court rather than the Fair Employment and Housing Commission, so the Department dismissed its Accusation and filed a complaint in Alameda County Superior Court.

The Department's complaint alleged that Defendants violated the FEHA by:

(1) Wrongfully terminating Mr. Carauddo because of his disability, in violation of Government Code section 12940, subdivision (a);

(2) Failing to make any reasonable accommodation for his disability, in violation of Government Code section 12940, subdivision (m);

(3) Failing to engage in a timely, good faith, interactive process to determine if any effective reasonable accommodations existed, in violation of Government Code section 12940, subdivision (n); and,

(4) Failing to take all reasonable steps to prevent discrimination from occurring, in violation of Government Code section 12940, subdivision (n).

The Department seeks relief in the form of compensatory damages for Mr. Carauddo, injunctive relief such as training and policy changes pursuant to California Code of Civil Procedure section 526, subdivision (a), and punitive damages.

Defendant Lucent Technologies filed an Answer in Alameda County Superior Court on July 19, 2007, and then filed a Notice of Removal to federal court on the following day (July 20, 2007).

### IV.   ARGUMENT

**A.   THIS MATTER MUST BE REMANDED FOR LACK OF DIVERSITY**

**1.   FEDERAL COURTS ARE OF LIMITED JURISDICTION**

**a.   Defendant Bears the Burden of Proving Diversity**

Federal courts are courts of limited jurisdiction. 28 U.S.C. § 1441 (a). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests on the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377

(1994). The burden of proving complete diversity rests upon the party invoking the court's diversity jurisdiction, in this case, Defendant Lucent Technologies. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F. 2d 1254, 1259 (5th Cir. 1988). There is never a presumption in favor of federal jurisdiction, but rather the basis for such jurisdiction must be affirmatively evidenced by the party invoking it. *Johnson v. Texas Dept. of Corrections*, 373 F. Supp. 1108, 1109 (S.D.Tex. 1974).

Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941). All doubts about jurisdiction should be resolved in favor of a remand to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant Lucent Technologies cannot meet its burden of proving that diversity exists between the plaintiff and defendant, because the plaintiff in this case, the Department of Fair Employment and Housing, cannot be considered a "citizen" for the purposes of diversity jurisdiction.

2. **COMPLETE DIVERSITY IS LACKING BECAUSE THE STATE IS NOT A CITIZEN**

All plaintiffs must be diverse in citizenship from all defendants in an action brought under Title 28 of the United States Code, section 1332 (a). *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139 (5th Cir. 1990); *California v. Steelcase, Inc.*, 792 F. Supp. 84, 86 (C.D. Cal. 1992).

The State of California is not a citizen for purpose of diversity jurisdiction under 28 U.S.C. § 1332. *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1381 (9th Cir. 1988); *Postal Telegraph Cable Co. v. State of Alabama*, 155 U.S. 482, 487 (1894); *see, Moor v. Alameda County*, 411 U.S. 693, 717 (1973). As stated by the Supreme Court in *Postal Telegraph*, 155 U.S. at 487:

> A state is not a citizen. And, under the Judiciary Act of the United States, it is well settled that a suit between a State and a citizen or a corporation of another State is not between citizens of different states; and that the



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

Circuit Court of the United States has no jurisdiction of it unless it arises under the Constitution, laws or treaties of the United States.

This rule holds true whether the state is a party *de jure*, in its own name, or becomes a party *de facto*, because it is an alter ego, such as a state agency, department, or university. *Northeast Federal Credit Union v. Neves*, 837 F. 2d 531, 533 (1st Cir. 1988).

    a.    **Alter Ego**

No diversity jurisdiction exists where the suit involves a state agency or other governmental body that is the "alter ego" of the state. *State Highway Comm'n v. Utah Constr. Co.*, 278 U.S. 194 (1929); *Morongo Band of Mission Indians*, 858 F.2d at 1381.

An "alter ego" can be distinguished from an independent public entity, which *is* considered a citizen for purposes of diversity, by looking at factors such as: (1) whether the entity has capacity to sue and be sued; (2) whether it has the ability to buy, sell, and hold property; and, (3) whether it provides local and specialized public services. *Moor v. Alameda* 411 U.S. at 719-720. The more that an entity looks like an independent corporate actor, the more likely it is that the court will find citizenship for the purpose of diversity. For example, the County of Alameda is an independent political subdivision, and therefore a citizen of the state for the purposes of diversity, *Id.* at 720, whereas the California State Board of Equalization is not: "As an agency of the State of California, the Board has no 'citizenship' for the purposes of section 1332." *Morongo Band of Mission Indians*, 858 F. 2d at 1381.

The Department of Fair Employment and Housing is an alter ego of the State of California because it is an agency[1] created to act in the public interest as part of the state's police powers. Cal. Gov't Code § 12920.

    b.    **Real Party in Interest**

Another approach is to ask whether the state is in fact the real party in interest in the litigation. *Tradigrain, Inc. v. Mississippi State Port Auth.* 701 F. 2d 1131, 1132 (5th Cir. 1983). The

---

[1] "'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 940.6.

analysis here is identical to the determination as to whether the agency is immune from federal court jurisdiction under the Eleventh Amendment (see discussion below). *Id.*

Federal Rule of Civil Procedure 17(a) requires that all actions be brought by the real party in interest. This rule expressly includes a party that is "authorized by statute" to sue in its own name, "without joining the party for whose benefit the action is brought." Fed. R. Civ. P. 17(a).

The question as to who is the real party in interest for the purposes of diversity "parallels" the Rule 17(a) requirement: "for purposes of determining diversity of citizenship, a 'real party in interest' is one who has a 'substantial stake' in the outcome of the case." *West Virginia v. Morgan Stanley & Co.* 747 F. Supp. 332, 336-337 (S.D. W. Va. 1990). As the court explained in *West Virginia*, "So long as the state is more than a nominal or formal party and has a real interest, pecuniary or otherwise, in the outcome of the litigation, it has been held that the State is a real party to the controversy and removal on diversity grounds is improper." *Id.* at 338.

The courts will look to the governing state statute to determine whether the agency or other entity is the real party in interest. *State of Missouri v. Freedom Fin. Corp.* 727 F. Supp. 1313, 1316 (W.D. Mo. 1989).

      (1)    **The Department is the Real Party in Interest According to the FEHA**

The Department of Fair Employment and Housing is authorized by statute to sue in its own name on behalf of the employee who has been injured by a discriminatory act, and is therefore a real party in interest within the meaning of Rule 17 and for the purposes of determining diversity.

The Department is the State of California's civil rights agency. It is authorized by statute to bring Accusations and civil complaints on behalf of the victims of discrimination. Cal. Gov't Code §§ 12930(h), 12965. These actions are brought in the Department's "own name on behalf of the person claiming to be aggrieved as the real party in interest." Cal. Gov't Code § 12965(c)(2).

The Department brings this litigation as an exercise of the state's police powers. Cal. Gov't Code § 12920. The California Legislature created the Department in order to provide effective

///

PLAINTIFF'S MOTION FOR REMAND, Case No. C 07-3747 PJH
*DFEH v. Lucent Technologies, Inc. (Carauddo)*

remedies against the sort of invidious acts that impair the economic and social well-being of the state's citizens and institutions:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation.
>
> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interest of employees, employers, and the public in general ....
>
> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

*Id.* The "effective remedies" anticipated by the Legislature include measures to "prevent and deter unlawful employment practices *and* redress the adverse effects of those practices on aggrieved persons." Cal. Gov't Code § 12920.5 (emphasis added). Therefore the Department is authorized to seek compensatory damages for the injured worker as well as injunctive measures such as training and policy changes. *See* Cal. Gov't Code §§ 12965(c)(3), 12970. As the state court recognized in *Jennings v. Marralle*, 8 Cal. 4th 121, 134 (1994), the Legislature's "aim was not so much to redress each discrete instance of individual discrimination as to eliminate the egregious and continued discriminatory practices of economically powerful organizations."

Under the statutory scheme of the FEHA, the party who has suffered from discrimination becomes the "real party in interest" in the litigation. The Department does not represent the real party in interest, who has a right to intervene in the Department's litigation and be represented by his own counsel. Cal. Gov't Code § 12965(c)(2).

The Department is the real party in interest for the purposes of determining diversity, because it is authorized by the FEHA to act in the interest of the state to deter and remedy the type of discrimination alleged here.

///

///

### (2) Application of Real Party in Interest Analysis to Various State Agencies and Entities

Federal courts have consistently remanded, for lack of diversity, cases involving state agencies that are similar to the Department.

In *Pennsylvania Human Relations Comm'n v. U.S. Air, Inc.*, 615 F. Supp. 75, 77 (W.D. Pa. 1985), the court found the Pennsylvania Human Relations Commission to be an alter ego of the state because it was prosecuting a claim of age discrimination as part of the state's police powers.

*New York v. General Motors Corp.* 547 F. Supp. 703, 705 (S.D. N.Y. 1982) held that the state's Attorney General, in pursuing a claim of fraudulent business practices against General Motors, was acting as an alter ego of the state: "The State's goal of securing an honest marketplace in which to transact business is a quasi-sovereign interest." The fact that the lawsuit sought restitution on behalf of defrauded consumers did not diminish the state's interest: "Recovery of damages for aggrieved consumers is but one aspect of the case." *Id.* at 706-707.

The case of *Comm'r of Labor v. Dillard's, Inc.* 83 F. Supp. 2d 622, 623 (D.C. Md. 2000) involved a claim brought by the North Carolina Commissioner of Labor alleging retaliation and discrimination against a worker because she had filed a workers' compensation claim. The court found the Commissioner to be the alter ego of the state, and therefore the real party in interest, defeating the defendant's claim of diversity jurisdiction. *Id.* at 627. The court was not bothered by the fact that the Commissioner was asserting claims that could have been brought by the worker herself: "The fact that Cleaver may benefit from the Commissioner's action does not lessen the Commissioner's role as the real party in interest based upon the significance of the state's interest in this matter and the existence of the Commissioner's legal right to bring the law suit in this matter." *Id.* at 631.

Like these three cases, the Department acts as the state's alter ego in this litigation, not only asserting claims that Mr. Carauddo could have brought, but also seeking injunctive relief that would benefit other employees. Because the state is the true *real party* in this case, no diversity of citizenship exists and this matter must be remanded.

3.  **REMAND IS MANDATORY UPON A FINDING THAT THE COURT LACKS SUBJECT MATTER JURISDICTION**

In a removed action, "if at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Section 1447(c), is mandatory, not discretionary. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997); *Roach v. West Virginia Regional Jail and Correctional Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996). Remand to the Superior Court is the appropriate action in this case.

B.  **THE STATE'S ELEVENTH AMENDMENT IMMUNITY ALSO BARS DEFENDANT FROM PROCEEDING IN FEDERAL COURT**

As a second and independent ground for remanding this case back to Superior Court, the doctrine of sovereign immunity protects the state from the involuntary exercise of federal court jurisdiction.

The Eleventh Amendment to the Constitution provides that states shall not be sued in federal court: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. This amendment is in "the nature of a jurisdictional bar." *Alabama v. Pugh*, 438 U.S. 781, 782 n.1 (1978), quoting from *Edelman v. Jordan*, 415 U.S. 651, 678 (1974).

As explained in *California v. Steelcase, Inc.*, 792 F. Supp. at 86:

> . . . since the immunity granted by the Eleventh Amendment is an immunity from being made an involuntary party to an action in federal court, it should apply equally to the case where the state is a plaintiff in an action commenced in state court and the action is removed to federal court by the defendant ....
>
> Because of the jurisdictional bar of the Eleventh Amendment, the district courts would not have original jurisdiction over this action, absent the consent of the State. The State does not consent to removal. Therefore, subject matter jurisdiction is lacking ...

If a state agency is determined to be a "real party in interest" for the purposes of diversity of citizenship, then it is also entitled to Eleventh Amendment protection: "The test is "pretty much the same as that used to determine whether a 'state is the real, substantial party in interest and [thus]

entitled to invoke its sovereign immunity,' or to assess whether an agency 'is sufficiently an arm of the state to qualify for the protection of the Eleventh Amendment.'" *Northeast Federal Credit Union v. Neves*, 837 F. 2d at 534.

The removal statute requires that the district court have original jurisdiction over the matter. 28 U.S.C. § 1441(a). Jurisdiction does not exist in this case because of the bar of the Eleventh Amendment. *California v. Steelcase, Inc.*, 792 F. Supp. at 86. The Eleventh Amendment requires that this matter be remanded back to state court.

## V.   CONCLUSION

The Department, as an alter ego of the state, is not a "citizen" for the purposes of diversity, and therefore the case must be remanded. In addition, the exercise of the federal court's jurisdiction over the state is barred by the Eleventh Amendment. The removal in this action was improper for both the lack of subject matter jurisdiction and on grounds of sovereign immunity. The Department respectfully requests that the court remand this litigation back to Alameda Count Superior Court.

DATED: August 7, 2007

DEPARTMENT OF FAIR EMPLOYMENT
AND HOUSING

SUSAN SAYLOR
Senior Staff Counsel

By: /s/ Susan Saylor

Susan Saylor
Attorney for the Plaintiff



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated