1  Steven R. Blackburn, State Bar No. 154797
   Leslie J. Mann, State Bar No. 95467
2  Rachel S. Hulst, State Bar No. 197330
   EPSTEIN BECKER & GREEN, P.C.
3  One California Street, 26th Floor
   San Francisco, California 94111-5427
4  Telephone: 415.398.3500
   Facsimile: 415.398.0955
5  sblackburn@ebglaw.com
   lmann@ebglaw.com
6  rhulst@ebglaw.com

7  Attorneys for Defendant
   LUCENT TECHNOLOGIES INC.
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  DEPARTMENT OF FAIR EMPLOYMENT          CASE NO.  C 07-3747 PJH
    AND HOUSING,
13                                          DEFENDANT LUCENT
            Plaintiff,                      TECHNOLOGIES INC.'S OPPOSITION
14                                          TO MOTION TO REMAND
15       v.
                                            Date: October 3, 2007
    LUCENT TECHNOLOGIES INC.,               Time: 9:00 a.m.
16                                          Dept: 3, 17th Floor
            Defendants.
17
    _____
18  STEVEN J. CARAUDDO,

19            Real Party in Interest.

20  _____

21       Plaintiff California Department of Fair Employment and Housing ("DFEH") demands

22  that this case be remanded to Alameda Superior Court on the grounds that DFEH is not a

23  "citizen" of California for diversity proposes and that Eleventh Amendment sovereign immunity

24  purportedly precludes this Court's jurisdiction over the case. These arguments are patently

25  invalid because the real party in interest in this case, as stated in the caption of the complaint, is

26  Steven J. Carauddo, a former employee of Defendant Lucent Technologies Inc. ("Lucent"), on

27  whose behalf the DFEH seeks back pay, punitive damages and equitable relief.  From both a

28  practical and legal standpoint, the effect of this case is the same as if Mr. Carauddo, a citizen of

_____
SF:149048v2                                    Lucent's Opposition to Motion to Remand

1   California, had sued Lucent, a citizen of Delaware and New Jersey, in his own name.

2   Accordingly, there is diversity of citizenship between the parties and Lucent is clearly entitled to

3   have the controversy heard in Federal Court.  If the DFEH had issued a right-to-sue letter and

4   Mr. Carauddo filed this case on his own, it is beyond question that this court would have

5   jurisdiction.

6   **I.**     **STATEMENT OF FACTS**

7           Steven J. Carauddo is a resident of California and according to the complaint, was

8   working in Alameda county at all relevant times.  Complaint ¶ 2.   The nominal plaintiff is the

9   DFEH, which has discretionary authority to file a complaint alleging  unlawful employment

10  practices against employers.  Cal. Gov. Code § 12965.  Lucent is a Delaware corporation with its

11  principal place of business in New Jersey.

12          This case began when Steven J. Carauddo filed a complaint of discrimination against

13  Lucent with the DFEH alleging that he had been discriminated against because of his disability

14  and that Lucent had failed to accommodate his medical limitations.  The DFEH later issued a

15  formal accusation on Mr. Carauddo's claims which initiated an administration litigation

16  proceeding before the California Fair Employment and Housing Commission ("FEHC").  The

17  Fair Employment and Housing Act allows a defendant employer to elect to have such a

18  proceeding decided in court.  Plaintiff filed a complaint against Defendant Lucent on June 27,

19  2007 in Alameda Superior Court.  Defendant properly and timely removed the case on July 20,

20  2007.  The basis for the removal is diversity jurisdiction.

21  **II.**    **LEGAL ANALYSIS**

22          **A.  Diversity Jurisdiction is Determined By the Real Party in Interest.**

23          Diversity jurisdiction exists if the controversy arises between citizens of different states.

24  28 U.S.C. § 1332(a). Diversity jurisdiction does not exist when the controversy arises between a

25  state and citizens of another. *State Highway Commission of Wyoming v. Utah Construction Co.,*

26  278 U.S. 194, 49 S. Ct. 104, 73 L. Ed. 262 (1929).  The state is not a citizen for purposes of

27  diversity jurisdiction because a state is entitled to sovereign immunity under the Eleventh

28  Amendment. *Weyerhaeuser Co. v. State Roads Commission of Maryland,* 187 F. Supp. 766, 769

- 2 -

(1960).

The real party in interest, rather than the names of particular parties, is the critical factor in determining whether there is diversity jurisdiction. *Ex parte Nebraska*, 209 U.S. 436, 28 S. Ct. 581 (1908); *Missouri v. Homesteaders Life Ass'n*, 90 F.2d 543 (9th Cir. 1937) *cert den.* 302 U.S. 717, 58 S.Ct. 237 (1937); *California, ex rel. McColgan v. Bruce* 129 F.2d 421 (9th Cir. 1942) *cert den.* 317 U.S. 678, 63 S.Ct. 157 (1942)  If the state is the real and substantial party in interest in a case, the Federal courts do not have jurisdiction. *Missouri, Kansas and Texas Railway Co. v. Missouri Railroad and Warehouse Commissioners,* 183 U.S. 53, 59, 46 L. Ed. 78, 22 S. Ct. 18 (1901). The state is the real party in interest when the relief sought "inures to it *alone*" and when the judgment or decree, if in favor of the plaintiff, would effectively *operate in favor of the state. Id.* (emphasis added)

The Supreme Court in *Missouri Railroad* examined the test to determine whether a state body was a citizen for diversity purposes.  There, Missouri state Railroad Commissioners brought suit to compel compliance with their order regarding rates.  The United States Supreme Court held that the state was not the real party in interest in the controversy but rather was a person for purposes of diversity jurisdiction because the money from the rate decrease ordered by the commissioners would not inure to the benefit of the state. *Missouri Railroad, supra,* 183 U.S. at 59.  The Court concentrated its examination on the issue of who would benefit from the action; whether the state would inure to the benefit of the state to any degree. *Id.  See Blease v. Safety Transit Co.,* 50 F.2d 852 (4th Cir. 1931) (South Carolina railroad commissioner was a citizen for diversity purposes when it sued to enjoin interstate buses from traveling through the state because the real parties in interest were the bus operators); *State of Louisiana ex rel. Guste v. Fedders Corp.,* 524 F. Supp. 552, 556 (M.D. La. 1981) (Louisiana Department of Urban and Community Affairs was a citizen for diversity purposes in an unfair trade suit against a defendant whose thermostats were defective because the case did not benefit the state treasury but was an action simply to make the state consumers whole)

Some federal courts have employed a multi-factored analysis in determining whether a state is the real party in interest. *DeLong Corp. v. Oregon State Highway Commission*, 233 F.

- 3 -

Supp. (D.Or.1964), *affirmed,* 343 F.2d 911 (9th Cir. 1965), *cert. denied,* 382 U.S. 877, 86 S. Ct. 161. Some of the factors to be considered are: (1) whether state law requires that the action be brought in the name of the state; (2) whether the action will be a benefit or a detriment to the state treasury; (3) whether the state agency is performing a governmental or proprietary function; (4) whether the agency is separately incorporated; (5) the degree of autonomy that the agency has over its operations; (6) whether the department has the power to sue and be sued and to enter into contracts; (7) whether the agency is immune from state taxation; (8) whether the state has immunized itself from responsibility for the agency's operations; and (9) whether the relief sought will inure to the state alone, or whether the judgment will effectively operate in favor of the state. *DeLong, supra.*

The court in *Oregon v. Mushroom King, Inc.* 77 B.R. 813 (D. Or. 1987) applied this reasoning and concluded the state was the real party in interest. The Oregon Labor Commissioner sought to recover unpaid wages for over 300 former employees of defendant. *Id.* at 816-17. The court examined the Oregon statutory scheme. Oregon created and allocated $1 million to a fund from which unpaid employees whose employers went out of business were to be paid. The scheme provided that employees who assigned their unpaid wage claims to the Commissioner for prosecution would then be paid from the fund regardless of the outcome of the litigation. Any recovery from the cases was paid into the fund. The cases would be prosecuted in the name of the state. The scheme explicitly provided "[a]n assigning wage claimant shall not be regarded as a party to any court action brought by the commissioner under this section for any purpose." In applying the *Missouri Railroad* criteria, the court reasoned that money collected on the judgment pursuant to the wage claims was deposited in the state treasury and was dedicated exclusively to repayment of wage claims. *Id.* at 818. Oregon was obliged to pay on the claims regardless of whether any judgment was collected, therefore, any recovery inured to the state alone. *Id.* In addition, the employee who assigned the wage claim was not a party to the litigation for any purpose. *Id.* The court held the judgment effectively operated exclusively in favor of the state. Based on all of these criteria, the court held the state was the real party in interest.

- 4 -

**B.  Steven J. Carauddo Is the Real Party In Interest, Not the State of California.**

Applying the Supreme Court's *Missouri Railroad* analysis and the other criteria, Mr. Carauddo is clearly the real party in interest in this case.

> **1.    *A Judgment For Plaintiff Will Inure Solely to Mr. Carauddo's Benefit.***

Just like the state in *Missouri Railroad,* all benefit to be gained in this action inures solely to Mr. Carauddo.  Any order reinstating Mr. Caruaddo is only for his benefit.  Likewise any damages, such as back pay, front pay, emotional distress damages, or punitive damages would only be paid to Mr. Carauddo.  Complaint, Prayer at 10:23-11:17.  No money can be recovered for the state.  No result will inure to the benefit of the state as a state to any degree.  The parties interested in the outcome are Mr. Carauaddo on the one hand, and Lucent on the other.  They are the real parties in interest.

The DFEH argues at length that this litigation is an exercise of the "state's police powers... [It was created] to provide remedies against the sort of invidious acts that impair the economic and social well-being of the state citizens."  Motion at 6:25-7:2.  This same argument was rejected, however, by the United States Supreme Court in *Missouri Railroad* where the Court stated:

> It is true that the State has a governmental interest in the welfare of all its citizens, in compelling obedience to the legal orders of all its officials, and in securing compliance with all its laws. But *such general governmental interest is not that which makes the State,* as an organized political community, *a party in interest* in the litigation, for if that were so the State would be a party in interest in all litigation; because the purpose of all litigation is to preserve and enforce rights and secure compliance with the law of the State either statute or common.  The interest must be one in the State as an artificial person. [citation omitted]

*Id.* at 60.  If a result that "laws will be enforced" were sufficient to make the State the real party plaintiff in a case, it would follow that the State is the real party plaintiff in every discrimination case because in every discrimination case compliance with those laws is being sought.  Obviously that is not the case.  It is Mr. Carauddo who gains by this litigation.

- 5 -

**2.    *The Applicable Statutory Scheme, Cal. Government Code section 12965, Explicitly States that the Real Party in Interest is the Employee.***

Federal Rule 17(a) provides that "every action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. Proc. Rule 17(a). Whether a party is the real party in interest under Rule 17(a) in a diversity case is dependent on whether the party is the proper party to maintain the action under applicable state law. "It is well settled that a federal court exercising diversity jurisdiction must apply substantive state law." *Allstate Ins. Co. v. Devon Hughes,* 358 F.3d 1089, 1094 (9th Cir. 2004), *citing, Am. Triticale, Inc. v. Nytco Services, Inc.*, 664 F.2d 1136, 1141 (9th Cir. 1981). *See* 6A Wright & Miller, *Federal Practice* § 1556.

Application of California law makes clear that Mr. Carauddo is the real party in interest in this case. Section 12965 of the Government Code allows the DFEH to maintain the case on behalf of an aggrieved employee. That section explicitly states, however, that "the person claiming to be aggrieved *shall* be *the real party in interest*." Cal. Gov. Code § 12965(c)(2) (emphasis added). Therefore, Mr. Carauddo is the real party in interest by statute.

**3.    *Applying the Multi-factored Test, Mr. Carauddo is the Real Party in Interest.***

Although the most important criteria is the identity of the party who will benefit from the litigation, as here by Supreme Court in *Missouri Railroad, supra,* the majority of the other factors identified in *DeLong* also require the finding that Mr. Carauddo is the real party in interest in this case. For example, FEHA provides that an action shall be brought in the name of the Department or Attorney General but also requires that be filed "on behalf of the person claiming to be aggrieved *as the real party in interest*." Cal. Gov. Code § 12965(c)(2) (emphasis added). The action will not be a benefit or a detriment to the state treasury; It can only inure to Mr. Carauddo's benefit; The Department is performing a governmental function in bringing this action; The Department is not separately incorporated; and, It has significant autonomy over its operations and annually reports to the Governor. Cal. Gov. Code § 12930(k). The Department has the power to sue. Cal. Gov. Code § 12965(c). Finally, it is beyond question that the relief sought will not inure to the state.

- 6 -

4.   *Plaintiff's Cases Do Not Support its Argument.*

Plaintiff argues that it is the "alter ego" of the state.  The "alter ego" theory has been applied to counties or political subdivisions.  Plaintiff's sole authority on this  theory is *Moor v. County of Alameda* 411 U.S. 693, (1973), which involved gunshot victims' claims  against a county for the sheriff's wrongful discharge of a firearm.  Addressing diversity jurisdiction, the Supreme Court "recognized that a political subdivision of a State, unless it is simply 'the arm or *alter ego* of the State,' is a citizen of the State for diversity purposes." *Id.* at 718 *citing  State Highway Commission of Wyoming v. Utah Construction Co.*, 278 U.S. 194, 199 (1929) (state was a party to the contract to build a highway)  The Supreme Court in *County of Alameda* focused on the test to determine when a county or political subdivision could be a citizen for diversity purposes. *Id.* at 718.  That test does not apply in the instant case.

In its discussion of real party in interest issue, Plaintiff relies on three cases to support its argument that it is the real party in interest.  None of the cases are Ninth Circuit authority; nor do they apply California substantive law on the real party interest issue; nor are they persuasive on the issues presented in this case.  Each is distinguishable on additional grounds.  The first case is *Pennsylvania Human Relations Commission v. U. S. Air*, 615 F. Supp. 75, 77 (W.D. Pa. 1985) where after analyzing the Pennsylvania statutory scheme, the court found the Pennsylvania Human Relations  Commission to be acting as the state in prosecuting an age discrimination case as part of the state's police powers.  Unlike California, however, no part of the Pennsylvania statutory scheme explicitly stated that the real party in interest is the aggrieved individual.  Similarly, plaintiff's reliance on *Commissioner of Labor v. Dillard's*, 83 F. Supp. 2d 622 (D.C. Md. 2000), is misplaced because the crucial part of the holding was that the court determined the real party interest issue "under North Carolina law." *Id.*  at 628.  As such, it does not apply to the case at bar.  The California Legislature has decided that the real party in interest is the aggrieved employee.  Cal. Gov. Code § 12965(c)(2).

Plaintiff cites *New York v. General Motors Corp.*, 547 F. Supp. 2d 622, 623 (D.C. Md. 2000) as another case in which the State was determined to be the real party in interest.  The state of New York, however, was seeking "wide ranging relief ... not merely to vindicate the interests

- 7 -

of a few private parties." *Id.* at 705. The court reasoned "the State believes that imposition of the requested sanctions would have the effect of requiring all manufacturers to inform prospective purchasers of known defects in or problems with a part or design. This would enhance the economic well-being of *all, not merely a few, New York consumers.*" *Id.* (emphasis added) Obviously, the case at bar does not have such overarching goals; to the contrary, if successful, it will only vindicate Mr. Carauddo's interest.

> **4.**    ***Plaintiff admits in the Complaint that Mr. Carauddo is the Real Party in Interest.***

Plaintiff's complaint is replete with admissions that Mr. Carauddo is the real party in interest. First it admits that the DFEH brings the case "on behalf of Real Party in Interest STEVEN J. CARAUDDO." Complaint at 1:22-24. Mr. Carauddo is also referenced as the real party in interest throughout the complaint. *Id.* at ¶ ¶ 2, 19, 27, 28. The complaint also makes clear that all damages are sought for and will inure to Mr. Carauddo. *Id.* at ¶ ¶ 32-34, 39-41, 46-48, 53-55. Plaintiff cannot now retract these admissions that Mr. Carauddo is the real party in interest.

**C.    The Eleventh Amendment Analysis Is the Same as the Analysis to Determine the Real Party in Interest and Does not Apply in this Case.**

Plaintiff also raises the Eleventh Amendment argument that it is protected from the involuntary exercise of federal court jurisdiction (Motion at 9:10-11) and asserts that the test for immunity is "pretty much the same as that used to determine whether a state is the real substantial party in interest." *Id.* at 9:24-10:3. Plaintiff is almost correct on this: in fact, the tests for purposes of determining diversity and Eleventh Amendment immunity are "almost identical." *Pennsylvania Human Relations Commission, supra,* 615 F. Supp. at 77. The only recognized distinction is that immunity can be waived but lack of subject matter jurisdiction can never be waived. *State Highway Commission of Wyoming supra,* 278 U.S. at 199-200.

As shown above, the real party in interest is Mr. Carauddo. For those same reasons, therefore Eleventh Amendment immunity does not attach to the Plaintiff in this case.

- 8 -

1  **III.    <u>CONCLUSION</u>**

2          For the foregoing reasons, Defendant respectfully requests that the Motion to Remand be

3  denied.

4

5  DATED:   September 12, 2007                    EPSTEIN BECKER & GREEN, P.C.

6

7                                                 By:  _____

8                                                      STEVEN R. BLACKBURN
                                                       LESLIE J. MANN
9                                                      RACHEL S. HULST
                                                  Attorneys for Defendant
10                                                LUCENT TECHNOLOGIES INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              - 9 -