PAUL R. RAMSEY (#155062)
  Chief Counsel
SUSAN SAYLOR (#154592)
  Senior Staff Counsel
DEPARTMENT OF FAIR EMPLOYMENT
  AND HOUSING, Oakland Legal Unit
1515 Clay Street, Suite 701
Oakland, CA 94612-1460
Telephone: (510) 873-6457
Facsimile:  (510) 873-0840
Email: Susan.Saylor@dfeh.ca.gov

Attorneys for Plaintiff, DFEH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>                    Plaintiff,<br><br>    vs.<br><br>LUCENT TECHNOLOGIES, INC., and; DOES ONE through THIRTY, Inclusive,<br><br>                    Defendants.<br>------------------------------------------------------------<br>STEVEN J. CARAUDDO,<br><br>                    Real Party in Interest. | Case No. C 07-3747 PJH<br><br>PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR REMAND<br><br>Date:  October 3, 2007<br>Time:  9:00 a.m.<br>Dept.:  3, 17TH Floor<br>Judge: Hon. Phyllis J. Hamilton |

The Department presents this reply in response to Defendant's opposition to the Department's Motion for Remand. The Department of Fair Employment and Housing (Department), the Plaintiff in this litigation, by its Motion seeks an order remanding this case back to Alameda County Superior Court on the grounds that: (1) No diversity of citizenship exists because the Department, as an alter ego of the State of California, is not a citizen; and, (2) The State is immune from suit in federal court under the 11th Amendment.

-1-

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR REMAND, Case No. C 07-3747 PJH
*DFEH v. Lucent Technologies, Inc. (Carauddo)*

## I.  INTRODUCTION

In this motion for remand on the grounds of lack of diversity, both the Department and Defendant agree on these points: (1) diversity jurisdiction is based on the citizenship of the "real party in interest;" (2) a determination as to who is the real party in interest requires looking beyond the "nominal" parties to scrutinize the underlying interests involved; and (3) to determine whether the Department is truly an interested party, this court should look to state law for guidance.

The Department differs from Defendant with respect to its assertion that this lawsuit is indistinguishable from one which might have been filed by Mr. Carauddo himself against his former employer. Defendant asks this court to ignore the substantial interest of the State of California in prosecuting cases of disability discrimination, as expressed by the State Legislature and manifested in the equitable relief sought by the Department, which will benefit a substantial portion of the community of this state. Because California has a significant interest in the outcome of this litigation, it is a real party in interest, therefore defeating diversity and mandating that this case be remanded to the superior court.

## II.  ARGUMENT

### A.  THE STATE OF CALIFORNIA IS THE REAL PARTY IN INTEREST BECAUSE IT HAS A REAL, SUBSTANTIAL INTEREST IN THE OUTCOME

The State of California is the real party in interest for the purposes of diversity because it has a "real substantial legal interest in the controversy." *Ex Parte Nebraska*, 209 U.S. 436, 445 (1908). This court must look past the labels in the caption and focus on "the essential nature and effect of the proceedings," *Adden v. Middlebrooks*, 688 F.2d 1147, 1150 (7th Cir.1982) (citing *Ex parte New York*, 256 U.S. 490, 500 (1921)); see, Wright, Miller, and Kane, 6A Federal Practice & Procedure, §1556. To put it another way, this court must ask whether the state has a "substantial stake" in the outcome. *State of West Virginia v. Morgan Stanley & Co. Inc.*, 747 F. Supp. 332, 337 (S.D. W. Va. 1990).

Defendant cites the case of *Missouri, Kansas & Texas Railway Co. v. Hickman*, 183 U.S. 53, 59 (1901) for the proposition that "it may fairly be held that the state is such a real party when the relief sought is that which inures to it alone, and in its favor the judgment or decree, if for the

plaintiff, will effectively operate." Yet courts have failed to follow such a narrow rule, instead scrutinizing more broadly the interest of the state, as in *Wisconsin v. Abbot Laboratories* 341 F. Supp. 2d (W. D. Wis. 2004), where the court explained:

> Defendants cite *Missouri, Kansas & Texas Railway Co. v. Hickman*, 183 U.S. 53, 59, (1901), in which the Supreme Court stated that, in determining whether a state may be considered the real party in interest, 'the state is such real party when the relief sought is that which inures to it alone, and in its favor the judgment or decree, if for the plaintiff, will effectively operate.' This language seems to foreclose plaintiff's argument that it is the real party in interest because plaintiff is seeking restitution for private parties. However, lower courts have not strictly construed the language in *Missouri*, but instead have focused on the state's interest, monetary or otherwise, in the context of the entire case. *See, State of West Virginia v. Morgan Stanley & Co. Inc.*, 747 F. Supp. at 338.

Just because the Fair Employment and Housing Act (FEHA) labels Mr. Carauddo as the "real party in interest" does not mean that the State of California lacks a real and substantial interest in the outcome of this case. To the contrary, the California Courts and Legislature have recognized the special role the Department plays in enforcing the state's civil rights laws, as an exercise of the state's police powers to protect its citizens from unlawful employment discrimination. The State has a substantial stake in eradicating the type of discrimination found in this case, above and beyond a general interest in seeing that its own laws are enforced. The Department is the real party in interest for the purposes of diversity jurisdiction.

    1.    **THE STATE OF CALIFORNIA HAS AUTHORIZED THE DEPARTMENT TO PROSECUTE CIVIL RIGHTS CASES IN ORDER TO BENEFIT THE VICTIM *AND* THE INTERESTS OF THE STATE**

Defendant's argument that Mr. Carauddo, rather than the Department, is the real party in interest ignores the clear expression of the California Legislature that it is necessary to provide "effective remedies that will both prevent and deter unlawful employment practices," Cal. Gov. Code § 12920.5, in order to prevent "domestic strife and unrest," or "deprive[] the state of the fullest utilization of its capacities for development and advancement." Cal. Gov't Code § 12920. The Legislature has declared that discrimination in employment harms not only the individual victim but also "substantially and adversely affects the interest of employees, employers, and the public in general." *Id.*

In *Peralta Community College District v. Fair Employment and Hous. Comm'n* 52 Cal. 3d 40, 53-57 (1990), the California Supreme Court described the role that the Department plays as the moving party in a civil rights prosecution under its own name:

> 'The FEHA,' we observed in *Commodore Home Systems, Inc. v. Superior Court* 32 Cal.3d 211 (1982) 'provides separate routes to resolution of claims; first, a complaint to the Department; second, if that agency fails to act, a private court action." *Id.* at p. 217 ... *Under the FEHA, moreover, the Department is the plaintiff and the employee only a witness.* The Department bears the expense of investigating, conciliating and, where necessary, prosecuting the action on behalf of the claimant. This includes the services of an attorney from the Department to try the case at no expense to the claimant. (emphasis added)

The Department is a stakeholder in the litigation because it chooses to invest its own resources in investigating the claim of discrimination and prosecuting the case with its own attorneys. Likewise in *Walnut Creek Manor v. Fair Employment and Hous. Comm'n* 54 Cal. 3d 245, 280 (1991) (Kennard, J., dissenting) Justice Kennard emphasized the importance of the Department's role in prosecuting claims of discrimination, especially in housing cases where the injured party may not have the wherewithal or inclination to pursue private litigation:

> This case illustrates the practical advantages of administrative enforcement. The claimant, Robert Cannon, met with an attorney one time for less than two hours at a cost of $300. It appears Cannon then filed his own FEHA claim, and thereafter has not been represented by counsel either before the Commission or in court. Instead, the Department, after satisfying itself of the validity of Cannon's claim, has prosecuted the action in its own name.

As these courts have recognized, when the Department prosecutes a discrimination claim, the litigation is distinctly different from that of a private suit: after conducting a neutral investigation and making a finding of "cause" that discrimination has occurred, the Department first attempts to resolve the dispute informally, then if it cannot, steps in to assist the victim without asking for compensation from either party. *See,* Cal. Gov. Code §§12960 and 12963 (complaint and investigation); §12963.7 (conciliation); §12965 (litigation). "The FEHA is, inter alia, a statutory expression of the fundamental policy against employment discrimination." *Tipton-Whittingham v. City of Los Angeles* 34 Cal. 4th 604, 609 (2004). The legislature has made the enforcement of the FEHA a sufficient priority to fund the Department's small legal division in the prosecution of these claims, because the state has an interest in the outcome of the case that is distinct from that of the injured employee. The Department is therefore the real party in interest.

2. **THE STATE OF CALIFORNIA IS THE REAL PARTY IN INTEREST AS DEMONSTRATED BY THE BROAD NATURE OF THE EQUITABLE RELIEF REQUESTED IN THIS COMPLAINT**

In its complaint, the Department has prayed for broad-based equitable relief, demonstrating the substantial stake that it has in the issue of Lucent Technology's discrimination against Mr. Carauddo. The Department is the real party in interest because the requested relief benefits the interests of the State.

The FEHA provides that the remedies sought by the Department "may include a requirement that the employer conduct training for all employees, supervisors, and management on the requirements of this part, the rights and remedies of those who allege a violation of this part, and the employer's internal grievance procedures." Cal. Gov't Code §12965, subd. (c)(3). The Department chooses to act on behalf of the injured party not only to assist that person but also to vindicate the public policy of the state, distinguishing this litigation from a private dispute.

In a pair of cases addressing the power of the Fair Employment and Housing Commission (FEHC), the state administrative agency which acts as a fact-finder for the Department's administrative prosecutions, to award emotional distress damages, the California Supreme Court reasoned that the streamlined adjudicatory process offered by the FEHC was intended to focus on the prevention of discrimination through equitable remedies. *Peralta Community College District*, 52 Cal. 3d at 53-57 (1990); *Walnut Creek Manor*, Cal. 3d at 260-262 (1991). Although the California Legislature later overrode these decisions to the extent that they found the FEHC incapable of awarding emotional distress damages, these opinions remain valid precedent regarding the importance of equitable remedies when the Department chooses to prosecute a civil rights case.

In *Peralta, supra,* 52 Cal. 3d at 53, for example, the court explained:

> While emotional distress may be the individual employee's only injury, the practice of harassment once proven remains to be eliminated. Consequently, if the employee's complaint is administratively determined, on finding harassment the Commission will order such corrective measures *as will benefit both the complainant and others*, including that the employer cease and desist the practice, report the manner of compliance, and take other remedial action as appropriate. In addition, the Commission will thereafter conduct a compliance review to see that the employer is fully obeying the order. (Cal. Gov't Code § 12973.) Hence, the administrative procedure serves the statutory purpose of providing effective remedies that will eliminate the discriminatory practice and prevent its recurrence, *not just as to the*

-5-

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR REMAND, Case No. C 07-3747 PJH
*DFEH v. Lucent Technologies, Inc. (Carauddo)*

*immediate victim, but as to all employees, present and future* (Cal. Gov't Code § 12920) (emphasis added).

Similarly, in *Walnut Creek Manor*, 54 Cal. 3d at 260-261, a housing discrimination claim, the Court found that the Commission did not have the power to award emotional distress damages because, inter alia, the focus of prosecutions by the Department to the FEHC was on preventative measures:

> the agency's primary remedial focus was on cease and desist orders and affirmative equitable or corrective "make-whole" relief that would provide a victim of housing discrimination with the subject housing or housing substantially similar thereto … The statutory focus on corrective measures was consistent with the legislative purpose to provide a streamlined procedure to prevent and eliminate housing discrimination.

Subsequent to the decisions in *Peralta* and *Walnut Creek Manor* the California Legislature amended the FEHA to make it clear that the FEHC had authority to award emotional distress damages in both housing and employment discrimination cases. Assem. Bill No. 311 (1991-92 Reg. Sess.), amending Cal. Gov't Code § 12970. In addition, the legislation for the first time provided that, when a case brought by the Department included a claim for emotional distress damages, the employer or housing provider would have the right to transfer the litigation into the state superior court, where the Department would prosecute the case in its own name and on behalf of the injured party as the "real party in interest." Cal. Gov't Code §12965, subds. (c)(1) and (2). The same statutory remedies available in the administrative forum are applicable in civil cases. Cal. Gov't Code § 12965, subd. (c)(3), and the Department plays the same role regardless of the forum: the Department is the moving party in the litigation and the victim of the discrimination is a beneficiary, along with a larger group of other persons who benefit from the preventative, deterrent, and remedial aspects of the case.

When the Department chooses to prosecute a case of employment or housing discrimination, it does so to protect the interests of its citizens, not just the direct victim of discrimination, but also the larger community affected by the wrongdoer. As the courts have recognized, the injunctive relief that the Department seeks in its litigation is of primary importance. This distinguishes the Department's litigation from that of a private suit brought by an individual employee. The Department is the real party in interest in this litigation, and therefore diversity of citizenship is lacking.

-6-

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR REMAND, Case No. C 07-3747 PJH
*DFEH v. Lucent Technologies, Inc. (Carauddo)*

**B.  BECAUSE THE STATE OF CALIFORNIA IS THE REAL PARTY IN INTEREST, FEDERAL COURT JURISDICTION IS BARRED BY THE ELEVENTH AMENDMENT**

If a state agency is determined to be a real party in interest for the purposes of diversity of citizenship, then it is also entitled to Eleventh Amendment protection, because the test is the same. *Northeast Federal Credit Union v. Neves*, 837 F. 2d 531, 534 (1st Cir. 1988).

### III.  CONCLUSION

Because the State of California has a substantial stake in the outcome of this case, the Department is the real party in interest. Therefore, because the state is not a citizen, no diversity of citizenship exists because the state is not a citizen. Nor can the court exercise jurisdiction over the state, given the immunity to which it is entitled under the Eleventh Amendment. The Department respectfully requests that the court remand this litigation back to Alameda Count Superior Court.

DATED: September 18, 2007

DEPARTMENT OF FAIR EMPLOYMENT
AND HOUSING

SUSAN SAYLOR
Senior Staff Counsel

By: /s/ Susan Saylor

Susan Saylor
Attorney for the Plaintiff