UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEPARTMENT OF FAIR
EMPLOYMENT & HOUSING

    Plaintiff,

      v.

LUCENT TECHNOLOGIES, INC.,

    Defendant.
_____/

No. C 07-3747 PJH

**ORDER DENYING MOTION TO REMAND**

The motion of plaintiff Department of Fair Employment and Housing ("DFEH"), to remand this case to the Superior Court of California, County of Alameda, came on for hearing before this court on October 3, 2007. DFEH appeared by its counsel Susan Saylor, and defendant Lucent Technologies, Inc. ("Lucent") appeared by its counsel Leslie J. Mann. Having carefully reviewed the parties' papers and considered the arguments of counsel and the relevant legal authority, and good cause appearing, the court hereby rules as follows for the reasons stated at the hearing.

**BACKGROUND**

DFEH, an agency of the State of California, brought this case against Lucent, a Delaware corporation with its primary place of business in New Jersey, on behalf of Steven J. Carauddo ("Carauddo"). The complaint alleges employment discrimination based on Carauddo's disability. On June 27, 2007, DFEH filed a complaint in Alameda County Superior Court, alleging four causes of action under the Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code §§ 12900, et seq. The complaint seeks reinstatement, or in lieu

of reinstatement, "back pay, front pay, and other benefits of employment." The complaint also seeks emotional distress damages and punitive damages, as well as injunctive relief.

On July 20, 2007, Lucent removed the case, alleging diversity jurisdiction. With regard to the amount in controversy, Lucent asserted that DFEH's claim exceeds $75,000 "based on plaintiff's lengthy list of claimed compensatory and punitive damages (loss of pay, benefits of employment, emotional distress, pain and suffering) combined with a claim for injunctive relief."

**DISCUSSION**

DFEH argues that this court lacks subject matter jurisdiction over this case. In order to satisfy subject matter jurisdiction based on diversity, the moving party must demonstrate diversity of citizenship and an amount in controversy greater than $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).

1.  Diversity of Citizenship

With regard to diversity of citizenship, there are two issues before the court - whether DFEH is an "alter ego" of the State and, thus, not a "citizen" for diversity purposes, and whether DFEH is the real party in interest in this case.

   a.  Alter Ego of the State

The State of California is not a "citizen" for diversity jurisdiction purposes under 28 U.S.C. § 1332. Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1381 (9th Cir. 1988). Agencies of the State of California have "no 'citizenship' for the purposes of section 1332." Id. (citing Moor v. County of Alameda, 411 U.S. 693, 717 (1973)). DFEH is a state agency entrusted by the State to act in the public interest to protect against unfair employment practices. Cal. Gov. Code § 12920. Thus, the court recognizes that, as an agency of the State, DFEH is an "alter ego" for purposes of diversity jurisdiction.

   b.  Real Party in Interest

In addition to demonstrating its status as an alter ego of the State, DFEH must also

demonstrate that it is the real party in interest.  Federal Rule 17(a) provides that "every action shall be prosecuted in the name of the real party in interest.  Fed. R. Civ. P. 17(a). "[A] party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought."  Id.  "A federal court exercising diversity jurisdiction must apply substantive state law."  Allstate Ins. Co. v. Devon Hughes, 358 F.3d 1089, 1094 (9th Circ. 2004).  California Government Code § 12965 provides that the person claiming to be aggrieved is the real party in interest.

The central factor in determining the real party in interest is which party stands to receive the benefit of the requested relief.  Missouri, Kansas and Texas Railway Co. v. Missouri Railroad and Warehouse Commissioners, 183 U.S. 53 (1901).  In Missouri Railroad, the Court held that the State is the real party in interest when the relief sought "enures to it alone."  Id. at 59.  In the present case, Carauddo stands to receive the substantial benefit of relief.  Any monetary damages such as salary compensation, emotional distress damages or punitive damages would be paid to Carauddo individually.

DFEH argues that it is the real party in interest because it has a "real substantial legal interest in the controversy" (citing Ex Parte Nebraska, 209 U.S. 436, 445 (1908)).  DFEH asserts that its interest in enforcing the State's civil rights laws and in exercising the State's police powers to protect its citizens from unlawful employment discrimination should be sufficient.  DFEH further claims that it has a substantial stake in eradicating the type of discrimination found in this case, above and beyond a general interest in seeing that its own laws are enforced.

In Missouri Railroad, the Court decided that "the State has a governmental interest in the welfare of all its citizens . . . and in securing compliance with all its laws."  Missouri Railroad, 183 U.S. at 60.  However, that type of "general governmental interest" does not make the State a real party in interest.  Id.  If that were the case, "the State would be a party in interest in all litigation[] because the purpose of all litigation is to preserve and enforce rights and secure compliance with the law of the State . . . ."  Id.

3

Carauddo is the party who stands to benefit from the outcome of the litigation. DFEH's argument that it is the real party in interest based on its interest in protecting its citizens from unlawful employment discrimination and enforcing its police powers is too broad. A State's general governmental interest in protecting the welfare of all its citizens is not sufficient to make it the real party in interest. Missouri Railroad, 183 U.S. at 60. For these reasons, Carauddo, and not DFEH, is the real party in interest.

2.   Amount in Controversy

The court must also consider whether the case satisfies the amount-in-controversy requirement. DFEH's complaint includes a demand for back pay and front pay in addition to emotional distress and punitive damages. The court finds that the request for back pay, standing alone, exceeds the jurisdictional minimum. Carauddo was discharged on January 27, 2006, and Lucent filed the notice of removal on July 20, 2007, approximately 18 months later ($28.60 x 40 hours per week x 78 weeks = $89,232).

**CONCLUSION**

In accordance with the foregoing, the court hereby DENIES plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated: October 9, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge