1  PAUL R. RAMSEY (#155062)
     Chief Counsel
2  SUSAN SAYLOR (#154592)
     Senior Staff Counsel
3  DEPARTMENT OF FAIR EMPLOYMENT
     AND HOUSING, Oakland Legal Unit
4  1515 Clay Street, Suite 701
   Oakland, CA  94612-1460
5  Telephone:  (510) 873-6457
   Facsimile:   (510) 873-0840
6  Email:  Susan.Saylor@dfeh.ca.gov

7  Attorneys for Plaintiff, DFEH

8  Steven R. Blackburn, State Bar No. 154797
   Leslie J. Mann, State Bar No. 95467
9  Rachel S. Hulst, State Bar No. 197330
   EPSTEIN BECKER & GREEN, P.C.
10 One California Street, 26th Floor
   San Francisco, California 94111-5427
11 Telephone: 415.398.3500
   Facsimile: 415.398.0955
12 sblackburn@ebglaw.com
   lmann@ebglaw.com
13 rhulst@ebglaw.com

14 Attorneys for Defendant
   LUCENT TECHNOLOGIES INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>　　　　　　Defendants.<br><br>STEVEN J. CARAUDDO,<br><br>　　　　　　Real Party in Interest. | CASE NO.  C 07-3747 PJH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** |

Pursuant to the Court's Order Setting Initial Case Management Conference, Plaintiff California Department of Fair Employment and Housing [hereinafter "Department"] and Defendant Lucent Technologies Inc. [hereinafter "Lucent" or "Defendant"] jointly submit this case management statement and proposed order and request the Court to adopt it as its case management order in this case.

### 1. Jurisdiction and Service:

Pursuant to the Court's Order Denying Motion to Remand dated October 9, 2007, the court ruled that it has diversity jurisdiction based on the diversity of citizenship between Defendant and the Real Party in Interest, Steven Carauddo. All parties have been served.

### 2. Facts:

**a) The parties' agreed factual statement:**

Steven J. Carauddo worked as an "Installer" for Defendant Lucent Technologies, or its predecessor, from approximately 1996 to 2006. Mr. Carauddo was based in Defendant's Hayward officers, where he would be assigned to various client locations to install and maintain telecommunications switching equipment. In or about January 2005, Mr. Carauddo suffered an injury to his back while at work. He was off work for approximately one year.

**b) Plaintiff's additional factual statement:**

During his one year leave of absence, Mr. Carauddo was diagnosed with "Lumbar degenerative disc disease," a disability as defined by the California Fair Employment and Housing Act (FEHA). In spite of this disability, Mr. Carauddo was, at all times, able to perform the essential functions of the Installer job, with or without reasonable accommodation. After being cleared by his doctor to return to work in January 2006, Defendant denied him a reasonable accommodation and terminated him. Defendant failed to engage Mr. Carauddo in a "timely, good faith, interactive process" when it made the decision that Mr. Carauddo could not be accommodated.

**c) Defendant's additional factual statement:**

Lucent accommodated Mr. Carauddo with a year long leave of absence. Lucent engaged in the interactive process with Mr. Carauddo throughout his leave of absence. About one week before Mr. Carauddo attempted to return to work, his physician released him to work with the significant restriction of "NO LIFTING GREATER THAN 25 POUNDS." The job of Installer has repeated lifting and carrying 50 pounds as an essential function. The job description shows that the job of an installer imposes a substantial degree of risk to the employee if they are not able to perform the job's physical requirements. Furthermore, because certain job assignments involve another installer where the individuals depend on each other to literally carry their weight, Mr. Carauddo's inability to perform the essential functions of this job would endanger the health and safety of the other installer to a greater extent than an individual without the work restrictions. Lucent was not required to provide Mr. Carauddo with an assistant.

On the day that Mr. Carauddo attempted to return to work, the only non-management job at the Hayward facility is that of an Installer who must be capable of performing the essential functions of the Installer position.

### 3. **The principal legal issues which the parties dispute:**

Whether Defendant failed to engage in a timely, good faith, interactive process with Mr. Carauddo, denied him a reasonable accommodation, failed to take all reasonable steps to prevent disability discrimination, and terminated Mr. Carauddo because of his disability in violation of the FEHA.

Whether Mr. Carauddo is able to perform the essential duties of his job, with or without reasonable accommodation.

Whether Mr. Carauddo is able to perform the essential duties of his job in a manner that would not endanger his health or safety with reasonable accommodation.

Whether Mr. Carauddo is able to perform his essential duties in a manner that would not endanger the health or safety of others even with reasonable accommodation.

Whether assuming Mr. Carauddo requested an accommodation, it would have created an undue hardship for Defendant.

1  What role the applicable collective bargaining agreement plays in the determination as to whether Mr. Carauddo can be accommodated.

Whether Mr. Carauddo mitigated his damages.

Whether Lucent acted with oppression, fraud or malice entitling Mr. Carauddo to punitive damages.

### 4. Motions:

There are currently no pending motions in this case. Defendant intends to file a motion for summary judgment.

The parties propose 90 days before trial as the deadline for filing dispositive motions.

### 5. Amendment of Pleadings:

Not anticipated, prior to discovery.

### 6. Evidence Preservation:

The parties have complied with the evidence preservation requirements.

### 7. Disclosures:

By the Court's order dated July 20, 2007, the initial disclosures were to have taken place by October 18, 2007; the parties have agreed to extend the time for making these initial disclosures to Tuesday, October 23, 2007.

### 8. Discovery:

The parties have not engaged in discovery proceedings or any other case proceedings prior to the date of this order. No formal discovery has yet been initiated by either party. The parties agree to the following discovery plan: to make initial document request and to propound interrogatories in the next 1-2 months, or, before December 31, 2007; to notice and take percipient witness depositions within the next 5-6 months, or, before April 15, 2008; to serve additional paper discovery and take any additional percipient witness depositions within the next 7-8 months, or, before July 31, 2008; to conduct expert discovery as indicated below.

### 9. a) Factual Discovery

Each party shall take, as necessary, up to 10 depositions, provided that, if more

- 4 -

depositions are necessary, the party seeking any additional depositions would obtain leave of court, pursuant to FRCivP 30(a)(2) and consistent with the principles stated in FRCivP 26(b)(2). No party may serve more than 25 interrogatories on any other party, pursuant to the Federal Rules of Civil Procedures.

### b) Expert Discovery

The parties propose 80 days before trial as the deadline for designating any expert witnesses and 60 days before trial for designating any rebuttal expert witnesses. The parties propose 30 days before trial as the deadline for completing expert discovery.

### 10. Class Actions:

Not applicable.

### 11. Related Cases:

Not applicable

### 12. Relief:

| Type of Damage | Amount | Basis |
|---|---|---|
| Reinstatement | n/a | Reinstatement is an appropriate remedy for a violation of the FEHA. See, Cal. Gov't Code §12970; 12965. |
| Back pay, front pay, and benefits of employment (in lieu of reinstatement | Back pay in the amount of $51,750; front pay at the rate of approximately $69,000 per year, minus mitigation earnings, to be proven at the time of trial. | Steven Carauddo was earning $28.60 per hour at Lucent Technologies, or , at a minimum (assuming no overtime), approximately $60,000 per year ($28.60/hr x 40 hrs/wk x 52 weeks/yr = $59,488). Assuming that his |

|  |  |  |
|---|---|---|
|  |  | benefits were worth approximately 15% of his salary, he lost an additional $9,000 worth of benefits. Since Steven Carauddo was terminated in January 2006, he has lost approximately ($69,000/yr x .75 = $51,750). |
| Emotional Distress | To be determined at trial. | Mr. Carauddo loved his job at Lucent Technologies, and he was good at it. He was able to perform all of the essential functions as of January 2006 and was terminated in violation of his FEHA right to be free from disability discrimination. Mr. Carauddo has suffered significant emotional distress as a result of Defendant's wrongful conduct. |
| Punitive Damages | To be determined at trial. | That Defendant has engaged in malicious, oppressive, or fraudulent conduct, or taken in conscious disregard of the right of Mr. Carauddo to be free from discrimination on |

| | | |
|---|---|---|
| | | the basis of disability. Cal. Civil Code section 3294; Commodore Home Systems, Inc. v. Sup. Ct. 32 Cal. 3d 211, 221 (1982); Weeks v. Baker & McKenzie 63 Cal. App. 4th 1128, 1147-1148 (1988). |
| Injunctive Relief: Cease and desist order; policy changes; training; and, posting | | |

Defendant disputes that Mr. Carauddo is entitled to any recovery.

**13. Alternative Dispute Resolution:**

The parties have agreed upon an early settlement conference before a Magistrate Judge. A conference call to discuss the parties' request for a settlement conference is scheduled with the Court for Tuesday, October 23, 2007 at 10:00 a.m.

**14. Consent to the Magistrate Judge for all Purposes:**

Inapplicable.

**15. Other References:**

None

**16. Narrowing of Issues:**

Unknown at this time. The parties reserve the right to bring suitable recommendations to narrow the issues to the court's attention at a later time.

**17. Expedited Schedule:**

Not applicable.

**18. Scheduling:**

1     Dispositive motion:  hearing 90 days before trial

2     Discovery cutoff:     60 days before trial

3     Expert designation:    80 days before trial

4     Rebuttal expert designation: 60 days before trial

5     Expert discovery cutoff: 30 days before trial

6     Pretrial conference:  30 days before trial

7     Trial:  March 2009

8     Trial: Ten to fourteen days.

### 19. Trial:

Defendant contends plaintiff has waived any right to jury trial.  Mr. Carauddo will be filing a motion to intervene in this litigation within the next 2 weeks, and will be making a demand for a jury trial.

### 20. Disclosure of Non-party Interested Entities or Persons:

None known of as of this date.

**21. Other matters:**

None.

| | |
|---|---|
| DATED:  October 18, 2007 | DEPARTMENT OF FAIR EMPLOYMENT & HOUSING |
| | By:  /s/ Susan Saylor<br>SUSAN SAYLOR<br>Attorneys for Plaintiff |
| DATED:  October 18, 2007 | EPSTEIN BECKER & GREEN, P.C. |
| | By:  /s/ Leslie J. Mann<br>STEVEN R. BLACKBURN<br>LESLIE J. MANN<br>RACHEL S. HULST<br>Attorneys for Defendant<br>LUCENT TECHNOLOGIES INC. |

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

DATED:  _____
UNITED STATES DISTRICT COURT JUDGE