VINICK LAW FIRM
SHARON R. VINICK (State Bar No. 129914)
One Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415-722-4481
Facsimile: 415-276-6338

BOXER & GERSON, LLP
JEAN HYAMS (State Bar No. 144425)
300 Frank H. Ogawa Plaza, Suite 500
Oakland, CA 94612
Telephone: 510-835-8870
Facsimile: 510-835-0415

Attorneys for STEVEN J. CARAUDDO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br>        Plaintiff, and<br><br>STEVEN J. CARAUDDO,<br>        Plaintiff - Intervenor,<br><br>v.<br><br>LUCENT TECHNOLOGIES, INC., AND DOES 1 THROUGH 20<br>        Defendants. | CASE NO. C 07-3747 PJH<br><br>**PLAINTIFF-INTERVENOR STEVEN J. CARAUDDO'S MOTION FOR LEAVE TO INTERVENE** |

## I. INTRODUCTION

Plaintiff California Department of Fair Employment and Housing ("DFEH") filed a complaint against defendant Lucent Technologies, Inc. ("Lucent"), alleging, *inter alia*, that it had discriminated

against Steven J. Carauddo ("Carauddo"). The complaint filed by the DFEH alleged that Carauddo was real party in interest. Carauddo now seeks leave to intervene in this action pursuant to FRCP 24(a), on the grounds that he has an interest the subject matter of this action, and the disposition of this action will affect his rights and interests. In the alternative, Carauddo should be permitted to file his proposed Complaint In Intervention pursuant to FRCP 24(b) on the grounds that his claims against Lucent is based upon the same facts as the claims that the DFEH is bringing against Lucent, and Carauddo's intervention shall not unduly delay or prejudice the adjudication of the rights of the original parties. The DFEH has consented to this intervention, but Lucent has refused to agree to the intervention.

## II. STATEMENT OF FACTS

On or about June 27, 2007, the DFEH filed a complaint in Alameda Superior Court, alleging that Lucent had terminated Carauddo on account of disability, had failed to reasonably accommodate him, and had failed to engage in the interactive process. In that complaint, the DFEH alleged that Carauddo was the "real party in interest."

Subsequent to the filing of the case in Alameda Superior Court, Lucent removed the case to this Court. The DFEH moved to remand the case back to Alameda Superior Court. The Motion to Remand was heard on October 3, 2007. At the conclusion of the hearing, the Court denied the DFEH's Motion to Remand.

Since the Court heard the DFEH's Motion to Remand, there have only been two developments in the case. First, the parties have exchanged Initial Disclosures. (However, the parties have not engaged in any additional written discovery, nor have they scheduled any depositions.). Second, the Court has set the case for trial on March 30, 2009. This case is, essentially, in its infancy.

Carauddo's proposed Complaint-in-Intervention and the DFEH's Complaint are based upon the exact same facts. The Complaint filed by the DFEH contains three causes of action: Wrongful Termination in Violation of Government Code Section 12940(a); Failure to Accommodate in Violation of Government Code Section 12940(m); and Failure to Engage in a Timely, Good Faith Interactive Process in Violation of Government Code Section 12940(n). The proposed Complaint-in-Intervention contains all three of these causes of action, plus two additional causes of action (Wrongful Termination in Violation of Public Policy, and Violation of Business and Professions Code § 17200). (A copy of the

proposed Complaint-in-Intervention is attached hereto as Exhibit A.) Resolution of the claims asserted in the both the DFEH's Complaint and the proposed Complaint-in-Intervention will involve most of the same discovery, and many of the same legal issues.

As explained more fully in the attached Declaration of Sharon R. Vinick In Support of Carauddo's Motion to Intervene ("Vinick Decl."), the DFEH has agreed to Carauddo's intervention in this case. However, counsel for Lucent has, without explanation, refused to agree to the proposed intervention, thus necessitating the filing of this motion.

### III. ARGUMENT

A. <u>Under California Government Code § 12965(c)(2) and FRCP 24(a), Carauddo is Entitled to Intervene.</u>

California Government Code § 12965(c)(2) provides that in an action filed by the DFEH, "the person claiming to be aggrieved shall have the right to participate as a party and be represented by his or her own counsel." Carauddo, as the "real party in interest" in the case flied by the DFEH is, by definition, the "person claiming to be aggrieved." As such, Carauddo has an unambiguous *right* to intervene in the instant case and to be represented by his own counsel (rather than the DFEH).

Under FRCP 24(a), "[u]pon timely application anyone shall be permitted to intervene in an action . . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Given that Carauddo is entitled, by statute, to intervene in the pending action, he clearly has "an interest relating to the property or transaction which is the subject of the action." Furthermore, since Carauddo's claims are based upon the same facts and circumstances as those claims asserted by the DFEH, he is entitled to intervene in the pending case.

B. <u>Alternatively, Carauddo Should Be Permitted to Intervene Pursuant to FRCP 24(b)</u>

Upon timely application, anyone may be permitted to intervene in an action when an applicant's claim and the main action have a question of law and fact in common. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of rights of the original parties. FRCP 24(b)(2). Courts frequently permit intervention in civil rights cases. *See,*

TO INTERVENE

*e.g., United States v. California Mobile Home Park Mgmt. Co.*[1], 29 F.3d 1413, 1415 (9th Cir. 1994) (permitting intervention in a case brought under the Fair Housing Act, 42 U.S.C. § 3604); *Crumble v. Blumthal*, 549 F.2d 462, 468-469 (same).

First, four out of five of Carauddo's claims are based upon the exact same events as the claims that are being advanced by the DFEH are based upon the exact same events – Lucent's decision to terminate Carauddo; Lucent's failure to engage in the interactive process with Carauddo; and Lucent's failure to reasonably accommodate Carauddo. Indeed, three out of four of the claims in Carauddo's complaint are *identical* to the claims asserted by the DFEH. Given the tremendous overlap, it is beyond dispute that the claims alleged by Carauddo and the DFEH have "questions of fact and law in common."

Second, the litigation in the case filed by the DFEH has only just begun. The parties have not engaged in extensive motion practice, have not yet promulgated discovery requests, and have not taken depositions. Furthermore, the case is not set for trial for more than fifteen months. The intervention will not result in any delay in the case, and will not prejudice the rights of the existing parties.

Third, permitting Carauddo to intervene in this case will result in judicial economy, which is a proper consideration in resolving a motion to intervene. *Venagos v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989). If Carauddo is not permitted to intervene, he will be forced to file a second lawsuit, in which the same legal and factual issues would be resolved, which would result in a waste of scarce court resources.

Fourth, denying Carauddo's motion to intervene may prejudice his right to recovery. While Carauddo is the real-party-in-interest in this action, the DFEH is charged with considering the interests of all employees in the state of California in determining (among other things) its settlement posture and its aggressive pursuit of the matter. Potential conflicts may arise between the DFEH's obligations as a representative of the State of California, and the interests of Carauddo. Permitting Carauddo to

---

[1] The Ninth Circuit issued two decisions in the *California Mobile Home Park* case. In the second decision, *United States v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1377-78 (9th Cir. 1997), the Ninth Circuit's held that intervening parties have an absolute right to a jury trial, as long as a demand is timely made under FRCP 38(d). Thus, if the Court grants Carauddo's motion to intervene, he is entitled to include a jury trial demand in his complaint-in-intervention.

intervene in this action is the best way to ensure that his rights and interests will be fully represented and protected.

## IV. CONCLUSION

As the real-party-in-interest identified in the DFEH's Complaint, Carauddo is entitled to intervene in this case. Alternatively, given the stage in the proceedings, and the overlap between the claims that Carauddo seeks to bring and those that have been asserted by the DFEH, Carauddo should be permitted to intervene. Accordingly, Carauddo requests that his Motion to Intervene be granted.

Dated: November 5, 2007

Respectfully submitted,

VINICK LAW FIRM

By: /s/
Sharon Vinick

Dated: November 5, 2007

BOXER & GERSON

By: /s/
Jean K. Hyams
Attorneys for Steven J. Carauddo

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ALAMEDA ) ss.

I am a citizen of the United States and employed in the County of Alameda, State of California; I am over the age of 18 years and not a party to the within entitled action; my business address is 300 Frank H. Ogawa Plaza, Suite 500, Oakland, California 94612.

On November 5, 2007 I served the foregoing documents, described as:

**NOTICE OF MOTION AND PLAINTIFF-INTERVENOR STEVEN J. CARAUDDO'S MOTION FOR LEAVE TO INTERVENE**

**DECLARATION OF SHARON R. VINICK IN SUPPORT OF PLAINTIFF-INTERVENOR STEVEN J. CARAUDDO'S MOTION FOR LEAVE TO INTERVENE**

**PLAINTIFF-INTERVENOR STEVEN J. CARAUDDO'S MOTION FOR LEAVE TO INTERVENE**

**[PROPOSED] ORDER GRANTING PLAINTIFF-INTERVENOR STEVEN J. CARAUDDO'S MOTION FOR LEAVE TO INTERVENE**

on the interested parties to said action by the following means:

[XX]  (By Mail)    By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing on that date following ordinary business practices, in the United States Mail at the offices of Boxer & Gerson, Oakland, California, addressed as shown below. I am readily familiar with this business's practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and in the ordinary course of business correspondence would be deposited with the U.S. Postal Service the same day it was placed for collection and processing.

[ ]  (By Mail)    By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Oakland, California, addressed as shown below.

[ ]  (By Overnight Delivery)    By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges prepaid, to be sent by _____, addressed as shown below.

[ ]  (By Facsimile Transmission)    By transmitting a true copy thereof by facsimile transmission from facsimile number (510) 835-0415, to the interested parties to said action; the transmission was reported as complete and without error, and a copy of the transmission report, which was properly issued by the transmitting facsimile machine, is attached hereto and incorporated herein by reference. Said documents were transmitted to the interested parties as shown below at _____ a/p.m.

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on November 5, 2007 at Oakland, California.

_____
TRACY LOGAN

BOXER & GERSON

Proof of Service

**NAME AND ADDRESS/FAX NUMBER OF EACH PERSON SERVED:**

James A. McDonald, Esq.
Law Offices of James A. McDonald
2072 The Alameda
San Jose, CA 95128
(408) 241-4402
(408) 241-4206 fax
Attorneys for Complainant Steven J. Carauddo

Leslie J. Mann, Esq.
Epstein, Becker & Green PC
1 California Street, Suite 2600
San Francisco, CA 94111
(415) 398-3500
(415) 398-0955 fax
Attorneys for Respondent Lucent Technologies, Inc.