1  VINICK LAW FIRM
   SHARON R. VINICK (State Bar No. 129914)
2  One Embarcadero Center, Suite 1200
   San Francisco, CA  94111
3  Telephone:  415-722-4481
   Facsimile:  415-276-6338
4

5  BOXER & GERSON, LLP
   JEAN HYAMS (State Bar No. 144425)
6  300 Frank H. Ogawa Plaza, Suite 500
   Oakland, CA  94612
7  Telephone: 510-835-8870
   Facsimile: 510-835-0415
8

9  Attorneys for STEVEN J. CARAUDDO

10              UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13

14

|  |  |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br><br>Plaintiff, and<br><br><br>STEVEN J. CARAUDDO,<br>Plaintiff - Intervenor,<br><br>v.<br><br>LUCENT TECHNOLOGIES, INC., AND DOES 1 THROUGH 20<br><br>Defendants. | ) CASE NO.  C 07-3747 PJH<br>)<br>) COMPLAINT IN INTERVENTION<br>)<br>)<br>)<br>)<br>)<br>) **DEMAND FOR JURY TRIAL**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

      Plaintiff –Intervenor Steven J. Carauddo ("Carauddo") alleges as follows:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## I.  **INTRODUCTION**

1.  The Department of Fair Employment and Housing ("DFEH") filed a lawsuit against Lucent Technologies, Inc. ("Lucent"), alleging that Carauddo's rights had been violated by Lucent.  Pursuant to California Government Code § 12965(c)(2), Carauddo, as the real party in interest, is entitled to intervene in the action filed by the DFEH.

## II.  **JURISDICTION AND VENUE**

2.  Carauddo was working in Alameda County, in the State of California.

3.  Lucent is a business entity operating under the laws of the State of California, and conducting business in Alameda County, in the State of California.

4.  DFEH originally filed suit in San Francisco Superior Court.  Lucent subsequently removed the action to United States District Court for the Northern District of California.

5.  The true names and capacities whether individual, corporate, associate or otherwise and the true involvement of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Carauddo who therefore sues said Defendants by such fictitious names and will amend this Complaint to show the true names, capacities and involvement when ascertained. Carauddo is informed and believes and thereon alleges that each of the Defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to, and that Carauddo's injuries and damages as hereinafter set forth were proximately caused by said Defendants.

6.  Carauddo is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants sued herein was the agent and/or employee of each of the remaining Defendants, and each of them, was at all times acting within the purpose and scope of such agency and employment.

### III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.   On or about May 9, 2006, Carauddo filed a timely charge of discrimination on the basis of disability with the DFEH.

8.  On May 8, 2007, the DFEH issued an Accusation before the California Fair Employment and Housing Commission (hereinafter, "Commission"), charging Lucent with unlawful employment practices in violation of the Fair Employment and Housing Act ("FEHA").

9.  Pursuant to California Government Code § 12965(c)(1), Lucent elected to have its case adjudicated in civil court in lieu of a hearing before the Commission, and so notified the DFEH in writing, on or about June 1, 2007.

10. The DFEH withdrew its Accusation and timely filed a complaint in Superior Court for the County of San Francisco.  That complaint was later removed to this Court by Lucent.

### IV.    GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

11. Carauddo worked for Lucent (or its predecessor, Western Electric) as an "Installer" for approximately 40 years, from 1966 to 2006.  At all times relevant hereto, Carauddo was assigned the Lucent's Customer Service Center ("CSC") located in Hayward.

12. On or about January 19, 2005, Carauddo spent approximately two hours breaking down some large boxes at the Hayward CSC.  By the end of the day, Carauddo's back was stiff.

13. On or about January 20, 2005, Carauddo awoke with severe back pain, and was unable to get out of bed.  Carauddo called into work sick that day, and for several days thereafter.

14. Carauddo visited a doctor, who initially diagnosed him as suffering from low back strain. Upon further investigation, including an X-ray and MRI, it was revealed that Carauddo was suffering from cumulative, long-term damage to his spine and lower back discs.

15. Ultimately, Carauddo was diagnosed with "Lumbar degenerative disc disease" caused by "cumulative microtrauma to the lumbar disc." As Robert Harrison, M.D., M.P.H.,

Clinical Professor of Medicine at the University of California, San Francisco, later explained: "On the date of injury, Mr. Carauddo was engaged in heavy lifting with twisting of the lower back. This resulted in acute lumbosacral sprain superimposed on underlying, long-standing, work-related degenerative disc disease of the lumbosacral spine."

16. Because of his back condition, Carauddo began a leave of absence in early 2005. While on leave, he received treatment for his back, including pain medication, chiropractic treatments, and physical therapy.

17. As of January 2006, Carauddo's treating physician, Dr. Allen Kaisler-Meza, determined that Carauddo was able to lift and carry up to 20 lbs. continuously and up to 21 lbs. to occasionally. Dr. Kaisler-Meza also determined that Carauddo was able to return to work.

18. On or about January 17, 2006, Dr. Kaisler-Meza completed a Workers' Compensation report which stated that Carauddo: "Will return to full duty but with restriction in open market of no lifting greater than 30 lbs P/S, MMI next visit."

19. On or about January 25, 2006, Carauddo presented himself at Lucent's CSC in Hayward, and told his supervisor, Claudine Strange ("Strange") that he was cleared to return to work. Strange told him that he had not been medically cleared to return to work, and sent him home.

20. On or about January 27, 2006, Defendant terminated Mr. Carauddo's employment, purportedly because he was unable to perform the essential functions of his job.

21. An undated job description for the Installer/Technician position lists the following relevant requirements: "3. LIFTING: Floor to Waist: (Occasionally) May lift up to 50 pounds from floor to waist when working with 750 cable spools and installation components. Waist to Overhead: (Frequently) Must lift up to 30# when running cable, placing components for installation, etc. 4. CARRYING: (Frequently) Carry up to 50# for up to 100' to move cable rolls, component parts, equipment, etc."

22. Based upon his experience as an employee of Lucent, Carauddo believes that the lifting requirements of the job of "installer/technician" are not as great as the job description states. Furthermore, Lucent routinely instructs employees that they should ask a colleague to assist in lifting any object that the employee felt uncomfortable lifting.

23. On or about January 31, 2006, Mr. Carauddo underwent a Functional Capacity Evaluation ("FCE"), where he was found to possess the ability to perform the following tasks: 1) Waist height lift and carry: 45 lbs;  2) Floor to counter lift: 45 lbs; 3) Overhead lift: 45 lbs; 4) Pushing a sled: 90 lbs; 5) Pulling a sled: 90 lbs.

24. The physical therapist who performed the FCE reported that: "Patient shows excellent potential to go back to work.  No work restrictions are recommended except those which are standard of the company.  Patient shows eagerness and willingness to go back to work."

25. On or about April 11, 2006, Carauddo's Workers' Compensation attorney sent a letter to Defendant requesting that it engage in a good faith, interactive process.  To date, Lucent has made no response to this request.

26. As of January 25, 2006 (the date that he presented himself at Lucent's CSC in Hayward for work) and continuing on into the future, Carauddo was able to perform the essential functions of the position of an Installer, with or without reasonable accommodation.

## **FIRST CAUSE OF ACTION**

Termination Because of Disability in
Violation of California Fair Housing and Employment Act
(California Government Code § 12940 *et seq.*)

27.   Carauddo re-alleges and incorporates by reference ¶¶ 1 through 26, above, as though fully set forth herein.

28.   At all times material to this complaint, Carauddo was a person with a disability within the meaning of the FEHA.  Carauddo was limited in his major life activities, had a record of such limitations, and/or was regarded by Lucent as having such limitations.

29.  Lucent is an employer within the meaning of the FEHA.

30.  Government Code §12940(a) makes it an unlawful employment practice for an employer to terminate an employee because of his disability.

31.  By terminating Carauddo on account of his disability, Defendants have engaged in an unlawful employment practice, in violation of Government Code § 12940(a).

32. As a direct and proximate result of Defendants' alleged conduct, Carauddo has suffered damages in an amount to be proven at trial.

33.  As a result of Defendant's unlawful acts, Carauddo is also entitled to an award of attorneys' fees and costs.

34. In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted towards Carauddo with malice, oppression, fraud and with a willful and conscious disregard of Carauddo's rights, entitling him to an award of punitive damages.

WHEREFORE, Carauddo prays for judgment as is further set forth below.

## SECOND CAUSE OF ACTION

Failure to Accommodate in
Violation of California Fair Housing and Employment Act
(California Government Code § 12940(m) *et seq.*)

35.  Carauddo re-alleges and incorporates by reference ¶¶ 1 through 34, above, as though fully set forth herein.

36.  At all times material to this complaint, Carauddo was a person with a disability within the meaning of the FEHA.  Carauddo was limited in his major life activities, had a record of such limitations, and/or was regarded by Lucent as having such limitations.

37.  Lucent is an employer within the meaning of the FEHA.

38. Government Code §12940(m) makes it an unlawful employment practice for an employer to fail to make reasonable accommodation for the known disability of an employee.  .

39.  By failing to accommodate Carauddo's disability, Defendants have engaged in an unlawful employment practice, in violation of Government Code § 12940(m).

40. As a direct and proximate result of Defendants' alleged conduct, Carauddo has suffered damages in an amount to be proven at trial.

41.  As a result of Defendant's unlawful acts, Carauddo is also entitled to an award of attorneys' fees and costs.

42. In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted towards Carauddo with malice, oppression, fraud and with a willful and conscious disregard of Carauddo's rights, entitling him to an award of punitive damages.

WHEREFORE, Carauddo prays for judgment as is further set forth below.

### THIRD CAUSE OF ACTION

Failure to Engage in a Timely, Good Faith Interactive Process in
Violation of California Fair Housing and Employment Act
(California Government Code § 12940(m) *et seq.*)

43.  Carauddo re-alleges and incorporates by reference ¶¶ 1 through 42, above, as though fully set forth herein.

44.  At all times material to this complaint, Carauddo was a person with a disability within the meaning of the FEHA.  Carauddo was limited in his major life activities, had a record of such limitations, and/or was regarded by Lucent as having such limitations.

45.  Lucent is an employer within the meaning of the FEHA.

46. Government Code §12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith interactive process with an employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known disability.

47.  By failing to engage in a timely, good faith interactive process with Carauddo with respect to what accommodation, if any, he needed in order to return to work, Defendants have engaged in an unlawful employment practice, in violation of Government Code § 12940(n).

48. As a direct and proximate result of Defendants' alleged conduct, Carauddo has suffered damages in an amount to be proven at trial.

49.  As a result of Defendant's unlawful acts, Carauddo is also entitled to an award of attorneys' fees and costs.

50. In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted towards Carauddo with malice, oppression, fraud and with a willful and conscious disregard of Carauddo's rights, entitling him to an award of punitive damages.

WHEREFORE, Carauddo prays for judgment as is further set forth below.

## FOURTH CAUSE OF ACTION

Wrongful Termination in Violation of Public Policy

51. Carauddo re-alleges and incorporates by reference ¶¶ 1 through 50, above, as though fully set forth herein.

52.  It is against the public policy of the state of California to terminate an employee on account of the employee having a disability or because the employee is perceived as having a disability.

53. This public policy is embodied in, among other places, California Govt. Code §12940, *et seq.*

54. As set forth above, Defendants terminated Carauddo on account of his having a disability or their perception that he had a disability.

55. By terminating Carauddo on account of his having a disability or Defendants' perception that he has a disability, Defendants terminated Carauddo in violation of public policy.

---

56. As a direct and proximate result of defendants' alleged conduct, plaintiff has suffered damages in an amount to be proven at trial.

57. In doing the things alleged herein, defendants' conduct was despicable, and defendants acted towards plaintiff with malice, oppression, fraud and with a willful and conscious disregard of plaintiff's rights, entitling plaintiff to an award of punitive damages.

WHEREFORE, plaintiff prays for judgment as is further set forth below.

## FIFTH CAUSE OF ACTION

Unfair Business Practices and Unlawful Competition in
(California Business and Professions Code § 17200, *et seq.*)

58. Carauddo re-alleges and incorporates by reference ¶¶ 1 through 57, above, as though fully set forth herein.

59. The California Unfair Business Practices Act ("UBPA)", California Business & Professions Code §17200 *et. seq.* prohibits business and/or individuals from engaging in, *inter alia*, business practices which are unlawful, unfair or fraudulent.

60. Defendants have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of the UBPA by terminating employees with disabilities in violation of Government Code § 12940 (a), by failing to accommodate employees with disabilities in violation of Government Code § 12940(m), and by failing to engage in a timely, good faith interactive process with employees with disabilities in violation of Government Code § 12940(n). On information and belief, Defendants maintain a practice that injured and disabled employees are not permitted to return work unless they have received a full medical release. This practice constitutes discrimination on the basis of perceived disability, failure to engage in the interactive process, and failure to accommodate.

61. As a direct and proximate result of the unfair business practices described above,

Carauddo has been injured and has suffered a loss of money or property including but not limited to lost wages.

62. Pursuant to California Business & Professions §17203, Carauddo seeks restitution of money acquired by Defendants by means of their unfair and unlawful business practices in an amount according to proof, and injunctive relief against Defendants' continuation of their unfair and unlawful business practices.

63.  Carauddo's success in this action will enforce important rights affecting the public interest.  Therefore, Carauddo sues on behalf of the general public, as well as himself and any similarly situated employees.

64.  An award of attorneys' fees is appropriate pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws, because 1) this action will confer a significant benefit upon a large class of persons, 2) there is a financial burden involved in pursuing this action, and 3) it would be against the interest of justice to force plaintiffs to pay attorneys fees from any amount recovered in this action.

WHEREFORE, Plaintiff is entitled to relief as more fully set forth below.

## **PRAYER FOR RELIEF**

Plaintiff prays for relief as follows:

1.  For compensatory damages according to proof with respect to the First, Second, Third and Fourth Causes of Action;

2.  For punitive damages according to proof with respect to the First, Second, Third and Fourth Causes of Action;

3.  For restitution with respect to the Fifth Cause of Action;

4.  For a permanent and mandatory injunction prohibiting Defendants from committing future violations of the laws and public policies described herein;

5.  For attorneys fees with respect to the First, Second, Third and Fifth Causes of Action;

6.  For costs of suit;

7.  For interest at the maximum legal rate on all sums awarded; and

8.  For such other relief that the Court deems just and proper.


Dated:  November 27, 2007            VINICK LAW FIRM


                                     By:___/s/_____
                                         Sharon R. Vinick
                                         Attorneys for Steven J. Carauddo



Dated:  November 27, 2007            BOXER & GERSON


                                     By:__/s/_____
                                         Jean K. Hyams
                                         Attorneys for Steven J. Carauddo

**JURY TRIAL DEMANDED**

Steven J. Carauddo requests a trial by jury on each cause of action for which a trial by jury is proper.


Dated:  November 2, 2007                    VINICK LAW FIRM


                                            By:_____
                                                    Sharon R. Vinick


Dated: November 2, 2007                     BOXER & GERSON


                                            By:_____
                                                    Jean K. Hyams
                                                    Attorneys for Steven J. Carauddo