Steven R. Blackburn, State Bar No. 154797
Leslie J. Mann, State Bar No. 95467
Rachel S. Hulst, State Bar No. 197330
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone: 415.398.3500
Facsimile: 415.398.0955
sblackburn@ebglaw.com
lmann@ebglaw.com
rhulst@ebglaw.com

Attorneys for Defendant
LUCENT TECHNOLOGIES INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br><br>Plaintiff,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>Defendants.<br><br>STEVEN J. CARAUDDO,<br><br>Real Party in Interest. | CASE NO.  C 07-3747 PJH<br><br>**DEFENDANT LUCENT TECHNOLOGIES INC.'S OPPOSITION TO MOTION TO INTERVENE AND IN SUPPORT OF MOTION TO STRIKE JURY DEMAND**<br><br>Date: January 30, 2008<br>Time: 9:00 a.m.<br>Dept: 3, 17th Floor |

## I.    INTRODUCTION

Steven Carauddo's Motion to Intervene attempts not only to add new counsel but also new claims against Lucent Technologies.  Rule 24 of the Federal Rules of Civil Procedure governs situations in which persons not already parties may intervene in existing litigation.  Mr. Carauddo seeks to intervene as a matter of right under Rule 24(a) and also seeks permissive intervention under Rule 24(b).  While the practical effect of allowing a plaintiff to intervene is the same under either approach, there are different requirements under each prong.   Mr.

Carauddo does not meet the requirements to intervene as a matter of right under Federal Rule 24(a) because he cannot establish that the Department of Fair Employment and Housing ("DFEH") will not adequately protect his interests . Nor does Carrauddo establish requirements for permissive intervention under Federal Rule 24(b).

## II.    LEGAL ARGUMENT

### A.    The DFEH Adequately Protects Mr. Carauddo's Interest and the Motion to Intervene as a Matter of Right under Rule 24(a) Should Be Denied

Intervention as a matter of right under Rule 24(a) (2) exists only when the court holds that a person seeking intervention has established three elements:

1.  an interest in the subject matter of the pending litigation;

2.  a substantial risk that the litigation will impair the interest; and,

3.  existing parties do not adequately protect that interest.

*Purcell v. BankAtlantic Financial Corp.* 85 F.3d 1508 (11th Cir. 1996) *cert. denied*, 519 U.S. 867. All three elements must be satisfied before an applicant may exercise a right to intervene under Rule 24(a)(2). *Id.* For several reasons, Mr. Carrauddo does not have that right here.

First, Carrauddo argues that California Government Code section 12965(c)(2) provides that in any action filed by the DFEH, the party claiming to be aggrieved "shall have the right to participate as a party and be represented by his or her own counsel." Mr. Carraudo cites no authority, however, establishing that this state *procedural* rule would apply in a diversity action pending in federal court. A state statute conferring an unconditional right to intervene does *not* displace Rule 24. "[A] state statute can inform the Rule 24(a)(2) calculus, but it cannot displace the requirement that a would-be intervenor satisfy each of the rule's prerequisites." *Public Service Co. of New Hampshire v. Patch,* 136 F.3d 197, 208 (1st Cir. 1998). In that case, the court rejected a proposed intervention by a state agency, even though a state statute granted the state agency the right to intervene, because the agency's interests were adequately represented by the present parties. This is precisely the situation here – the DFEH adequately represents Mr. Carraduo's interests here; indeed, it is their duty to do so.

Second, Mr. Carauddo asserts that the DFEH will not adequately represent his interests. He argues that "the DFEH is charged with considering the interests of all [California] employees … in determining … its settlement posture and its aggressive pursuit of the matter.  Potential conflicts may arise."  Memo at 4:19-21.  Mr. Carrauddo's failure to cite authority for this proposition is understandable, since his argument is directly contrary to controlling law.  A governmental entity, such as the DFEH here, is *presumed* to represent the interests of its citizens.  When the putative intervenor shares the same interests as a governmental entity, absent a "very compelling showing to the contrary," it will be presumed that the governmental entity will adequately represent the intervenor's interests.  *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). While Mr. Carrauddo speculates that the DFEH might have a different a "settlement posture" or might be less "aggressive" in its pursuit of the matter,  "[w]here parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention." *Id*., citation omitted.  Certainly, Mr. Carraudo's bare speculation, bereft of any underlying basis in fact, concerning potential differences in litigation strategy do not suffice to meet his "very compelling" burden.

Mr. Carrauddo simply has not, and cannot establish that the DFEH is not capable of representing its interests.  Indeed, it borders on hubris for Mr. Carraudo to assert that his attorneys can better litigate this matter in his interests than the DFEH, the very entity that is specifically charged with enforcing the FEHA and which undoubtedly has more experience doing so.

**B.  Potential Prejudice to the Existing Parties Will Result if Permissive Intervention is Allowed**

Rule 24(b) of the Federal Rules allows for permissive intervention "where an applicant's claim and the main action have a question of law or fact in common."  However, the existence of these grounds do not "automatically entitle an applicant to intervene." *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989). Whether intervention will be permitted rests within the sound discretion of the court, and the court should consider additional factors in exercising this discretion. *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998).  For example, a court "must

- 3 -

consider whether the intervention will 'unduly delay or prejudice the adjudication of the rights of the original parties.'" *Venegas, supra.*

Here, the only possible result from allowing Mr. Carrauddo to intervene will be delay and prejudice to the existing parties. Mr. Carraudo's attorneys can only multiply the proceedings by propounding their own discovery, filing additional motions than those that may be filed by the DFEH, and frustrating or impeding settlement efforts. *See Taylor Communications Group, Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 389 (5th Cir. 1999) (permissive intervention should be denied if allowing it would unduly complicate the case). Alternatively, if Mr. Carraudo intends to allow the DFEH to manage the litigation, then there is plainly no need for intervention in the first place since, as established above, Mr. Carauddo's interests are adequately protected by the DFEH. This is undoubtedly why the adequacy-of-representation factor is important not just in determining whether intervention is permitted as a matter of right, but also in determining whether discretionary intervention should be allowed. *Spangler v. Pasadena City Bd. of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977).

While Mr. Carauddo seeks to assert two additional causes of action, these claims are both purely derivative claims that add nothing of substance to the claims already asserted by the DFEH. The only substantive difference between the claims asserted in Mr. Carauddo's proposed complaint in intervention and the DFEH's complaint is that the proposed complaint includes a prayer for attorneys' fees. The DFEH is not entitled to attorneys' fees. Government Code § 12987(a)(3).[1] The potential for attorneys' fees obviously impairs the ability of the present parties to settle this matter since Mr. Carauddo's attorneys will certainly demand that any settlement additionally compensate them for the attorneys' fees incurred. Indeed, it seems clear that the possibility that Mr. Carauddo's attorneys might receive fees which they otherwise would not be entitled to receive if the DFEH prosecutes the case on its own is the sole justification for this motion.

---

[1] Indeed, the presence of possible attorneys' fees belies the true motivation for seeking intervention here.

Lucent's Opposition to Motion to Intervene
Case No. C 07-3747 PJH

The court may consider many additional factors, including: 1) the nature and extent of the intervenor's interest; 2) their standing to raise relevant legal issues; 3) the legal position they seek to advance, and its probable relation to the merits of the case; 4) whether changes have occurred in the litigation so that intervention that was once denied should be reexamined; 5) whether the intervenor's interests are adequately represented by other parties; 6) whether intervention will prolong or unduly delay the litigation, and 7) whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented. *Spangler*, *supra*, 552 F.2d at 1329, citations omitted.

All of these factors, to the extent they have any bearing on the present matter, militate against allowing intervention here.     Mr. Carrauddo's interests and those of the DFEH are perfectly aligned – both seek identical damages (with the exception, as mentioned above, of attorneys' fees), including injunctive relief. Mr. Carraudo does not have standing to assert any claims substantively different from those already asserted by the DFEH. The DFEH and Mr. Carrauddo both seek to advance the same legal positions. Mr. Carraudo's interests are more than adequately represented by the DFEH. Allowing intervention will cause undue delay, will undoubtedly multiply the proceedings, and will undoubtedly result in additional expense to Lucent (expense that may otherwise be devoted towards settlement). Finally, there is no basis on which to suggest that Mr. Carraudo's attorneys will significantly contribute to a full development of the underlying factual issues beyond that of which the DFEH is capable.

Conversely, allowing intervention here provides absolutely no benefit either to the existing parties or even to Mr. Carrauddo. His proposed complaint seeks nothing save attorneys' fees that is not available through the existing action. It is presumed as a matter of law that the DFEH will adequately protect Carrauddo's interests. When all factors are examined, not a single one militates in favor of intervention here.

1    **III.    CONCLUSION**

2          For the foregoing reasons, Defendant respectfully requests that the Motion to Intervene

3    be denied.

4    DATED:   January 9, 2008                    EPSTEIN BECKER & GREEN, P.C.

5

6                                               By:   /s/ Leslie J. Mann
                                                     STEVEN R. BLACKBURN
7                                                    LESLIE J. MANN
                                                     RACHEL S. HULST
8                                               Attorneys for Defendant
                                                LUCENT TECHNOLOGIES INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28