VINICK LAW FIRM
SHARON R. VINICK (State Bar No. 129914)
350 Sansome Street, Suite 300
San Francisco, CA 94104
Telephone: 415-722-4481
Facsimile: 415-276-6338

JEAN K. HYAMS, ESQ., State Bar No. 144425
DARCI E. BURRELL, ESQ., State Bar No. 180467
BOXER & GERSON, LLP
300 Frank H. Ogawa Plaza, Suite 500
Oakland, California 94612
Telephone: (510) 835-8870
Facsimile: (510) 835-0415
E-mail: courtmail@boxerlaw.com

Attorneys for Plaintiff in Intervention

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, | Case No.: C 07-3747 PJH |
| Plaintiff, and | **PLAINTIFF-INTERVENOR STEVEN J. CARAUDDO'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO INTERVENE** |
| STEVEN J. CARAUDDO, | |
| Plaintiff - Intervenor, | DATE: January 30, 2008 |
| | TIME: 9:00 a.m. |
| v. | Courtroom 3 |
| LUCENT TECHNOLOGIES, INC., AND DOES 1 THROUGH 20 | TRIAL DATE: March 30, 2009 |
| Defendants. | |

-1-
PLAINTIFF-INTERVENOR STEVEN J. CARAUDDO'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO INTERVENE- CASE NO. - C 07-3747 PJH

## I. INTRODUCTION

As even Lucent Technologies Inc. ("Lucent") concedes, Steve Carauddo ("Carauddo") is the real party in-interest in this case. *See Defendant Lucent Technologies Inc.'s Opposition to Motion to Remand ("Def's Opp to Remand")* at 5. Nevertheless, relying upon a clever combination of legal tricks, including forum shopping and a mis-reading of statutory requirements, Lucent seeks to deny Carauddo the ability to actively participate in litigation which is supposed to vindicate his rights. Carauddo submits that Lucent's efforts to manipulate the legal system to its best advantage should not be countenanced by this Court, and that Carauddo should be permitted to intervene in the action in which he is the "real party in-interest."

## II. STATEMENT OF FACTS

After being wrongfully terminated by Lucent, Carauddo filed a charge of discrimination with the DFEH. *See Complaint for Compensatory Damages, Injunctive Relief, and Punitive Damages for Employment Discrimination ("DFEH Complaint")* at ¶9 and Exh. 1. Following an investigation, the DFEH issued an accusation before the California Fair Employment and Housing Commission (the "Commission"), charging Lucent with unlawful employment practices. *Id.* at ¶10. Lucent, in turn, elected to have this matter heard in civil court, in lieu of proceeding before the Commission. *Id.* at ¶11. Subsequently, the DFEH filed a complaint in Superior Court for the County of Alameda. *Id.* at ¶12. As Lucent seems to concede, pursuant to California Government Code §12965(c)(2), if the case had remained in state court, Carauddo would have had an absolute right to intervene in the case and be represented by his own counsel. *Defendant Lucent Technologies Inc.'s Opposition to Motion to Intervene and in Support of Motion to Strike Jury Demand ("Def's Opp to Intervention")* at p.2.

However, Lucent did not want to litigate Carauddo's claims in state court. Instead, Lucent removed the instant case to federal court. Then, in opposing the DFEH's Motion to Remand, Lucent

-2-
PLAINTIFF-INTERVENOR STEVEN J. CARAUDDO'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO INTERVENE- CASE NO. - C 07-3747 PJH

argued that diversity jurisdiction existed because Carauddo was the real party in-interest, and his citizenship should be used to determine whether diversity jurisdiction existed. *Def's Opp to Remand* at p. 2. Relying upon this argument, your Honor denied the Motion to Remand.

Now, after removing this case to federal court, Lucent argues that Carauddo should not be permitted to intervene in the instant case. Plaintiff-Intervenor submits that this position is simply without merit, and undermines the ability of victims of discrimination to actively participate in litigation which is intended to vindicate their rights.

### III. LEGAL ARGUMENT

A. Carauddo is Entitled to Intervene Under FRCP 24(a)(2)

As Lucent correctly points out, under FRCP 24(a)(2) a person seeking intervention must establish three elements: 1) an interest in the subject matter of the pending litigation; 2) a substantial risk that the litigation will impair the interest; and 3) that the existing parties do not adequately protect that interest. *See, e.g., S. Cal. Edson Co. v. Lynch*, 307 F.3d 794, 802 (9th Cir. 2002) However, "the factors mentioned in the Rule are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation. Those factors are not rigid technical requirements." *San Juan County v. United States*, 503 F.3d 1163, 1193 (10th Cir. 2007). As one leading treatise explains:

> The inquiry required under *Rule 24(a)(2)* is a flexible one, and a practical analysis of the facts and circumstances of each case is appropriate. Although each of the three criteria is independent, practical application of *Rule 24(a)(2)* involves a balancing and blending of the independent components. The three criteria are not analyzed in a vacuum and, instead, are often applied as a group. 6 James Wm. Moore, et al., *Moore's Federal Practice* §24.03[1][b], at 24-25 (footnotes omitted) (3d ed 2006).

Finally, courts have routinely held that Rule 24(a) should be liberally construed **in favor of applicants for intervention**. *See, e.g., Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

Using this flexible approach to intervention, Carauddo's request for intervention should be granted.

To begin, both state and federal law permit aggrieved individuals to intervene in lawsuits brought by government agencies seeking to enforce civil rights laws. Under California Government Code §12965(c)(2), in any action filed by the DFEH, an aggrieved party "shall have the right to participate as a party and be represented by his or her own counsel." Similarly, under federal law, when the Equal Employment Opportunity Commission ("EEOC") files suit to vindicate the rights of individuals, an aggrieved party is entitled to intervene in the action. 42 U.S.C. §2000e-5(f)(1). These statutes, which evince a clear public policy in favor of allowing individuals to intervene in employment discrimination cases, "can inform the Rule 24(a)(2) calculus." *Def's Opp to Intervention* at 2 (quoting *Public Service Co. Of New Hampshire v. Patch*, 136 F.3d 197, 208 (1st Cir. 1998)). Since both state and federal laws contemplate that individuals will be permitted to intervene in discrimination suits filed by government agencies, Plaintiff-Intervenor submits that public policy weighs in favor of allowing Carauddo to intervene in this case.

Second, contrary to Lucent's assertions, the DFEH cannot adequately represent Carauddo's interests. In creating the DFEH, the Legislature's "aim was not so much to redress each discrete instance of individual discrimination as to eliminate the egregious and continued discriminatory practices of economically powerful organizations." *Jennings v. Marralle*, 8 Cal. 4th 121, 134 (1994). As a result, in an action brought by the DFEH, "the Department is the plaintiff and the employee only a witness." *Peralta Community College District v. Fair Employment and Housing Commission*, 52 Cal.3d 40, 54 (1990). As the "plaintiff" in the case, the DFEH is expected to litigate in order to further the societal goal of ending discrimination, without regard to whether the result is the most advantageous that could be achieved on behalf of the individual victim of discrimination. In contrast, if Carauddo is allowed to intervene, his only goal will be to maximize his personal

-4-
PLAINTIFF-INTERVENOR STEVEN J. CARAUDDO'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO INTERVENE- CASE NO. - C 07-3747 PJH

recovery. The possibility that there will be a conflict between the goals of the DFEH and Carauddo's personal goals is a sufficient basis upon which to grant the motion to intervene. *See, e.g., Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972) (the burden on a proposed intervenor to show inadequate representation is minimal, and can be satisfied by a showing that the representation of the intervenor's interests "may" be inadequate.)

Citing, *Arakaki v. Cayetano*, 324 F.3d 1078 (9th Cir. 2003), Lucent argues that Carauddo should not be allowed to intervene because the DFEH can adequately protect his interests. *Def's Opp to Intervention* at 3. However, the decision in *Arakaki* merely articulates the general rule that where a party seeks to intervene on the same side as a government agency, there is a presumption of adequacy. *Arakaki, supra*, 324 F.3d at 1086-87. The presumption, obviously, can be rebutted by the facts of the individual case. Plaintiff-Intervenor submits that in light of the strong public policy permitting individuals to intervene in employment discrimination cases, this presumption falls away.

Finally, to deny Plaintiff-Intervenor the right to intervene in the instant case would encourage defendants, such as Lucent, to engage forum shopping as a way to deny plaintiffs the right to intervene in employment discrimination cases brought to vindicate their rights. As even Lucent concedes, if this case had remained in state court, where it was originally filed by the DFEH, Carauddo would have had the absolute right to intervene. *Cal. Gov't Code* §12965(c)(2). Similarly, if Carauddo had filed his claim with the EEOC, and the EEOC had filed the case in federal court, Carauddo would have had the absolute right to intervene. 42 U.S.C. §2000e-5(f)(1). The only reason that there is even a dispute about whether Carauddo should be allowed to intervene in this case is that Lucent choose to remove this case to federal court. To allow Lucent to remove the case, and then to deny Carauddo the right to intervene solely because the case was removed, is not only patently unfair, but it will encourage defendants to remove cases from state to federal court (or vice

versa), in a calculated effort to deny individuals the right to participate in civil rights cases that are filed by state or federal agencies.

### B. Alternately, Carauddo Should Be Permitted to Intervene Under Rule 24(b)

In the event that this Court determines that Carauddo is not entitled to intervene under Rule 24(a), Carauddo seeks to intervene under Rule 24(b), which allows for permissive intervention "where the applicant's claim and the main action have a question of fact or law in common." *FRCP* 24(b).

Lucent argues that Carauddo should not be allowed to intervene because it would unduly complicate the case, and the potential imposition of attorneys fees would "impair the ability of the present party to settle this matter." *Def's Opp to Intervention* at 4. Neither of these arguments has merit.

First, allowing Carauddo to intervene in the case would not unduly complicate the case. As even Lucent concedes, the claims that Carauddo has asserted are either identical to those asserted by the DFEH or "purely derivative claims." *Def's Opp to Intervention* at 4. Therefore, allowing Carauddo to intervene will not introduce new or extraneous issues to the case.

Second, the mere fact that Carauddo's attorneys will propound "their own discovery" or file "additional motions," *ibid*, does not constitute undue delay or prejudice to Lucent, within the meaning of FRCP 24(b). As the court explained in *Defenders of Wildlife v. Johanns*, 2005 U.S. Dist. LEXIS 34455 (N.D. Cal. 2005),

> In assessing prejudice to the parties, the court considers "whether existing parties may be prejudiced by the *delay in moving to intervene* . . . not whether the intervention itself will cause the nature, duration or disposition of the lawsuit to change (otherwise, intervention would never be allowed because it inevitably prolongs the litigation." (*quoting* Schwarzer, Tashima & Wagstaffe, *Civil Procedure Before Trial* (2001) §7:191).

*See also Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 n. 10 (9th Cir. 2002) (where motions to intervene are filed near the case outset and the intervenors can follow the court's briefing schedule and procedural orders, there is "no issue whatsoever of undue delay.")

In suggesting that the filing of additional motions and discovery will result in undue delay or prejudice, Lucent has completely misinterpreted the requirements of Rule 24(b). (Indeed, Lucent has not cited,[1] and cannot cite, any cases that stand for the proposition that the mere filing of discovery and motions by an intervenor amounts to undue prejudice and delay.) Given that Carauddo filed his motion to intervene within months of the case being filed, and before any discovery has occurred, no delay or prejudice will result from his intervention in the case.

Finally, the fact that Carauddo's intervention may lead to the imposition of an award of attorneys' fees is simply not a justification for denying his motion to intervene. There is no case law suggesting that possible imposition of attorneys' fees is a reason to deny intervention. And, the fact that both state and federal law both permit an aggrieved person to intervene in an employment discrimination case brought by a government agency and permit the aggrieved person to recover attorneys' fees, makes it clear that the legislature did not think that an individuals' right to collect attorneys' fees should be a bar to intervention.

In sum, Lucent does not offer a compelling reason to deny Plaintiff-Intervenor's motion for intervention. In the absence of such a reason, and in light of the liberal policy in favor of intervention, Carauddo's motion to intervene should be granted.

---

[1] In arguing that intervention would "unduly delay and prejudice" its rights, Lucent cites three cases, none of which define the circumstances that would amount to undue delay and prejudice. *See Taylor Communications Group, Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 389; *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989), *Spangler v. Pasacdena City Bd. of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977). Indeed, in not a single one of these cases does even address the issue because the parties did not even allege that the intervention would cause delay or prejudice to the rights of the existing parties.

C. <u>Lucent's "Motion to Strike Jury Demand" Must Be Denied</u>

Lucent's pleading is captioned "Defendant Lucent Technologies Inc.'s Opposition to Motion to Intervene and in Support of Motion to Strike Jury Demand." Despite the clear implication of this caption, Lucent has not filed a formal "Motion to Strike Jury Demand." Moreover, in the text of the brief, Lucent has not made a single reference to the Motion to Strike. Plaintiff-Intervenor submits that Lucent's failure to file a formal Motion to Strike Jury Demand, or even offer any arguments in support of that Motion, should lead to the denial of the "Motion," with prejudice.

## III. CONCLUSION

For the foregoing reasons, plaintiff respectfully submits that Plaintiff-Intervenor's motion to intervene should be granted, and the complaint submitted in conjunction with the motion should be filed. Furthermore, Plaintiff-Intervenor submits that Lucent's motion to strike should be denied, with prejudice.

Dated: January 23, 2008        Respectfully submitted

                               VINICK LAW FIRM


                               By: /s/ _____
                                   Sharon R. Vinick