UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA DEPARTMENT OF
FAIR EMPLOYMENT AND HOUSING,

    Plaintiff,

    v.

LUCENT TECHNOLOGIES, INC.,

    Defendant.
_____/

No. C 07-3747 PJH

**ORDER GRANTING MOTION TO INTERVENE IN PART AND DENYING IT IN PART**

    The motion of proposed plaintiff-intervenor Steven Carauddo to intervene in the above-entitled action under Federal Rule of Civil Procedure 24 came on for hearing before this court on January 30, 2008.  Plaintiff California Department of Fair Employment and Housing ("DFEH") appeared by its counsel Susan Saylor, defendant Lucent Technologies, Inc. ("Lucent") appeared by its counsel Leslie J. Mann, and Steven Carauddo appeared by his counsel Sharon R. Vinick.

    Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion to intervene under Rule 24(a) and GRANTS the motion to intervene under Rule 24(b), as follows, for the reasons stated at the hearing.

    Intervention is permitted as "of right" either when a federal statue authorizes intervention, or when

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). Intervention "of right" under Rule 24(a)(2) involves a four-part test, each part of which must be satisfied. League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997).

An applicant for intervention as of right must demonstrate 1) that the application is timely; 2) that the applicant has a "significantly protectable interest" relating to the property or transaction involved in the pending lawsuit; 3) that disposition of the lawsuit may adversely affect the applicant's interest unless intervention is allowed; and 4) that the existing parties do not adequately protect the applicant's interests. Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 817-18 (9th Cir. 2001).

By contrast, permissive intervention under rule 24(b) requires only that the proposed intervener "have a question of law or fact in common" with the underlying action, that the request be timely made, and that the court have an independent basis for jurisdiction over the proposed intervener's claims. Fed. R. Civ. P. 24(b). No showing of direct personal interest is required. Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1109 (9th Cir. 2002).

If an applicant satisfies those threshold requirements, the district court has discretion to grant or deny permissive intervention. Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998). In exercising its discretion, the court must consider whether intervention will unduly delay the main action, or whether it will unfairly prejudice the existing parties. See Fed. R. Civ. P. 24(b)(2); Donnelly, 159 F.3d at 412.

In addition, the court may consider other relevant factors in making its discretionary decision. These factors include the nature and extent of the intervener's interest; the intervener's standing to raise legal relevant issues; the legal position the intervener seeks to advance and its probable relation to merits of case; whether changes have occurred in the litigation so that intervention that was once denied should be reexamined; whether the

1 intervener's interests are adequately represented by other parties; whether intervention will
2 prolong or unduly delay litigation; and whether the party seeking intervention will
3 significantly contribute to the full development of the underlying factual issues in suit and to
4 a just and equitable adjudication of the legal questions presented. <u>Spangler v. Pasadena</u>
5 <u>City Bd. of Ed.</u>, 552 F.2d 1326, 1329 (9th Cir. 1977).

6 As explained at the hearing, the court finds that California Government Code
7 § 12965(c) does not provide a statutory basis for intervention under Rule 24(a)(1), as it is
8 not a federal procedural statute, and that Mr. Carauddo has not established that DFEH
9 does not adequately protect his interests, as required for intervention under Rule 24(a)(2).
10 However, the court finds that Mr. Carauddo meets the requirements for intervention under
11 Rule 24(b), and finds further that there appears to be minimal delay or prejudice to Lucent,
12 and that the <u>Spangler</u> factors, on balance, favor granting the motion.

13 However, in line with the Supreme Court's discussion in <u>Stringfellow v. Concerned</u>
14 <u>Neighbors in Action</u>, 480 U.S. 370 , 375-76 (1987), the court finds that limits should be
15 placed on Mr. Carauddo's participation in the litigation. First, Mr. Carauddo may file
16 motions or oppositions to motions only as to those claims not asserted by DFEH. That is,
17 there shall be no duplicative motions or oppositions. Second, all discovery must be shared.
18 There shall be no discovery propounded by Mr. Carauddo that duplicates discovery
19 propounded by DFEH. Third, the court will not approve any request for attorney's fees for
20 duplicative work performed by Mr. Carauddo's counsel, or for any work on the claims
21 brought by DFEH.

23 **IT IS SO ORDERED.**

24 Dated: February 1, 2008

25 _____
PHYLLIS J. HAMILTON
United States District Judge