Steven R. Blackburn, State Bar No. 154797
Leslie J. Mann, State Bar No. 95467
Rachel S. Hulst, State Bar No. 197330
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone:    415.398.3500
Facsimile:    415.398.0955
SBlackburn@ebglaw.com
Lmann@ebglaw.com
RHulst@ebglaw.com

Attorneys for Defendant
Lucent Technologies, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>Plaintiff, and<br><br>STEVEN J. CARAUDDO<br><br>Plaintiff-Intervenor<br><br>v.<br><br>LUCENT TECHNOLOGIES INC., and; DOES 1 through 20,<br><br>Defendants. | CASE NO.: 3:07-cv-03747-PJH<br><br>**DEFENDANT LUCENT TECHNOLOGIES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM IN WHICH RELIEF CAN BE GRANTED**<br><br>**[FRCP 12(b) (6)]**<br><br>Hearing Date: April 16, 2008<br>Time:         9:00 a.m.<br>Courtroom:    3, 17th Floor<br><br>Judge Phyllis J. Hamilton |

I.  **INTRODUCTION**

The sole issue presented in this motion is whether the fourth cause of action for wrongful termination in violation of public policy Plaintiff-Intervenor Steven Carauddo's ("Carauddo") complaint is time barred. It is undisputed that Carauddo was terminated on January 27, 2006; he filed his complaint in intervention on February 20, 2008, more than two years after his

- 1 -

termination date. Since the complaint was not filed within the two year limitations period, the claim must be dismissed with prejudice.

## II. PROCEDURAL HISTORY

On June 27, 2007, the Department of Fair Employment and Housing ("DFEH") filed a Complaint alleging only statutory employment discrimination claims against Lucent, on behalf of Carauddo, real party in interest.  On July 19, Lucent answered the DFEH's state court complaint and on July 20, Lucent removed the complaint to this court on diversity grounds.  On August 7, the DFEH filed a motion for remand.   On October 9, 2007, this court denied that motion.

On November 5, Plaintiff-Intervenor Steven Carauddo filed a motion for leave to intervene.  Due to some procedural defects, Carauddo withdrew that motion and filed a new intervention motion on November 27, noticed for hearing on January 30, 2008.  Pursuant to this court's February 1 order, Carauddo's motion was granted in part, permitting him to file his complaint. On February 20, Carauddo filed his complaint in intervention ( "CII").  In the CII, Caraudo alleges a wrongful termination in violation of public policy claim as his fourth cause of action.

Carauddo has never previously alleged this cause of action against Lucent in any court.

## III. FACTUAL STATEMENT

Plaintiff alleges that on January 27, 2006, Lucent terminated Carauddo's employment, "purportedly because he was unable to perform the essential functions of his job."  CII ¶ 20.

## IV. CONCISE STATEMENT OF RELIEF SOUGHT

Pursuant to Local Rule 7-4(a), Lucent defines the issue presented by this motion as follows:

> Whether the Fourth Cause of Action should be dismissed with prejudice on the grounds that it is time barred by the two year statute of limitations.

## V. ARGUMENT

### A. PLAINTIFF'S FOURTH CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY SHOULD BE DISMISSED WITH PREJUDICE

Mr. Carraudo's wrongful termination in violation of public policy claim must be dismissed from this case because it is time barred.  Where the facts and dates alleged in the complaint indicate a claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies because the action (or claim) is time-barred. *Jablon v. Dean Witter & Co.* 614 F.2d 677, 682 (9th Cir. 1980); *ALA, Inc. v. CCAIR, Inc.* 29 F.3d 855, 859 (3rd Cir. 1994). Under California law, an action for wrongful termination in violation of public policy is subject to the personal injury statute of limitations. *Burrey v. Pacific Gas & Elec. Co.*, 159 F.3d 388, 395 (9th Cir. 1998) quoting *Barton v. New United Motor Mfg. Inc.* 43 Cal.App.4th 1200, 1206 (1996) (where "the primary nature of the right sued upon in a . . . wrongful termination action is personal," the one-year statute of limitations period applies); *Funk v. Sperry Corp.*, 842 F.2d 1129, 1133 (9th Cir. 1998); *Lamke v. Sunstate Equip. Co.*, 387 F. Supp. 2d 1044, 1051 (N.D. CA 2004).  *See Acuna v. Regents of University of California*, 56 Cal. App. 4th 639, 646 (1997). Under current law, the limitation period for personal injury torts is two years. *Lamke, supra,* 387 F. Supp. 2d at 1051.  *See* Cal. Civ. Proc. Code § 335.1 ("Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another.").

Mr. Carauddo's claim accrued when he was injured – i.e., terminated on January 27, 2006. *Lamke, supra,* 387 F. Supp. 2d at 1052.  The Complaint asserting his wrongful termination in violation of public policy claim was not filed however, until February 20, 2008.  Mr. Carauddo's filing was more than two years past his termination date.

No reason excuses his delay in filing.  Mr. Carauddo could have filed this claim at any time.  The common law claim of wrongful termination is not a claim that the DFEH could have filed. Cal. Gov't Code § 12965(b).  Since the wrongful termination claim was not filed in the limitations period, it must be dismissed with prejudice.

- 3 -

## VI. CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that its partial motion to dismiss be granted in its entirety, and that Plaintiff's fourth cause of action for wrongful termination in violation of public policy be dismissed with prejudice.

DATED: March 11, 2008                              EPSTEIN BECKER & GREEN, P.C.


By:  /s/ Leslie J. Mann
     Leslie J. Mann
     Rachel S. Hulst
Attorneys for Defendant
Lucent Technologies Inc.