Steven R. Blackburn, State Bar No. 154797
Leslie J. Mann, State Bar No. 95467
Rachel S. Hulst, State Bar No. 197330
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone:      415.398.3500
Facsimile:      415.398.0955
SBlackburn@ebglaw.com
LMann@ebglaw.com
RHulst@ebglaw.com

Attorneys for Defendant
LUCENT TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>Plaintiff, and<br><br>STEVEN J. CARAUDDO<br><br>Plaintiff-Intervenor<br><br>v.<br><br>LUCENT TECHNOLOGIES, INC., and DOES 1 through 20,<br><br>Defendants. | CASE NO.: 3:07-cv-03747-PJH<br><br>**COMPENDIUM OF STATE AUTHORITIES IN SUPPORT OF DEFENDANT LUCENT TECHNOLOGIES' PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM IN WHICH RELIEF CAN BE GRANTED**<br><br>Hearing Date: April 16, 2008<br>Time:            9:00 a.m.<br>Courtroom:    3, 17th Floor<br>Judge Phyllis J. Hamilton |

- 1 -

**<u>CALIFORNIA CASES</u>**                                                                     **<u>TAB NO.</u>**

*Acuna v. Regents of University of California*
          56 Cal.App.4th 639 (1997) ............................................................................................1

*Barton v. New United Motor Mfg. Inc.*
          43 Cal.App.4th 1200 (1996) ..........................................................................................2


**<u>CALIFORNIA STATUTES</u>**                                                         **<u>TAB NO.</u>**

California Code of Civil Procedure
          § 335.1.................................................................................................................................3

California Government Code
          § 12965(b)..........................................................................................................................4

DATED:  March 11, 2008                         EPSTEIN BECKER & GREEN, P.C.


                                               By:   /s/ Leslie J. Mann
                                                     Steven R. Blackburn
                                                     Leslie J. Mann
                                                     Rachel S. Hulst
                                               Attorneys for Defendant
                                               LUCENT TECHNOLOGIES, INC.

# TAB 1

LEXSEE 56 CAL. APP. 4TH 639

**RODOLFO F. ACUNA, Plaintiff and Appellant, v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al., Defendants and Respondents.**

**No. B102541.**

**COURT OF APPEAL OF CALIFORNIA, SECOND APPELLATE DISTRICT, DIVISION SIX**

*56 Cal. App. 4th 639; 65 Cal. Rptr. 2d 388; 1997 Cal. App. LEXIS 576; 76 Fair Empl. Prac. Cas. (BNA) 140; 71 Empl. Prac. Dec. (CCH) P44,901; 97 Cal. Daily Op. Service 5754; 97 Daily Journal DAR 9340*

**June 25, 1997, Decided**

**SUBSEQUENT HISTORY:** [***1] The Publication Status of this Document has been Changed by the Court from Unpublished to Published July 18, 1997. Review Denied October 1, 1997 (S063333), Reported at: *1997 Cal. LEXIS 6245.*

**PRIOR HISTORY:** Superior Court County of Santa Barbara. Santa Barbara County Super. Ct. No. 196297. James M. Slater, Judge.

**DISPOSITION:** Judgment affirmed.

**SUMMARY:**

**CALIFORNIA OFFICIAL REPORTS SUMMARY**

After an individual's application for a tenured faculty position with the University of California was denied, he brought an action for employment discrimination against the university regents and the university employees who participated in the decision. The trial court ruled that the cause of action for violation of plaintiff's speech rights (*Cal. Const., art. I, § 2*) was time barred, and that the remaining causes of action for race, ethnicity, and age discrimination were barred by a federal judgment. (Superior Court of Santa Barbara County, No. 196297, James M. Slater, Judge.)

The Court of Appeal affirmed. The court held that the trial court properly ruled that the cause of action for violation of plaintiff's speech rights was barred by the one-year statute of limitations (*Code Civ. Proc., § 340, subd. 3*). The one-year period under *Code Civ. Proc., § 340, subd. 3*, embraces not only bodily injuries but all infringements of personal rights, whereas the two-year period under *Code Civ. Proc., § 339, subd. 1*, applies only to property rights. Plaintiff had no property right to a tenured teaching position. The court also held that the trial court did not err in ruling that a summary judgment against plaintiff on his title VII race and ethnic discrimination claims in federal court barred him from relitigating discrimination claims in state court for damages under the Fair Employment and Housing Act (FEHA). The race and ethnicity claims, whether brought under title VII or FEHA, arose from the same primary right: the right to be free of invidious employment discrimination. The court further held that the public interest exception to the doctrine of res judicata did not prevent the summary judgment against plaintiff in federal court from barring him from relitigating his claims in state court, since plaintiff's civil claim did not affect a broad public interest. The court also held that plaintiff was not entitled to summary adjudication as to his age discrimination claim under FEHA, notwithstanding that a judgment had been entered in federal court for plaintiff on his claim of age discrimination under the Age Discrimination in Employment Act. Plaintiff did not move for summary adjudication in state court, and the federal judgment barred plaintiff from suing for damages on the FEHA claim. A valid judgment, even one in favor of the plaintiff, merges the cause of action in the judgment and bars a second action for additional damages. Having obtained a federal judgment for age discrimination, plaintiff could not seek FEHA damages for the same injury. (Opinion by Yegan, J., with Stone (S. J.), P. J., and Gilbert, J., concurring.)

**HEADNOTES**

**CALIFORNIA**      **OFFICIAL**      **REPORTS HEADNOTES**
Classified to California Digest of Official Reports

56 Cal. App. 4th 639, *; 65 Cal. Rptr. 2d 388, **;
1997 Cal. App. LEXIS 576, ***; 76 Fair Empl. Prac. Cas. (BNA) 140

**(1) Limitation of Actions § 26--Period of Limitation--Employment Discrimination--Violation of Speech Rights--One-year Statute of Limitations.** --In an employment discrimination action based on the denial of plaintiff's application for a tenured faculty position with the University of California, the trial court properly ruled that the cause of action for violation of plaintiff's speech rights (*Cal. Const., art. I, § 2*) was barred by the one-year statute of limitations (*Code Civ. Proc., § 340, subd. 3*). To determine the applicable statute of limitations, a court must focus on the nature of the right sued upon, not the form of action or relief demanded. The one-year period under *Code Civ. Proc., § 340, subd. 3*, embraces not only bodily injuries but all infringements of personal rights, whereas the two-year period under *Code Civ. Proc., § 339, subd. 1*, applies only to property rights. Plaintiff had no property right to a tenured teaching position. Moreover, a letter from the university's chancellor to a member of Congress, in response to a general inquiry about the denial of the application, did not toll the statute. Equitable tolling applies where a plaintiff has several legal remedies for the same harm and in good faith pursues one. Plaintiff, however, had no administrative remedies that might have tolled the statute. Nor did the court err in denying plaintiff's request to continue a hearing on a summary adjudication motion and conduct additional discovery; no showing was made that the discovery would have led to the production of controverting evidence on the limitations issue.

**(2a) (2b) Judgments § 79--Res Judicata--Judgment as Merger or Bar--Employment Discrimination--Effect of Previous Federal Civil Rights Action.** --In an employment discrimination action based on the denial of plaintiff's application for a tenured faculty position with the University of California, the trial court did not err in ruling that a summary judgment against plaintiff on his title VII race and ethnic discrimination claims in federal court barred him from relitigating discrimination claims in state court for damages under the Fair Employment and Housing Act (FEHA). The race and ethnicity claims, whether brought under title VII or the FEHA, arose from the same primary right: the right to be free of invidious employment discrimination. Moreover, the federal summary judgment was not an interlocutory order. A judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of rendition. Although the federal court declined to exercise pendent jurisdiction over the FEHA claim, the same discrimination claims were litigated. The fact that the FEHA provides different remedies than its federal counterpart did not change the nature of the primary right being sued upon. Where a plaintiff elects to proceed in federal court, the entire cause of action is either merged in or barred by the federal court judgment so

that the plaintiff may not thereafter maintain a second suit on the same cause of action in state court.

[See 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 298.]

**(3) Judgments § 77--Res Judicata--Judgment as Merger or Bar--Matters Concluded--Primary Rights.** --The doctrine of res judicata precludes parties or their privities from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. California follows the primary right theory; i.e., a cause of action consists of a primary right possessed by the plaintiff, a corresponding primary duty devolving upon the defendant, and a delict or wrong done by the defendant that consists in a breach of such primary right and duty. Thus, two actions constitute a single cause of action if they both affect the same primary right. Where an action is filed in a California state court and the defendant claims the suit is barred by a final federal judgment, California will determine the res judicata effect of the prior federal court judgment on the basis of whether the federal and state actions involve the same primary right.

**(4) Judgments § 79--Res Judicata--Judgment as Merger or Bar--Employment Discrimination--Effect of Previous Federal Civil Rights Action--University Employees Sued In Official Versus Personal Capacities.** --In an employment discrimination action based on the denial of plaintiff's application for a tenured faculty position with the University of California, a summary judgment against plaintiff on his title VII race and ethnic discrimination claims in federal court barred him from relitigating discrimination claims in state court for damages under the Fair Employment and Housing Act (FEHA), notwithstanding that defendants were sued in their official capacity in the federal action, while the state action alleged that defendants acted in both their personal and official capacities. Under the FEHA, university employees cannot be held personally liable for a discriminatory hiring practice, and the doctrine of res judicata applies to the parties or their privies. In this instance, the parties were the same. Moreover, res judicata applied notwithstanding that the action was filed in state court and removed to federal court on defendants' motion. The federal and state claims were based on the same primary right, and plaintiff amended the federal complaint to reallege the FEHA claim as a title VII violation. When plaintiff prosecuted the discrimination claims in federal court, he did so chargeable with knowledge that such would jeopardize his state claims where greater damages were theoretically permitted.

**(5) Judgments § 79--Res Judicata--Judgment as Merger or Bar--Employment Discrimination--Effect of Previous Federal Civil Rights Action--Public Inter-**

56 Cal. App. 4th 639, *; 65 Cal. Rptr. 2d 388, **;
1997 Cal. App. LEXIS 576, ***; 76 Fair Empl. Prac. Cas. (BNA) 140

est Exception. --In an employment discrimination action based on the denial of plaintiff's application for a tenured faculty position with the University of California, the public interest exception to the doctrine of res judicata did not prevent a summary judgment against plaintiff on his title VII race and ethnic discrimination claims in federal court from barring him from relitigating discrimination claims in state court for damages under the Fair Employment and Housing Act (FEHA). The public interest exception is an extremely narrow one, applying only if there is a clear and convincing need to relitigate an issue because the federal judgment creates a potential adverse impact on the public or persons not parties to the federal action. Plaintiff's civil claim did not affect a broad public interest. Having prevailed on his federal age discrimination claim, he could not seek additional damages in state court. Otherwise, every plaintiff claiming employment discrimination could sue in federal court, obtain a judgment for title VII or Age Discrimination in Employment Act damages, and sue for additional damages in state court.

**(6) Judgments § 79--Res Judicata--Judgment as Merger or Bar--Employment Discrimination--Effect of Previous Federal Civil Rights Action--Age Discrimination Claims.** --In an employment discrimination action based on the denial of plaintiff's application for a tenured faculty position with the University of California, plaintiff was not entitled to summary adjudication as to his age discrimination claim under the Fair Employment and Housing Act (FEHA), notwithstanding that a prior federal judgment had been entered in favor of plaintiff on his claim of age discrimination under the Age Discrimination in Employment Act. Plaintiff did not move for summary adjudication in state court, and the federal judgment barred plaintiff from suing for damages on the FEHA claim. A valid judgment, even one in favor of the plaintiff, merges the cause of action in the judgment and bars a second action for additional damages. Having obtained a federal judgment for age discrimination, plaintiff could not seek FEHA damages for the same injury.

**COUNSEL:** Moises Vazquez, Silvia R. Aargueta and Robert Racine for Plaintiff and Appellant.

James E. Holst, John F. Lundberg, David M. Birnbaum, Corbett & Kane, Judith Droz Keyes and Ian P. Fellerman for Defendants and Respondents.

**JUDGES:** Opinion by Yegan, J., with Stone S. J., P. J., and Gilbert, J., concurring.

**OPINION BY:** YEGAN

**OPINION**

[*643] [**390] **YEGAN, J.**

Roldofo F. Acua appeals from a judgment of dismissal entered after the trial court granted motions for summary adjudication and summary judgment on his action for employment discrimination. The trial court ruled that the cause of action for violation of appellant's speech rights (*Cal. Const., art. I, § 2*) was time barred, and the remaining causes of action for race, ethnicity, and age [**391] discrimination were barred by a federal judgment. We affirm.

*FACTS*

In 1990, appellant, a scholar in Chicano studies, [***2] applied for a tenured faculty position at the University of California Santa Barbara (UCSB). UCSB Chancellor Barbara Uehling denied the application on June 19, 1991 based on the recommendations of the University Provost David Sprecher, the Academic Senate Committee on Academic Personnel, Associate Vice Chancellor Julius Zelmanowitz, and Vice Chancellor Gordon Hammes.

On September 25, 1992, appellant filed suit against the Regents of the University of California (Regents) and university employees who participated in the decision-making process. [1] (Acua v. Regents of University of California (Super. Ct. Alameda County, No. 706072-2).) The complaint [*644] alleged violations of the Fair Employment and Housing Act (FEHA) based on race, ethnicity, and age (*Gov. Code, § 12900 et seq.*), employment discrimination based on appellant's political views and speech (*Cal. Const., art. I, § 2*), and a violation of the federal Age Discrimination in Employment Act (ADEA) (*29 U.S.C. § 623(a)(1)*).

> 1    Appellant sued the following university employees in their individual and official capacities: University of California President David Gardner, UCSB Chancellor Barbara Uehling, Vice Chancellor Gordon Hammes, Associate Vice Chancellor Julius Zelmanowitz, Larry Ayres, Donald Brown, Philip Hammond, Wilbert Lick, Elizabeth Mannion, John Ridland, Brian Ross, Jeffrey Russell, and William Wise.

[***3]    The action was removed to the United States District Court for the Northern District of California. (*Code Civ. Proc., § 397.*) Respondents brought a motion to dismiss the state causes of action on the ground that they were barred by the 11th Amendment. Appellant filed a cross-motion to remand the FEHA causes of action back to state court. The federal court remanded the state causes of action back to the Alameda County Superior Court and retained jurisdiction over the

56 Cal. App. 4th 639, *; 65 Cal. Rptr. 2d 388, **;
1997 Cal. App. LEXIS 576, ***; 76 Fair Empl. Prac. Cas. (BNA) 140

federal ADEA claim. As a result of the partial remand, the action was split into two actions.

In March 1993, the federal action was transferred to the United States District Court for the Central District of California. (*Acua v. Regents of University of California* (U.S. Dist. Ct. (C.D.Cal.), 1993, No. CV 93-1548 HLH).) On March 19, 1993, the Alameda County Superior Court transferred the state court action from Oakland to Santa Barbara County. (Acua v. Regents of University of California (Super. Ct. Santa Barbara County, No. SB196297).)

*THE FEDERAL ACTION*

Appellant amended the complaint in the federal action to allege causes of action for race and ethnic discrimination under title VII of the Civil Rights [***4] Act of 1964 (*42 U.S.C. § 2000e et seq.*) and age discrimination under the ADEA (*29 U.S.C. § 623(a)(1)*). On March 10, 1995, the federal court granted summary judgment for respondents on the title VII causes of action.

Appellant proceeded to trial on the ADEA cause of action and was awarded substantial damages and attorney's fees against the Regents. The ADEA claim, however, did not permit general or punitive damages. The federal court entered judgment for the individual respondents (the university employees) because they had no personal liability under the ADEA. (*Miller v. Maxwell's Intern. Inc. (9th Cir. 1993) 991 F.2d 583, 587*.)

*THE STATE COURT ACTION*

On September 22, 1994, respondents moved for summary adjudication on the second amended complaint, third cause of action for speech discrimination. (*Cal. Const., art. I, § 2.*) The trial court granted the motion, ruling that [*645] the cause of action was barred by the one-year state of limitations. ( *Code Civ. Proc., § 340, subd. (3).*)

Appellant filed a third amended complaint alleging causes of action for race, ethnic, and age discrimination in violation of the FEHA. The discrimination claims were identical to [***5] the federal title VII claims but sought damages under the FEHA.

Respondents moved for summary adjudication on the ground that the FEHA causes of [**392] action for race and ethnic discrimination were barred by the federal summary judgment. Granting the motion, the trial court ruled: "[T]he same primary right is involved in both causes of action in the parallel state and federal proceedings. Plaintiff has a primary right to be free of invidious discrimination in selection for employment based on race, and a similar primary right in regard to discrimination based on national origin. [*Mattson v. City of Costa*

*Mesa (1980) 106 Cal. App. 3d 441, 447 (164 Cal. Rptr. 913).]* Plaintiff is entitled to one full and fair opportunity to litigate his claims under each of those causes of action, in a court of competent jurisdiction. [P] California state law precludes a plaintiff from relitigating the same cause of action against the same defendants in state court, after a final federal judgment adverse to the plaintiff on the same cause of action. [Citations.]"

The trial court stayed the action on the age discrimination claim until the federal ADEA action was tried. On January 5, 1996, respondents [***6] moved for summary judgment on the ground that that the FEHA age discrimination claim was barred by the federal judgment against the Regents. The trial court granted the motion ruling that the federal judgment was a res judicata bar. This appeal followed.

*SPEECH    DISCRIMINATION/STATUTE    OF LIMITATIONS*

(1) Appellant contends that the trial court erred in finding that the cause of action for speech discrimination was barred by the one-year statute of limitations. ( *Code Civ. Proc., § 340, subd. (3).*) The second amended complaint alleged: "Defendants improperly considered plaintiff's political views, speech and other activities in refusing to hire plaintiff, thereby infringing on his exercise of his free speech rights . . . in violation of *California Constitution, art. I, § 2.*" [2]

> 2  *Article I, section 2 of the California Constitution*, states in pertinent part: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press."

[***7] Here the cause of action for speech discrimination is analogous to federal statutes prohibiting discrimination based on an employee's exercise of his or [*646] her First Amendment rights. ( *Wilson v. Garcia (1985) 471 U.S. 261, 278-280 [105 S. Ct. 1938, 1948-1949, 85 L. Ed. 2d 254, 268-269]* [42 United States Code section 1983 action governed by state statute of limitations for personal injury actions; *Harrison v. County of Alameda (N.D.Cal. 1989) 720 F. Supp. 783, 788* [title VII action for employment discrimination subject to *Code of Civil Procedure section 340, subdivision (3)*]; *Reed v. United Transportation Union (1989) 488 U.S. 319, 326 [109 S. Ct. 621, 626-627, 102 L. Ed. 2d 665, 675-676]* [violation of the Labor Management Reporting and Disclosure Act of 1959 (*29 U.S.C. § 411(a)(2)*) concerning right to free speech and assembly governed by statute of limitations for personal injury claims]; *Taylor v. Regents of Univ. of Cal. (9th Cir. 1993) 993 F.2d 710,*

56 Cal. App. 4th 639, *; 65 Cal. Rptr. 2d 388, **;
1997 Cal. App. LEXIS 576, ***; 76 Fair Empl. Prac. Cas. (BNA) 140

712 [civil rights action against university subject to one-year statute of limitations].)

We hold that the claim for violation of appellant's speech rights is subject to the one-year statute of [***8] limitations. ( *Code Civ. Proc., § 340, subd. (3).)* "The one-year limitation period specified in *section 340, subdivision 3,* embraces not only bodily injuries but all infringements of personal rights as opposed to property rights. [Citations.]" ( *Edwards v. Fresno Community Hosp. (1974) 38 Cal. App. 3d 702, 705 [113 Cal. Rptr. 579, 3 A.L.R.4th 1209].)* Assuming that the university wrongfully fired a tenured professor because it disapproved of his or her political views, an action for wrongful termination would be subject to a one-year statute of limitations. ( *Barton v. New United Motor Manufacturing, Inc. (1996) 43 Cal. App. 4th 1200, 1209 [51 Cal. Rptr. 2d 328]; Funk v. Sperry Corp. (9th Cir. 1988) 842 F.2d 1129, 1133.)* The same statute of limitations should apply to job applicants who allege wrongful denial of public employment because of their political views.

Appellant contends that the two-year statute of limitations applies because the faculty position is a property right. ( *Code Civ. Proc., § 339, subd. 1.)* In determining the applicable statute of limitations, a court must focus on the nature of the right [**393] sued upon, not the form of action or relief demanded. [***9] ( *Edwards v. Fresno Community Hosp., supra, 38 Cal. App. 3d 702, 704; Augusta v. United Service Automobile Assn. (1993) 13 Cal. App. 4th 4, 8 [16 Cal. Rptr. 2d 400].)* "Courts have frequently been asked to choose between the one-year period of *section 340, subdivision 3,* and the two-year period of *section 339, subdivision 1.* The principle of selection which has emerged is that the one-year period applies to all alleged infringements of personal rights, whereas the two-year period applies only to alleged infringements of property rights. [Citations.]" ( *Richardson v. Allstate Ins. Co. (1981) 117 Cal. App. 3d 8, 12 [172 Cal. Rptr. 423].)*

We reject the argument that the two-year statute of limitations applies. Appellant had no property right to a tenured teaching position. (E.g., *Scharf [*647] v. Regents of the University of California (1991) 234 Cal. App. 3d 1393, 1407-1408 [286 Cal. Rptr. 227]; King v. Regents of the University of California (1982) 138 Cal. App. 3d 812, 815 [189 Cal. Rptr. 189].)* The cause of action for violation of appellant's state constitutional rights accrued on June 19, 1991, when Chancellor Uehling denied the application. [***10] Appellant filed suit on September 25, 1992, 15 months later. The trial court correctly ruled that the action for failure to hire in violation of appellant's speech rights was time-barred. ( *Code Civ. Proc., § 340, subd. (3); Barton v. New United Motor Manufacturing, Inc., supra, 43 Cal. App. 4th 1200, 1209.)*

Appellant asserts that the one-year statute of limitations did not run until he exhausted his administrative remedies with the university. The argument lacks merit. Appellant had no administrative remedy. After Chancellor Uehling denied the application, the only avenue of appeal was for the UCSB Department of Chicano Studies to submit a request for reconsideration. The department, however, did not seek a reconsideration. [3]

> 3  On July 14, 1991, appellant wrote to Vice Chancellor Julius Zelmanowitz stating: "I am compelled to exercise my prerogative to appeal your faculty reviewing agency's decision. And, I want to receive a written notification of internal and external remedies that may be open to me. I made this request *per telephone conversation* to your former vice-chancellor who denied me this information, giving me the impression that, because I was not an employee of UCSB, no remedies were open to me."
>
> After appellant was provided a summary of the academic committee's findings, he sent a letter stating that the university had "conspired under the guise of an academic review to assassinate my professional and personal reputation." THE LETTER STATED: "This arrogance of power must be exposed and I intend to take this matter public and I am meeting with legal counsels in an effort to get institutional support for a legal suit that hopefully will democratize UCSB and expose its pattern of racism towards Chicanos."

[***11] Appellant claims that the statute of limitations was tolled until November 6, 1991, when Chancellor Uehling sent a letter to Congressman Edward R. Roybal. The argument is not persuasive. On August 20, 1991, Vice Chancellor Zelmanowitz advised appellant that he had no administrative remedy. Appellant started a letter writing campaign and threatened to organize a student rally to protest the decision. Chancellor Uehling's November 6, 1991, letter to Congressman Edward R. Roybal was in response to a general inquiry concerning the denial of appellant's application for a faculty position.

We reject the argument that the statute of limitations was tolled until appellant finished his letter writing campaign. Equitable tolling applies where the injured person has several legal remedies for the same harm and in good faith pursues one. ( *Elkins v. Derby (1974) 12 Cal. 3d 410, 414 [115 Cal. Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839]; Addison v. State of California (1978) 21 Cal. 3d 313, 317 [146 Cal. Rptr. 224, 578 P.2d 941].)* The evidence [*648] is uncontroverted that appellant did not file an administrative appeal with the university and had no right to do so. The assertion [***12] that respondents

56 Cal. App. 4th 639, *; 65 Cal. Rptr. 2d 388, **;
1997 Cal. App. LEXIS 576, ***; 76 Fair Empl. Prac. Cas. (BNA) 140

were estopped from asserting the statute of limitations is unsupported by the record.

Equally without merit is the argument that the trial court erred in denying appellant's request to continue the hearing on the summary adjudication motion and conduct additional discovery. ( *Code Civ. Proc., § 437c, subd. (h)*.) No showing was made that the proposed discovery would lead to the production of controverting evidence [**394] on the statute of limitations issue. ( *Scott v. CIBA Vision Corp. (1995) 38 Cal. App. 4th 307, 326 [44 Cal. Rptr. 2d 902]; Korens v. R. W. Zukin Corp. (1989) 212 Cal. App. 3d 1054, 1061-1062 [261 Cal. Rptr. 137].*)

### RES JUDICATA

(2a) The trial court ruled that the federal summary judgment on the Cap throughout title VII race and ethnic discrimination claims barred appellant from relitigating the same discrimination claims in state court. No error occurred.

(3) "It is established that the doctrine of res judicata precludes parties or their privities from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. [Citations.] . . . California follows the primary right theory of Pomeroy; i.e., a cause [***13] of action consists of 1) a primary right possessed by the plaintiff, 2) a corresponding primary duty devolving upon the defendant, and 3) a delict or wrong done by the defendant which consists in a breach of such primary right and duty. [Citation.] Thus, two actions constitute a single cause of action if they both affect the same primary right. Where, as here, an action is filed in a California state court and the defendant claims the suit is barred by a final federal judgment, California will determine the res judicata effect of the prior federal court judgment on the basis of whether the federal and state actions involve the same primary right. [Citation.]" ( *Gamble v. General Foods Corp. (1991) 229 Cal. App. 3d 893, 898 [280 Cal. Rptr. 457].*)

In *Gamble*, the plaintiff filed a title VII action for wrongful termination based on race discrimination. Before the federal action was tried, Gamble filed a state court action alleging that defendant breached an implied-in-fact contract. The federal district court found that plaintiff was terminated for nondiscriminatory business reasons and entered judgment for defendant.

Based on the federal judgment, defendant successfully [***14] moved for summary judgment in state court on res judicata grounds. Plaintiff appealed, [*649] citing *Agarwal v. Johnson (1979) 25 Cal. 3d 932 [160 Cal. Rptr. 141, 603 P.2d 58]* for the proposition that the title VII action involved a different primary right. The Court of Appeal held: "This case is clearly distinguish-

able from *Agarwal*, wherein the plaintiff's title VII federal claim was to remedy the economic loss in wages, while the state action was for defamation and intentional infliction of emotional distress. [Citation.]" ( *Gamble v. General Foods Corp., supra, 229 Cal. App. 3d at p. 901.*) Under a primary rights analysis, the doctrine of res judicata applied (claim preclusion), rather than collateral estoppel (issue preclusion), because the federal and state actions arose from the violation of the same primary right. (*Ibid.*)

In *Johnson v. American Airlines, Inc. (1984) 157 Cal. App. 3d 427 [203 Cal. Rptr. 638]* the same principle was invoked to bar an FEHA action. There, a group of flight attendants sued American Airlines in federal court for sex discrimination under title VII. The action settled and judgment was entered against American Airlines. [***15] Plaintiff, a flight attendant, filed suit against American Airlines in state court for violations of the FEHA and state Constitution. The trial court found that the action was barred by the federal judgment. The Court of Appeal affirmed, holding that the federal and state claims arose from the same primary right. The court rejected plaintiff's argument that the FEHA action, which provided broader remedies (i.e., emotional distress damages and punitive damages), involved a different primary right. ( *Id., at p. 432.*) "The 'primary right' allegedly violated in the instant case is the same as that asserted in the earlier federal class action: the right to be free from employment discrimination based on sex . . . . Appellant is seeking to assert or protect the same rights in this state court action which formed the basis of the class action complaint . . . and the remedies sought here are the same as those secured in the class action settlement. Res judicata applies." ( *Id., at p. 433.*)

(2b) Here the race and ethnicity claims, whether brought under title VII or the FEHA, arise from the same primary right: the right to be free of invidious employment discrimination. We conclude that [***16] the federal [**395] summary judgment on the title VII causes of action bars the state action for FEHA damages. ( *Johnson v. American Airlines, Inc., supra, 157 Cal. App. 3d 427, 432-433; Gamble v. General Foods Corp., supra, 229 Cal. App. 3d 893, 901; Scripps Clinic and Research v. Genetech, Inc. (N.D.Cal. 1988) 678 F. Supp. 1429, 1436-1437.*) Appellant is not entitled to a second bite at the apple.

Appellant asserts that the federal summary judgment was an interlocutory order and was not final. We disagree. " '[A] judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set [*650] aside in the court of rendition.' [Citations.]" ( *Calhoun v. Franchise Tax Bd. (1978) 20 Cal.*

Case 3:07-cv-03747-PJH    Document 47    Filed 03/11/2008    Page 10 of 24

Page 7

56 Cal. App. 4th 639, *; 65 Cal. Rptr. 2d 388, **;
1997 Cal. App. LEXIS 576, ***; 76 Fair Empl. Prac. Cas. (BNA) 140

*3d 881, 887 [143 Cal. Rptr. 692, 574 P.2d 763]; Continental Airlines Inc. v. McDonnell Douglas Corp. (1989) 216 Cal. App. 3d 388, 398 [264 Cal. Rptr. 779]* [federal order granting partial summary judgment constitutes res judicata bar].)

Appellant further argues that the doctrine of res judicata does not apply because the federal court declined to take pendent jurisdiction over the FEHA claims. The argument lacks merit. [***17] The fact that the FEHA provides different remedies than its federal counterpart (title VII and the ADEA) does not change the nature of the primary right being sued upon.

Appellant's reliance on *Craig v. County of Los Angeles (1990) 221 Cal. App. 3d 1294 [271 Cal. Rptr. 82]*, and *Merry v. Coast Community College Dist. (1979) 97 Cal. App. 3d 214 [158 Cal. Rptr. 603]* is misplaced. In those cases the federal and state claims did not involve the same primary right. Moreover, the plaintiff in each case abandoned the federal lawsuit after the federal court declined to hear the state law claims.

In the instant case, appellant continued with the federal action after the state claims were remanded. He amended the federal complaint to add race and ethnicity discrimination, making the federal complaint a mirror image of the state FEHA claim. The amended federal complaint alleged that the discriminatory acts (race, ethnicity, and age discrimination) were all part of a discriminatory hiring practice. Although the federal court declined to exercise pendent jurisdiction over the FEHA claim, the same discrimination claims were alleged and litigated. "While claims under the FEHA and federal [***18] antidiscrimination remedies have their substantive differences, they are generally treated by courts as analogous. [Citations.] What is significant for collateral estoppel purposes is that the issue decided in the federal proceedings . . . is the pivotal factual issue that must be decided in the state FEHA proceedings. Once we give collateral estoppel effect to the prior judicial determination, . . . the outcome of the state FEHA proceedings is preordained." ( *Lumpkin v. Jordan (1996) 49 Cal. App. 4th 1223, 1231-1232 [57 Cal. Rptr. 2d 303]*.)

Where, as here, the plaintiff "elects to proceed to trial and judgment in the federal court, his entire cause of action is either merged in or barred by the federal court judgment so that he may not thereafter maintain a second suit on the same cause of action in a state court. [P] A contrary rule would invite manipulation. It would permit a plaintiff halfheartedly to request a federal court to exercise pendent jurisdiction, offer little resistance to any argument by the defendant against its exercise, and hope that the federal court would [*651] decline to exercise pendent jurisdiction and thereby reserve to the plaintiff a second [***19] chance to prevail in a state court action

should he be successful in the federal court. Judicious utilization of judicial and litigant resources become ever more essential in the wake of the law explosion. The efficient administration of justice would not be advanced by a rule resulting in or encouraging multiple litigation of a single cause of action." ( *Mattson v. City of Costa Mesa (1980) 106 Cal. App. 3d 441, 455 [164 Cal. Rptr. 913]*.)

In *Mattson v. City of Costa Mesa*, the plaintiff filed a complaint in federal court for violation of his civil rights and negligence. The federal court declined to take pendent jurisdiction and dismissed the negligence cause of action without prejudice. Plaintiff filed a complaint in state court but did not serve the complaint until the federal action was tried and judgment was entered for the city. The [**396] City claimed that the federal judgment was a res judicata bar to the state action. The trial court agreed and sustained city's demurrer without leave to amend. The Court of Appeal affirmed, holding that plaintiff was barred from relitigating the negligence claim in state court.

The same principle controls here. Having adjudicated the title [***20] VII and ADEA claims in federal court, plaintiff may not relitigate the race, ethnicity, and age discrimination claims in state court. ( *Mattson v. City of Costa Mesa, supra, 106 Cal. App. 3d at pp. 455-456*.)

(4) Appellant maintains that the doctrine of res judicata does not apply because respondents were sued in their official capacity in the federal action. The state action alleges that respondents acted in their personal and official capacities. Appellant claims that there is no identity of interests between the parties (i.e., a title VII defendant sued in his official capacity is not the same as an FEHA defendant sued in his individual capacity). The argument is specious.

Under the FEHA, university employees cannot be held personally liable for a discriminatory hiring practice. ( *Melugin v. Zurich Canada (1996) 50 Cal. App. 4th 658, 666-667 [57 Cal. Rptr. 2d 781]; Janken v. GM Hughes Electronics (1996) 46 Cal. App. 4th 55, 66 [53 Cal. Rptr. 2d 741]* [management and supervisorial employees have no personal liability for age discrimination]; *Caldwell v. Montoya (1995) 10 Cal. 4th 972, 976 [42 Cal. Rptr. 2d 842, 897 P.2d 1320]* [Gov. Code, § 820.2 immunizes [***21] school board members from personal liability on FEHA discrimination claim].) It is settled that the doctrine of res judicata applies to the parties or their privies. ( *Bernhard v. Bank of America (1942) 19 Cal. 2d 807, 810-813 [122 P.2d 892]*.) Here the parties are the same. It is irrelevant whether respondents were sued in their individual or representative capacity in the federal action.

Page 8

56 Cal. App. 4th 639, *; 65 Cal. Rptr. 2d 388, **;
1997 Cal. App. LEXIS 576, ***; 76 Fair Empl. Prac. Cas. (BNA) 140

[*652] Appellant also contends that the doctrine of res judicata does not apply because the action was filed in state court and removed to federal court on respondents' motion. The argument elevates form over substance. The federal and state claims were based on the same primary right. As discussed, appellant amended the federal complaint to reallege the FEHA claim as a title VII violation. Unlike the plaintiff in *Merry v. Coast Community College Dist., supra, 97 Cal. App. 3d 214*, appellant prosecuted the discrimination claims in federal court. He did so chargeable with knowledge that such would jeopardize his state claims where greater damages were theoretically permitted. This was a tactical decision.

We reject the argument that respondents are estopped from asserting the [***22] federal judgment as a res judicata bar. (E.g., *Mattson v. City of Costa Mesa, supra, 106 Cal. App. 3d 450, 455-456* [no estoppel where defendant successfully opposed federal court jurisdiction over state law claims]; *Gamble v. General Foods Corp., supra, 229 Cal. App. 3d 893, 902-903* [no estoppel where defendant opposed motion to consolidate federal and state claims in federal court].)

*PUBLIC INTEREST EXCEPTION*

(5) Appellant argues that the doctrine of res judicata may not be invoked "if injustice would result or if the public interest requires that relitigation not be foreclosed. [Citations.]" (*Consumers Lobby Against Monopolies v. Public Utilities Com. (1979) 25 Cal. 3d 891, 902 [160 Cal. Rptr. 124, 603 P.2d 41]*.) The public interest exception is an extremely narrow one. (*Arcadia Unified School Dist. v. State Dept. of Education (1992) 2 Cal. 4th 251, 259 [5 Cal. Rptr. 2d 545, 825 P.2d 438]*.) It only applies if there is a clear and convincing need to relitigate the issue because the federal judgment creates a potential adverse impact on the public or persons not parties to the federal action. (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § [***23] 276, p. 717.)

We reject the argument that appellant's civil claim affects a broad public interest. Having prevailed on the federal age discrimination, he may not seek additional damages in state court. (*Mattson v. City of Costa Mesa, supra, 106 Cal. App. 3d 441, 455-456; Johnson v. American Airlines, Inc., supra, 157 Cal. App. 3d 427, 433;* [**397] *Gamble v. General Foods Corp., supra, 229 Cal. App. 3d 893, 899-901*.) If the rule were otherwise, every plaintiff claiming employment discrimination could sue in federal court, obtain a judgment for title

VII or ADEA damages, and sue for additional damages in state court.

*FEHA AGE DISCRIMINATION CLAIM*

(6) Appellant contends that the trial court erred in denying his motion for summary adjudication on the FEHA age discrimination claim. He asserts [*653] that the federal judgment for age discrimination requires that a judgment be entered against the Regents for FEHA damages. The argument fails for several reasons.

Appellant did not move for summary adjudication in state court. As discussed, the federal judgment bars appellant from suing for damages on the FEHA claim. A valid judgment, even one in favor of the plaintiff, [***24] merges the cause of action in the judgment and bars a second action for additional damages. (*Busick v. Workmen's Comp. Appeals Bd. (1972) 7 Cal. 3d 967, 973 [104 Cal. Rptr. 42, 500 P.2d 1386]*.) Having obtained a federal judgment for age discrimination, appellant may not seek FEHA damages for the same injury. (E.g., *Lake v. Lakewood Chiropractic Center (1993) 20 Cal. App. 4th 47, 54 [24 Cal. Rptr. 2d 358]*.)

*DISCOVERY ORDER FOR MENTAL EXAM*

Appellant finally contends that the trial court abused its discretion in granting a discovery motion for appellant's mental exam. (*Code Civ. Proc., § 2032*.) In a prior writ petition, appellant challenged the order on the ground that it violated his right of privacy. We denied the writ petition and concluded that the discovery order was proper because appellant was seeking damages for ongoing emotional distress. (*Acua v. Superior Court* (Mar. 1, 1994) B081711 [nonpub. opn.].) See *Vinson v. Superior Court (1987) 43 Cal. 3d 833, 840-841 [239 Cal. Rptr. 292, 740 P.2d 404]* [allegation of continuing mental distress supports order for mental exam]; *Doyle v. Superior Court (1996) 50 Cal. App. 4th 1878, 1886, 1887 [58* [***25] *Cal. Rptr. 2d 476]* [mental exam not permitted where plaintiff does not claim she is currently suffering mental distress].)

We need not revisit the issue. Appellant's arguments concerning the discovery order are irrelevant to this appeal. The discovery order played no role in the trial court's decision to grant the motions for summary adjudication and summary judgment.

The judgment is affirmed with costs to respondents.

Stone (S. J.), P. J., and Gilbert, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 1, 1997.

# TAB
# 2

LEXSEE 43 CAL.APP.4TH 1200

**MARK TERRANCE BARTON, Plaintiff and Appellant, v. NEW UNITED MOTOR MANUFACTURING, INC., Defendant and Respondent.**

**No. A071127.**

**COURT OF APPEAL OF CALIFORNIA, FIRST APPELLATE DISTRICT, DIVISION ONE**

*43 Cal. App. 4th 1200; 51 Cal. Rptr. 2d 328; 1996 Cal. App. LEXIS 269; 12 I.E.R. Cas. (BNA) 368; 96 Cal. Daily Op. Service 2046; 96 Daily Journal DAR 3419*

**March 26, 1996, Decided**

**PRIOR HISTORY:**    [***1] Superior Court of Alameda County, No. H-179231-9, Ronald M. Sabraw, Judge.

**DISPOSITION:**    The judgment is affirmed.

**SUMMARY:**

**CALIFORNIA OFFICIAL REPORTS SUMMARY**

In an employee's action for wrongful discharge in violation of public policy, in which he alleged that he was terminated in retaliation for reporting unsafe work conditions, the trial court sustained defendant employer's demurrer without leave to amend and dismissed the action, on the ground that the action was barred by the one-year statute of limitations set forth in *Code Civ. Proc., § 340, subd. (3).* (Superior Court of Alameda County, No. H-179231-9, Ronald M. Sabraw, Judge.)

The Court of Appeal affirmed the judgment. The court held that the one-year statute of limitations under *Code Civ. Proc., § 340, subd. (3),* barred plaintiff's action. The statute of limitations to be applied in a particular case is determined by the nature of the right sued upon or the principal purpose of the action, not by the form of the action or the relief requested. What is vindicated by an action for wrongful termination in violation of public policy is the public interest in preventing employers from imposing as a condition of employment a requirement that an employee act contrary to fundamental public policy. Such an action must be predicated on a policy that concerns society at large rather than the individual interests of the employer or the employee. At the same time, the essential nature of the action is the protection of certain personal rights deemed to be of fundamental public importance, not the protection of property

rights. Since the primary nature of the right sued upon was personal, the trial court correctly applied the one-year statute of limitations specified in *Code Civ. Proc., § 340, subd. (3),* rather than the two-year statute of limitations (*Code Civ. Proc., § 339, subd. 1*) that applies to infringements of property rights. The court also held that from plaintiff's own complaint and amended complaint it was apparent that he suffered actual and appreciable harm when he was terminated, and that the delayed discovery rule was of no assistance to him. The court further held that plaintiff's status as a party appearing in propria persona did not provide any basis for attacking the demurrer procedure; such a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. (Opinion by Strankman, P. J., with Stein and Swager, JJ., concurring.)

**HEADNOTES**

**CALIFORNIA    OFFICIAL    REPORTS HEADNOTES**
Classified to California Digest of Official Reports

**(1) Appellate Review § 128--Scope of Review--Function of Appellate Court--Rulings on Demurrers.** --On appeal from a judgment or order of dismissal after the trial court has sustained a demurrer, the appellate court must assume the truth of all properly pleaded material allegations of fact.

**(2) Pleading § 24--Demurrer to Complaint--Grounds--Statute of Limitations.** --A trial court does not err in sustaining a demurrer without leave to amend where the complaint discloses on its face that the action is barred by the statute of limitations.

43 Cal. App. 4th 1200, *; 51 Cal. Rptr. 2d 328, **;
1996 Cal. App. LEXIS 269, ***; 12 I.E.R. Cas. (BNA) 368

**(3) Employer and Employee § 9--Contracts of Employment--Actions for Wrongful Discharge--Retaliatory Discharge.** --An employer's discharge of an employee in violation of a fundamental public policy embodied in a constitutional or statutory provision gives rise to a tort action. An employer who fires an employee in retaliation for protesting unsafe working conditions violates fundamental public policy, and the discharged employee may bring a tort action for wrongful discharge in addition to his or her statutory remedies (*Lab. Code, §§ 6310, subd. (a)(1), 6402*).

**(4) Limitation of Actions § 26--Period of Limitation--Torts--Infringement of Personal Rights Versus Property Rights.** --*Code Civ. Proc., § 340, subd. (3)*, establishes a one-year limitations period for an action for injury to one caused by the wrongful act of another. This statute encompasses not only bodily injury but also a broad range of infringements of personal rights. But not all tort actions are governed by that statute. *Code Civ. Proc., § 339, subd. 1*, provides a two-year limitations period for an action upon a contract, obligation, or liability not founded upon an instrument of writing. This provision applies not only to actions for breach of oral or implied contracts and to quasi-contractual actions, but also to certain tort actions that do not come within the scope of other statutes of limitations. In determining which of these two statutes governs in a particular tort action, the rule that has emerged is that *Code Civ. Proc., § 340, subd. (3)*, applies to infringements of "personal rights" and *Code Civ. Proc., § 339, subd. 1*, applies to "property rights."

**(5a) (5b) Employer and Employee § 9--Contracts of Employment--Actions for Wrongful Discharge--Statute of Limitations--Applicable Statute.** --In an action for wrongful discharge in violation of public policy, arising from plaintiff's alleged termination in retaliation for reporting unsafe work conditions, the trial court correctly applied the one-year statute of limitations under *Code Civ. Proc., § 340, subd. (3)*, which barred plaintiff's action. The statute of limitations to be applied in a particular case is determined by the nature of the right sued upon or the principal purpose of the action, not by the form of the action or the relief requested. What is vindicated by an action for wrongful termination in violation of public policy is the public interest in preventing employers from imposing as a condition of employment a requirement that an employee act contrary to fundamental public policy. Such an action must be predicated on a policy that concerns society at large rather than the individual interests of the employer or the employee. At the same time, the essential nature of the action is the protection of certain personal rights deemed to be of fundamental public importance, not the protection of property

rights. Since the primary nature of the right sued upon was personal, the trial court correctly applied the one-year statute of limitations specified in *Code Civ. Proc., § 340, subd. (3)*, rather than the two-year statute of limitations (*Code Civ. Proc., § 339, subd. 1*) that applies to infringements of property rights.

**(6) Appellate Review § 144--Scope of Review--Questions of Law.** --Theories not suggested to the trial court, but which present only a question of law, are cognizable on appeal.

**(7) Employer and Employee § 9--Contracts of Employment--Actions for Wrongful Discharge--Statute of Limitations--Delayed Discovery Rule.** --In an action for wrongful discharge in violation of public policy, the trial court properly sustained defendant employer's demurrer without leave to amend, on the ground that the action was barred by the one-year statute of limitations (*Code Civ. Proc., § 340, subd. (3)*), notwithstanding plaintiff employee's assertion that the trial court did not have sufficient information to determine if plaintiff was entitled to the benefit of the delayed discovery rule. Under some circumstances, the statute of limitations will not begin to run until the injured party discovers or should have discovered the facts supporting liability. Nevertheless, the infliction of actual and appreciable harm will commence the statutory period, even if there is uncertainty as to the amount of damages. From plaintiff's own complaint and amended complaint, it was apparent that he suffered actual and appreciable harm when he was terminated, and the delayed discovery rule was of no assistance to him.

[See 3 **Witkin,** Cal. Procedure (3d ed. 1985) Actions, § 358.]

**(8) Pleading § 24--Demurrer to Complaint--Grounds--Statute of Limitations--Plaintiff's Appearance in Propria Persona.** --In an action for wrongful discharge in violation of public policy, the trial court properly sustained defendant employer's demurrer without leave to amend, on the ground that the action was barred by the one-year statute of limitations (*Code Civ. Proc., § 340, subd. (3)*), notwithstanding plaintiff employee's assertion that filing a demurrer instead of an answer was unfair to him as a party proceeding in propria persona. When a complaint shows on its face that an action is barred by the statute of limitations, the use of a demurrer to dispose of that action without additional trial court, attorney, or litigant time and effort is an efficient, appropriate, and well-accepted procedure. Plaintiff's status as a party appearing in propria persona did not provide any basis for attacking the demurrer procedure; such a party is to be treated like any other party and is entitled to the same,

43 Cal. App. 4th 1200, *; 51 Cal. Rptr. 2d 328, **;
1996 Cal. App. LEXIS 269, ***; 12 I.E.R. Cas. (BNA) 368

but no greater consideration than other litigants and attorneys.

**COUNSEL:** Mark Terrance Barton, in pro. per., for Plaintiff and Appellant.

Steinhart & Falconer, Robert T. Fries and Tamara Mason-Williams for Defendant and Respondent.

**JUDGES:** Opinion by Strankman, P. J., with Stein and Swager, JJ., concurring.

**OPINION BY:** STRANKMAN, P. J.

**OPINION**

[*1203] [**330] **STRANKMAN, P. J.**

We hold in this case that the statute of limitations for an action for wrongful discharge in violation of public policy is the one-year period provided by *Code of Civil Procedure section 340, subdivision (3).*

[*1204]      FACTUAL AND PROCEDURAL BACKGROUND

On October 5, 1994, plaintiff Mark Terrance Barton filed a complaint against defendant New United Motor Manufacturing, Inc., for breach of contract and an intentional tort, alleging wrongful termination. Defendant removed the action to federal court, on the ground plaintiff's claims were preempted by federal law because they could be resolved only by reference to the collective bargaining agreement between defendant and plaintiff's authorized bargaining representative. The federal district [***2] court dismissed with prejudice plaintiff's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional interference with a contractual relationship and prospective economic advantage. It remanded the only remaining claim, wrongful discharge in violation of public policy, to the superior court.

Plaintiff filed an amended complaint in superior court, alleging with more specificity that he was terminated in violation of public policy. He alleged that before October 1992, he complained to management at defendant's factory about certain unsafe working conditions. Defendant did not correct those conditions and plaintiff continued to complain. On October 12, 1992, he was terminated, allegedly in retaliation for reporting the unsafe conditions.

Defendant filed a demurrer, on the ground the action was barred by the one-year statute of limitations set forth in *Code of Civil Procedure section 340, subdivision (3)* (hereafter *section 340 (3)*). [1] The trial court sustained the demurrer without leave to amend and dismissed the ac-

tion. Plaintiff appeals, appearing, as he has throughout these proceedings, in propria persona.

    1   All subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

[***3] DISCUSSION

**(1)** On appeal from a judgment or order of dismissal after the trial court has sustained a demurrer, this court must assume the truth of all properly pleaded material allegations of fact. ( *Lazar v. Superior Court (1996) 12 Cal. 4th 631, 635 [49 Cal. Rptr. 2d 377, 909 P.2d 981].*) **(2)** Nevertheless, a trial court does not err in sustaining a demurrer without leave to amend where the complaint discloses on its face that the action is barred by the statute of limitations. ( *Basin Construction Corp. v. Department of Water & Power (1988) 199 Cal. App. 3d 819, 823 [245 Cal. Rptr. 178];* 5 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 912, p. 349.)

[*1205] **(3)** It is settled that an employer's discharge of an employee in violation of a fundamental public policy embodied in a constitutional or statutory provision gives rise to a tort action. ( *Turner v. Anheuser-Busch, Inc. (1994) 7 Cal. 4th 1238, 1252 [32 Cal. Rptr. 2d 223, 876 P.2d 1022]; Gantt v. Sentry Insurance (1992) 1 Cal. 4th 1083, 1089-1090 [4 Cal. Rptr. 2d 874, 824 P.2d 680] (Gantt); Foley v. Interactive Data Corp. (1988) 47 Cal. 3d 654, 663 [254 Cal. Rptr. 211, 765 P.2d 373] (Foley);* [***4] *Tameny v. Atlantic Richfield Co. (1980) 27 Cal. 3d 167, 178 [164 Cal. Rptr. 839, 610 P.2d 1330] (Tameny).*) An employer who fires an employee in retaliation for protesting unsafe working conditions violates fundamental public policy, and the discharged employee may bring a tort action for wrongful discharge in addition to his or her statutory remedies. ( *Hentzel v. Singer Co. (1982) 138 Cal. App. 3d 290, 300-304 [188 Cal. Rptr. 159, 35 A.L.R.4th 1015];* see *Greene v. Hawaiian Dredging Co. (1945) 26 Cal. 2d 245, 251 [157 P.2d 367];* Lab. Code, § 6310, subd. (a)(1), 6402.) The question in this case is not whether plaintiff has stated a cause of action, but whether his complaint was timely filed.

[**331] Some uncertainty exists as to what statute of limitations governs a wrongful termination action. [2] (See 3 Wilcox, Cal. Employment Law (1995) § 60.09[4], p. 60-107; Barlow et al., Advising Cal. Employers (Cont.Ed.Bar 1995 Supp.) § 1.73A, p. 93.) The one year provided by *section 340 (3)* was applied in *Regents of University of California v. Superior Court (1995) 33 Cal. App. 4th 1710 [39 Cal. Rptr. 2d 919],* but only because plaintiff conceded its applicability, [***5] and the court commented that the matter appeared to be an open question. ( *Id. at p. 1716* & fn. 5.) [3] The Ninth Circuit has

stated in one case that California would apply a two-year statute to a wrongful discharge action ( *Daniels v. Fesco Division of Cities Service Company (9th Cir. 1984) 733 F.2d. 622, 623]*, but in other cases, has concluded that *section 340 (3)* applies. ( *Funk v. Sperry Corp. (9th Cir. 1988) 842 F.2d 1129, 1133* [citing as authority a state Court of Appeal case in which review had been granted, but which later was retransferred to that court for reconsideration]; *Hinton v. Pacific Enterprises (9th Cir. 1993) 5 F.3d 391, 394* [dicta].)

2    The Supreme Court soon may express its views on this issue. Whether the statute of limitations in a wrongful termination action begins to run upon actual discharge or upon notice of future termination is pending before that court in *Romano v. Rockwell Internat., Inc. (1995) 48 Cal. App. 4th 170 [46 Cal. Rptr. 2d 77]*, review granted January 18, 1996 (S050290).

3    See also *Newfield v. Insurance Co. of the West (1984) 156 Cal. App. 3d 440, 443 [203 Cal. Rptr. 9]*, disapproved on other grounds in *Foley, supra, 47 Cal. 3d at page 675*, footnote 19 (without analysis, *Newfield* court states in dicta that had plaintiff stated a cause of action for wrongful discharge, the action would have been barred by the one-year statute).

[***6]    **(4)** *Section 340 (3)*, establishes a one-year limitations period for an "action for ... injury to ... one caused by the wrongful act ... of [*1206] another ...." This statute encompasses not only bodily injury but also a broad range of infringements of "personal rights." ( *Rita M. v. Roman Catholic Archbishop (1986) 187 Cal. App. 3d 1453, 1460 [232 Cal. Rptr. 685]* [conspiracy resulting in infliction of emotional distress]; *Gibbs v. Haight, Dickson, Brown & Bonesteel (1986) 183 Cal. App. 3d 716, 719 [228 Cal. Rptr. 398]* [malicious prosecution]; *Murphy v. Allstate Ins. Co. (1978) 83 Cal. App. 3d 38, 50 [147 Cal. Rptr. 565]* [intentional infliction of emotional distress]; *Rutherford v. Johnson (1967) 250 Cal. App. 2d 316, 318 [58 Cal. Rptr. 546]* [defamation]; see 3 Witkin, Cal. Procedure, *supra*, Actions, § 403-404, pp. 433-434.)

But not all tort actions are governed by that statute. *Section 339, subdivision 1* (hereafter *section 339 (1)*) provides a two-year limitations period for "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing ...." This provision applies not only to actions for breach of oral or implied [***7] contracts and to quasi-contractual actions, but also to certain tort actions that do not come within the scope of other statutes of limitations. ( *Davies v. Krasna (1975) 14 Cal. 3d 502, 509-510, fn. 6 [121 Cal. Rptr. 705, 535 P.2d*

*1161, 79 A.L.R.3d 807].*) Courts often have been called upon to determine which of these two statutes governs in a particular tort action, and the rule that has emerged is that *section 340 (3)* applies to infringements of "personal rights" and *section 339 (1)*, to "property rights." [4] Based on that distinction, courts have held that *section 339 (1)* governs tort actions alleging damage to business operations and business reputation from a wrongful levy of execution ( *Tu-Vu Drive-In Corp. v. Davies (1967) 66 Cal. 2d 435, 436-437 [58 Cal. Rptr. 105, 426 P.2d 505]*), damage to intangible property interests from professional negligence ( *Slavin v. Trout (1993) 18 Cal. App. 4th 1536, 1539 [23 Cal. Rptr. 2d 219]*), spoliation of evidence ( *Augusta v. United Service Automobile Assn. (1993) 13 Cal. App. 4th 4, 8 [16 Cal. Rptr. 2d 400]*), trade [**332] libel ( *Guess, Inc. v. Superior Court (1986) 176 Cal. App. 3d 473, 479 [222 Cal. Rptr. 79]*), [***8] insurance bad faith ( *Richardson v. Allstate Ins. Co. (1981) 117 Cal. App. 3d 8, 12 [172 Cal. Rptr. 423]*), inducement of a breach of contract ( *Trembath v. Digardi (1974) 43 Cal. App. 3d 834, 836 [118 Cal. Rptr. 124]; Kiang v. Strycula (1965) 231 Cal. App. 2d 809,* [*1207] *811-812 [42 Cal. Rptr. 338]*), and arbitrary restriction of physician's hospital privileges ( *Edwards v. Fresno Community Hosp. (1974) 38 Cal. App. 3d 702, 705-706 [113 Cal. Rptr. 579, 3 A.L.R.4th 1209]*).

4    That frequently cited principle is accurate when the issue is selecting between *sections 340 (3)* and *339 (1)*, but an oversimplification in other contexts involving the applicability of the latter statute. Witkin describes *section 339 (1)* as a catch-all for unusual torts not otherwise provided for, and explains its scope by eliminating tort actions to which it does not apply, i.e., actions for intentional or negligent wrongs which result in injuries to the person or reputation (*§ 340 (3)*); actions for injury to or loss of real property or tangible personal property (§ 338, subds. (b), (c)); actions based on fraud (§ 338, subd. (d)); or statutory liabilities (§ 338, subd. (a)). (3 Witkin, Cal. Procedure, *supra*, Actions, § 438, p. 468.)

[***9]    **(5a)** Plaintiff contends that *section 339 (1)* should control in this case because he had a property right in his employment and his wrongful termination action concerns damage to that right, not a personal injury. **(6)** Although he did not suggest this theory to the trial court, it presents only a question of law and is therefore cognizable in this appeal. ( *Sanchez v. Truck Ins. Exchange (1994) 21 Cal. App. 4th 1778, 1787 [26 Cal. Rptr. 2d 812].*)

**(5b)** The statute of limitations to be applied in a particular case is determined by the nature of the right sued upon or the principal purpose of the action, not by

43 Cal. App. 4th 1200, *; 51 Cal. Rptr. 2d 328, **;
1996 Cal. App. LEXIS 269, ***; 12 I.E.R. Cas. (BNA) 368

the form of the action or the relief requested. ( *Davies v. Krasna, supra, 14 Cal. 3d at p. 515; Jefferson v. J. E. French Co. (1960) 54 Cal. 2d 717, 718 [7 Cal. Rptr. 899, 355 P.2d 643].*) What is significant for statute of limitations purposes is the primary interest invaded by defendant's wrongful conduct. (See *Richardson v. Allstate Ins. Co., supra, 117 Cal. App. 3d at pp. 11-13.*)

As the present case demonstrates, this seemingly straightforward rule can be troublesome to apply when a cause of action appears to implicate both personal and property rights. [***10] In one such case, *Edwards v. Fresno Community Hosp., supra, 38 Cal. App. 3d 702,* the court looked to the "essential character" of the action to determine the proper limitations period. The court held that the two-year statute was controlling in an action by a physician alleging wrongful curtailment of his hospital privileges, even though the term "hospital privileges" connoted personal activity and personal rights might have been involved incidentally in the exercise of those privileges. Relying on cases characterizing the right to pursue any lawful business or profession as a property right, the court reasoned that the right of a qualified physician to use hospital facilities to practice a particular specialty also is a property right. Because the essential nature or character of the physician's action involved economic injury to his professional career, the action was akin to an action for injury to a business and was governed by *section 339 (1). (Edwards, supra, at pp. 705-706.)*

The outcome in *Edwards* is not surprising, as the law concerning the nature of the right to pursue a particular profession or trade is [*1208] well established. [5] Determining [***11] the primary right at stake in a cause of action for wrongful termination in violation of public policy is more problematic, given the unique and complex nature of that action. An employee's interest in his or her employment certainly is implicated in the action. However, the Supreme Court frequently has emphasized that the action arises not out of the terms and conditions of the employment contract, but out of a duty imposed in law on the employer to conduct its affairs in compliance with public policy. What is vindicated [**333] by the cause of action is the public interest in preventing employers from imposing as a condition of employment a requirement that an employee act contrary to fundamental public policy. ( *General Dynamics Corp. v. Superior Court (1994) 7 Cal. 4th 1164, 1180 [32 Cal. Rptr. 2d 1, 876 P.2d 487]; Foley, supra, 47 Cal. 3d at p. 667* & fn. 7.) "[A]lthough the public policy served by the conduct of the aggrieved employee at issue may often be directly protective of the interest in employment itself, the doctrinal foundation of the public policy tort claim is not so much the *plaintiff's* continued interest in employment as the preservation of [***12] the *public* interest as

it is expressed in multiple forms in the Constitution and statutory law." (*General Dynamics Corp., supra, at p. 1181,* original italics.)

[5] *Edwards* is one of several cases acknowledging either explicitly or impliedly that a property right is at stake in a common law tort action for arbitrary or otherwise wrongful exclusion or expulsion from hospital staff privileges. (See, e.g., *Westlake Community Hosp. v. Superior Court (1976) 17 Cal. 3d 465, 476-478* & fn. 5 *[131 Cal. Rptr. 90, 551 P.2d 410]; Willis v. Santa Ana etc. Hospital Assn. (1962) 58 Cal. 2d 806, 810 [26 Cal. Rptr. 640, 376 P.2d 568],* overruled on other grounds in *Cianci v. Superior Court (1985) 40 Cal. 3d 903, 921, 924-925 [221 Cal. Rptr. 575, 710 P.2d 375].*) Underlying those cases is the recognition that an individual's exclusion or expulsion from a hospital staff or from some other private organization or professional association may in practical terms foreclose or significantly reduce the likelihood of *any* effective or successful practice or employment by that individual in a particular profession or calling. (See generally, *Ezekial v. Winkley (1977) 20 Cal. 3d 267, 271-276 [142 Cal. Rptr. 418, 572 P.2d 32]; Anton v. San Antonio Community Hosp. (1977) 19 Cal. 3d 802, 823 [140 Cal. Rptr. 442, 567 P.2d 1162]; Pinsker v. Pacific Coast Society of Orthodontists (1974) 12 Cal. 3d 541, 551-552* & fn. 11 *[116 Cal. Rptr. 245, 526 P.2d 253].*)

[***13]

An action for wrongful discharge in violation of public policy must be predicated on a policy that concerns society at large rather than the individual interests of the employer or employee. ( *Turner v. Anheuser-Busch, Inc., supra, 7 Cal. 4th at p. 1256* & fn. 9; *Hunter v. Up-Right, Inc. (1993) 6 Cal. 4th 1174, 1186 [26 Cal. Rptr. 2d 8, 864 P.2d 88]; Gantt, supra, 1 Cal. 4th at pp. 1090, 1095-1096.*) At the same time, the essential nature of the action is the protection of certain personal rights deemed to be of fundamental public importance, not the protection of property rights. For example, the wrongful termination action protects an employee's rights to refuse to participate in illegal behavior, perform a statutory obligation, exercise a statutory right or privilege, or report an alleged violation of a statute of public importance. [*1209] (*Gantt, supra, at pp. 1090-1091* and cases cited.) It also protects an employee's right to be free from sexual harassment in the workplace (see, e.g., *Rojo v. Kliger (1990) 52 Cal. 3d 65, 91 [276 Cal. Rptr. 130, 801 P.2d 373]*) and from employment discrimination based on pregnancy ( *Badih v. Myers (1995)* [***14] *36 Cal. App. 4th 1289, 1292-1296 [43 Cal. Rptr. 2d 229]*) or

43 Cal. App. 4th 1200, *; 51 Cal. Rptr. 2d 328, **;
1996 Cal. App. LEXIS 269, ***; 12 I.E.R. Cas. (BNA) 368

sexual orientation ( *Leibert v. Transworld Systems, Inc.* *(1995) 32 Cal. App. 4th 1693, 1707 [39 Cal. Rptr. 2d 65]*). These cases illustrate that the gravamen of the wrongful termination action is the violation of some personal right considered to be of fundamental public importance, protected or guaranteed either by statute or the Constitution, not the financial or economic loss from the termination of employment. Because the primary nature of the right sued upon in a *Tameny* wrongful termination action is personal, the trial court in this case correctly applied the one-year statute of limitations specified in *section 340 (3).* [6]

6   Although neither party has mentioned section 338, subdivision (a), we are aware that one treatise writer has listed that statute as among those potentially relevant in a wrongful termination suit. (3 Wilcox, Cal. Employment Law, *supra*, § 60.09[4], p. 60-107.) That section provides that "[a]n action on a liability created by statute" must be brought within three years. A cause of action is based upon a liability created by statute within the meaning of this rule where the liability is embodied in a statutory provision and is of a type that did not exist at common law. ( *Jackson v. Cedars-Sinai Medical Center (1990) 220 Cal. App. 3d 1315, 1320 [269 Cal. Rptr. 877].*) While an action for wrongful termination in violation of public policy must be based on a policy delineated or declared in a constitutional or statutory provision (*Gantt, supra, 1 Cal. 4th at pp. 1094-1095*), the cause of action itself is a common law, judicially recognized cause of action, not a liability created by statute. (See *Tameny, supra, 27 Cal. 3d at pp. 172-178; Hentzel v. Singer Co., supra, 138 Cal. App. 3d at pp. 300-304* [recognizing common law cause of action for retaliatory dismissal of employee who complains about safety conditions].) Section 338, subdivision (a) does not apply.

[***15]   **(7)** Plaintiff also contends that even if the one-year statute applies, the trial court should not have sustained the demurrer without leave to amend because it did not have sufficient information to determine whether he was entitled to the benefit of the delayed discovery rule. Plaintiff does not explain how that rule might apply here, other than to say that not until October 1994, two years after being discharged, did he fully understand "the dimensions" of his wrongful termination.

Under some circumstances, the statute of limitations will not begin to run until   [**334]   the injured party discovers or should have discovered the facts supporting liability. Nevertheless, the infliction of actual and appreciable harm will commence the statutory period, even if there is uncertainty as to the amount of damages. ( *Davies v. Krasna, supra, 14 Cal. 3d at p. 512; Miller v. Lakeside Village Condominium Assn. (1991) 1 Cal. App. 4th 1611, 1622 [2 Cal. Rptr. 2d 796]*; 3 Witkin, Cal. Procedure, *supra*, Actions, § 358, pp. 386-387.) From plaintiff's own complaint and amended complaint, it is apparent that he [*1210] suffered actual and appreciable harm when he was terminated [***16] in October 1992, and the delayed discovery rule is of no assistance to him.

**(8)** Plaintiff also objects to defendant's filing of a demurrer instead of an answer, which he argues was unfair to him as a party proceeding in propria persona. The argument appears to be based on a misunderstanding of the purpose of a demurrer. When a complaint shows on its face that an action is barred by the statute of limitations, the use of the demurrer to dispose of that action without additional trial court, attorney, or litigant time and effort is an efficient, appropriate, and well-accepted procedure. ( *Saliter v. Pierce.Brothers Mortuaries (1978) 81 Cal. App. 3d 292, 299-300, fn. 2 [146 Cal. Rptr. 271].*) Plaintiff's status as a party appearing in propria persona does not provide any basis for attacking the demurrer procedure; such a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. ( *Williams v. Pacific Mutual Life Ins. Co. (1986) 186 Cal. App. 3d 941, 944 [231 Cal. Rptr. 234].*)

DISPOSITION

The judgment is affirmed.

Stein, J., and Swager, J., concurred.

Appellant's petition for review by the Supreme [***17] Court was denied June 12, 1996. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.

**TAB
3**

LEXSTAT CAL. CODE OF CIV. PROC. 335.1

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2008 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED ***
*** THROUGH 2007-2008 THIRD EXTRAORDINARY SESSION CH. 6, APPROVED 2/16/08 ***

CODE OF CIVIL PROCEDURE
Part 2.  Of Civil Actions
Title 2.  Time of Commencing Civil Actions
Chapter 3.  The Time of Commencing Actions Other Than For the Recovery of Real Property

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

*Cal Code Civ Proc § 335.1 (2008)*

**§ 335.1.  Assault and battery; Personal injury; Wrongful death**

Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another.

**HISTORY:**

Added Stats 2002 ch 448 § 2 (SB 688).

# TAB
# 4

LEXSTAT CAL. GOVERNMENT CODE 12965

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2008 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED ***
*** THROUGH 2007-2008 THIRD EXTRAORDINARY SESSION CH. 6, APPROVED 2/16/08 ***

GOVERNMENT CODE
Title 2.  Government of the State of California
Division 3.  Executive Department
Part 2.8.  Department of Fair Employment and Housing
Chapter 7.  Enforcement and Hearing Procedures
Article 1.  Unlawful Practices

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

*Cal Gov Code § 12965* (2008)

**§ 12965.  Accusation by department; Right-to-sue notice; Civil action by or on behalf of aggrieved person; Transfer of proceedings to court in lieu of hearing**

(a) In the case of failure to eliminate an unlawful practice under this part through conference, conciliation, or persuasion, or in advance thereof if circumstances warrant, the director in his or her discretion may cause to be issued in the name of the department a written accusation. The accusation shall contain the name of the person, employer, labor organization, or employment agency accused, which shall be known as the respondent, shall set forth the nature of the charges, shall be served upon the respondent together with a copy of the verified complaint, as amended, and shall require the respondent to answer the charges at a hearing.

For any complaint treated by the director as a group or class complaint for purposes of investigation, conciliation, and accusation pursuant to Section 12961, an accusation shall be issued, if at all, within two years after the filing of the complaint. For any complaint alleging a violation of *Section 51.7 of the Civil Code*, an accusation shall be issued, if at all, within two years after the filing of the complaint. For all other complaints, an accusation shall be issued, if at all, within one year after the filing of a complaint. If the director determines, pursuant to Section 12961, that a complaint investigated as a group or class complaint under Section 12961 is to be treated as a group or class complaint for purposes of conciliation and accusation as well, that determination shall be made and shall be communicated in writing within one year after the filing of the complaint to each person, employer, labor organization, employment agency, or public entity alleged in the complaint to have committed an unlawful practice.

(b) If an accusation is not issued within 150 days after the filing of a complaint, or if the department earlier determines that no accusation will issue, the department shall promptly notify, in writing, the person claiming to be aggrieved that the department shall issue, on his or her request, the right-to-sue notice. This notice shall indicate that the person claiming to be aggrieved may bring a civil action under this part against the person, employer, labor organization, or employment agency named in the verified complaint within one year from the date of that notice. If the person claiming to be aggrieved does not request a right-to-sue notice, the department shall issue the notice upon completion of its investigation, and not later than one year after the filing of the complaint. A city, county, or district attorney in a location having an enforcement unit established on or before March 1, 1991, pursuant to a local ordinance enacted for the purpose of prosecuting HIV/AIDS discrimination claims, acting on behalf of any person claiming to be aggrieved due to HIV/AIDS discrimination, may also bring a civil action under this part against the person, employer, labor organization, or employment agency named in the notice. The superior courts of the State of California shall have jurisdiction of those actions, and the aggrieved person may file in these courts. An action may be brought in any county in the state in which the unlawful practice is alleged to have been committed, in the county in which the records relevant to the prac-

Cal Gov Code § 12965

tice are maintained and administered, or in the county in which the aggrieved person would have worked or would have had access to the public accommodation but for the alleged unlawful practice, but if the defendant is not found within any of these counties, an action may be brought within the county of the defendant's residence or principal office. A copy of any complaint filed pursuant to this part shall be served on the principal offices of the department and of the commission. The remedy for failure to send a copy of a complaint is an order to do so. Those actions may not be filed as class actions or may not be maintained as class actions by the person or persons claiming to be aggrieved where those persons have filed a civil class action in the federal courts alleging a comparable claim of employment discrimination against the same defendant or defendants. In actions brought under this section, the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees, except where the action is filed by a public agency or a public official, acting in an official capacity.

**(c)**

**(1)** If an accusation includes a prayer either for damages for emotional injuries as a component of actual damages, or for administrative fines, or for both, or if an accusation is amended for the purpose of adding a prayer either for damages for emotional injuries as a component of actual damages, or for administrative fines, or both, the respondent may within 30 days after service of the accusation or amended accusation, elect to transfer the proceedings to a court in lieu of a hearing pursuant to subdivision (a) by serving a written notice to that effect on the department, the commission, and the person claiming to be aggrieved. The commission shall prescribe the form and manner of giving written notice.

**(2)** No later than 30 days after the completion of service of the notice of election pursuant to paragraph (1), the department shall dismiss the accusation and shall, either itself or, at its election, through the Attorney General, file in the appropriate court an action in its own name on behalf of the person claiming to be aggrieved as the real party in interest. In this action, the person claiming to be aggrieved shall be the real party in interest and shall have the right to participate as a party and be represented by his or her own counsel. Complaints filed pursuant to this section shall be filed in the superior court in any county in which unlawful practices are alleged to have been committed, in the county in which records relevant to the alleged unlawful practices are maintained and administered, or in the county in which the person claiming to be aggrieved would have worked or would have had access to public accommodation, but for the alleged unlawful practices. If the defendant is not found in any of these counties, the action may be brought within the county of the defendant's residence or principal office. Those actions shall be assigned to the court's delay reduction program, or otherwise given priority for disposition by the court in which the action is filed.

**(3)** A court may grant as relief in any action filed pursuant to this subdivision any relief a court is empowered to grant in a civil action brought pursuant to subdivision (b), in addition to any other relief that, in the judgment of the court, will effectuate the purpose of this part. This relief may include a requirement that the employer conduct training for all employees, supervisors, and management on the requirements of this part, the rights and remedies of those who allege a violation of this part, and the employer's internal grievance procedures.

**(4)** The department may amend an accusation to pray for either damages for emotional injury or for administrative fines, or both, provided that the amendment is made within 30 days of the issuance of the original accusation.

**(d)**

**(1)** Notwithstanding subdivision (b), the one-year statute of limitations, commencing from the date of the right-to-sue notice by the Department of Fair Employment and Housing, to the person claiming to be aggrieved, shall be tolled when all of the following requirements have been met:

**(A)** A charge of discrimination or harassment is timely filed concurrently with the Equal Employment Opportunity Commission and the Department of Fair Employment and Housing.

**(B)** The investigation of the charge is deferred by the Department of Fair Employment and Housing to the Equal Employment Opportunity Commission.

**(C)** A right-to-sue notice is issued to the person claiming to be aggrieved upon deferral of the charge by the Department of Fair Employment and Housing to the Equal Employment Opportunity Commission.

**(2)** The time for commencing an action for which the statute of limitations is tolled under paragraph (1) expires when the federal right-to-sue period to commence a civil action expires, or one year from the date of the right-to-sue notice by the Department of Fair Employment and Housing, whichever is later.

Cal Gov Code § 12965

(3) This subdivision is intended to codify the holding in *Downs v. Department of Water and Power of City of Los Angeles (1997) 58 Cal.App.4th 1093.*

**(e)**

(1) Notwithstanding subdivision (b), the one-year statute of limitations, commencing from the date of the right-to-sue notice by the Department of Fair Employment and Housing, to the person claiming to be aggrieved, shall be tolled when all of the following requirements have been met:

(A) A charge of discrimination or harassment is timely filed concurrently with the Equal Employment Opportunity Commission and the Department of Fair Employment and Housing.

(B) The investigation of the charge is deferred by the Equal Employment Opportunity Commission to the Department of Fair Employment and Housing.

(C) After investigation and determination by the Department of Fair Employment and Housing, the Equal Employment Opportunity Commission agrees to perform a substantial weight review of the determination of the department or conducts its own investigation of the claim filed by the aggrieved person.

(2) The time for commencing an action for which the statute of limitations is tolled under paragraph (1) shall expire when the federal right-to-sue period to commence a civil action expires, or one year from the date of the right-to-sue notice by the Department of Fair Employment and Housing, whichever is later.

**HISTORY:**

Added Stats 1980 ch 992 § 4. Amended Stats 1980 ch 1023 § 9; Stats 1984 ch 217 § 1, ch 420 § 1.5; Stats 1992 ch 911 § 5 (AB 311), ch 912 § 7.1 (AB 1286); Stats 1998 ch 931 § 183 (SB 2139), effective September 28, 1998; Stats 1999 ch 591 § 12 (AB 1670); Stats 2000 ch 189 § 1 (AB 2062); Stats 2001 ch 813 § 1 (AB 276); Stats 2002 ch 294 § 1 (AB 1146) (ch 294 prevails), ch 664 § 94.5 (AB 3034); Stats 2003 ch 62 § 118 (SB 600); Stats 2007 ch 43 § 16 (SB 649), effective January 1, 2008.

**NOTES:**

**Former Sections:**

Former § 12965, similar to present *Gov C § 14755*, was added Stats 1963 ch 1786 § 1, operative October 1, 1963, and repealed Stats 1965 ch 371 § 149.

**Amendments:**

**1984 Amendment:**

Amended subd (b) by adding **(1)** ", municipal, and justice" and ", and aggrieved person may file in any of these courts" in the third sentence; and **(2)** the fifth and sixth sentences. (As amended by Stats 1984, ch 420, compared to the section as it read prior to 1984. This section was also amended by an earlier chapter, ch 217. See *Gov C § 9605*.)

**1992 Amendment:**

**(1)** Generally eliminated "such"; **(2)** amended subd (b) by **(a)** adding "that the department shall issue, on his or her request, the right-to-sue notice" at the end of the first sentence; **(b)** adding the third and fourth sentences; and **(c)** substituting "of these counties" for "such county, such" after "found within any" in the sixth sentence; and **(3)** added subd (c). (As amended Stats 1992 ch 912, compared to the section as it read prior to 1992. This section was also amended by an earlier chapter, ch 911. See *Gov C § 9605*.)