# EXHIBIT A

LEXSEE 166 CAL. APP. 3D 678, 684

**ARNE ANDERSEN et al., Plaintiffs, v. BARTON MEMORIAL HOSPITAL, INC., et al., Defendants and Respondents; CINDY LEE BURRIS, Intervener and Appellant**

Civ. No. 24297

Court of Appeal of California, Third Appellate District

166 Cal. App. 3d 678; 212 Cal. Rptr. 626; 1985 Cal. App. LEXIS 1865

April 8, 1985

**PRIOR HISTORY:** [***1] Superior Court of El Dorado County, No. 38784, Terrence M. Finney, Judge.

**DISPOSITION:** The judgments are affirmed.

**SUMMARY:**

**CALIFORNIA OFFICIAL REPORTS SUMMARY**

In a wrongful death action (*Code Civ. Proc., § 377*) filed within the applicable three-year limitations period (*Code Civ. Proc., § 340.5*) by the husband and children of the decedent, a woman claiming to be a natural child of the decedent filed an ex parte motion to intervene more than three years after the decedent's death. The trial court granted the motion; defendants demurred to the complaint in intervention on the ground that it was barred by the statute of limitations in *Code Civ. Proc., § 340.5*. The trial court sustained the demurrer without leave to amend and entered judgments of dismissal. (Superior Court of El Dorado County, No. 38784, Terrence M. Finney, Judge.)

The Court of Appeal affirmed, holding that each heir in a wrongful death action has a separate cause of action against which the statute of limitations will run, that a complaint in intervention is subject to an affirmative defense based on the statute, and that, if the complaint asserts a new cause of action, the application for leave to intervene must be filed within the limitations period. The complaint in question tendered new claims and issues, it held, thus asserting a new cause of action subject to the statute of limitations. (Opinion by Sims, J., with Evans, Acting P. J., and Carr, J.)

**HEADNOTES**

**CALIFORNIA OFFICIAL REPORTS HEADNOTES**
Classified to California Digest of Official Reports, 3d Series

(1) Wrongful Death § 5 -- Limitation of Actions -- Intervention in Action Timely Filed by Others. -- Although the claims of all heirs must be determined in a single wrongful death action, each heir has a personal and separate cause of action against which the applicable statute of limitations will run. A complaint in intervention, like any other complaint, is subject to an affirmative defense based on an applicable statute of limitations, and, if the complaint asserts a new cause of action, the application for a leave to intervene must be filed within the pertinent limitations period.

(2) Wrongful Death § 5 -- Limitation of Actions -- Intervention in Timely Filed Action -- Alleged Heir Whose Cause of Action Time Barred. -- An alleged heir whose cause of action for wrongful death (*Code Civ. Proc., § 377*) was barred by the statute of limitations (*Code Civ. Proc., § 340.5*) could not participate in a wrongful death action which had been timely filed by other heirs of the deceased, by way of a complaint in intervention. The complaint tendered the significant new issue of whether intervener was a natural child of decedent and therefore an heir. Further, the basis of a wrongful death recovery is the pecuniary loss to each heir, and the original complaint gave defendants no notice of intervener's claim of pecuniary loss within the limitations period so they could conduct a timely investigation. Since the complaint tendered new claims and issues, it asserted a new cause of action that was subject to the statute of limitations.

(3) Parties § 10 -- Intervention -- Action Dismissed or Dismissed With Respect to Particular Defendant. --

Intervention cannot take place after an action has been dismissed, nor can it take place with respect to a defendant against whom the action has been dismissed.

**COUNSEL:** Wilcoxen & Callahan and Gary H. Gale for Intervener and Appellant.

Kroloff, Belcher, Smart, Perry & Christopherson, Thomas O. Perry, Harry A. Allen, Weintraub, Genshlea, Hardy, Erich & Brown and Denise J. Fischer for Defendants and Respondents.

**JUDGES:** Opinion by Sims, J., with Evans, Acting P. J., and Carr, J., concurred.

**OPINION BY:** SIMS

**OPINION**

[*679] [**627] The issue here is whether an alleged heir whose cause of action for wrongful death ( *Code Civ. Proc., § 377*) [1] is barred by the statute of [*680] limitations (*§ 340.5*) may nonetheless participate in a wrongful death action, timely filed by other heirs of the deceased, by way of a complaint in intervention. We conclude the statute of limitations bars the cause of action asserted by the intervener.

> 1   All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[***2] Factual and Procedural Background

Delores Andersen died on August 17, 1980. Her death was allegedly due to the negligent care and medical malpractice of defendants Frank Hembrow, M.D., and Barton Memorial Hospital. Delores' husband Arne and her children Deanna and David (plaintiffs) timely filed a wrongful death action on August 10, 1981.

On December 18, 1981, the action was dismissed with prejudice as to Hembrow after approval of a minor's compromise settlement.

On March 14, 1984, more than three years after Delores' death, Cindy Burris (intervener) filed an "Ex Parte Motion For Order For Leave to Intervene." Burris alleged she was the natural child [2] of Delores and thus sought to join in the wrongful death action filed by plaintiffs. Burris' proposed complaint named both Hembrow and Barton Memorial Hospital as defendants in intervention. On March 14, 1984, the trial court entered an order granting Burris' ex parte motion to intervene.

> 2   Burris was an adult at all times relevant to these proceedings.

[***3] Both defendants demurred to the complaint in intervention on the grounds it was barred by the statute of limitations set forth in *section 340.5*. The trial court agreed and sustained a demurrer without leave to amend; judgments of dismissal were entered as to both defendants. Burris appeals.

Intervener Burris properly concedes that her complaint, if brought as an original action, would be barred by the three-year statute of limitations in *section 340.5*. [3] However she asserts her complaint in intervention is not barred because it should relate back to the time of filing of plaintiffs' complaint for wrongful death. We disagree.

> 3   See *Brown v. Bleiberg (1982) 32 Cal.3d 426, at page 437 [186 Cal.Rptr. 228, 651 P.2d 815]*; *Larcher v. Wanless (1976) 18 Cal.3d 646, at pages 650-651, 658-659 [135 Cal.Rptr. 75, 557 P.2d 507]*; *Hills v. Aronsohn (1984) 152 Cal.App.3d 753, at page 761 [199 Cal.Rptr. 816]*.

Our starting point is *Cross v. Pacific Gas & Elec. Co. (1964) 60 Cal.2d 690 [36 Cal.Rptr. 321, 388 P.2d 353]*. [***4] There, decedent was killed in 1956, [*681] leaving a widow and three minor children. (P. 691.) Nearly six years later, without having filed her own action, the widow, as guardian *ad litem*, brought a wrongful death action on behalf of the minor children. (P. 692.) The applicable statutes of limitation barred any action by the widow but, because of tolling, did not bar an action by the children. (P. 692.) The trial court sustained a demurrer without leave to amend apparently concluding the widow and children had a single or "joint" cause of action, so that if the widow's claim was barred, so too was the children's. (Pp. 691-692.) The Supreme Court reversed, construing *section 377* [4] as [**628] "a procedural statute establishing compulsory joinder and not a statute creating a joint cause of action . . . . [Citations.] [para.] Although recovery under *section 377* is in the form of a 'lump sum,' the amount is determined in accordance with the various heirs' separate interests in the deceased's life and the loss suffered by each by reason of the death, and no recovery can be had by an heir who did not sustain a loss. [Citation.] [para.] Accordingly, *each heir* [***5] *should be regarded as having a personal and separate cause of action. . . .* [para.] The running of the statute of limitations against adult heirs, therefore, does not affect the rights of minor plaintiffs in a wrongful death action." ( *Cross v. Pacific Gas & Elec. Co., supra, 60 Cal.2d at pp. 692-693*, italics added.)

> 4   *Section 377, subdivision (a)* provides: "When the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person

causing the death, or in case of the death of such wrongdoer, against the personal representative of such wrongdoer, whether the wrongdoer dies before or after the death of the person injured. If any other person is responsible for any such wrongful act or neglect, the action may also be maintained against such other person, or in case of his or her death, his or her personal representatives. In every action under this section, such damages may be given as under all the circumstances of the case, may be just, but shall not include damages recoverable under *Section 573 of the Probate Code*. The respective rights of the heirs in any award shall be determined by the court. Any action brought by the personal representatives of the decedent pursuant to the provisions of *Section 573 of the Probate Code* may be joined with an action arising out of the same wrongful act or neglect brought pursuant to the provisions of this section. If an action be brought pursuant to the provisions of this section and a separate action arising out of the same wrongful act or neglect be brought pursuant to the provisions of *Section 573 of the Probate Code*, such actions shall be consolidated for trial on the motion of any interested party."

The statute construed in *Cross* was in substance the same. (See *Cross v. Pacific Gas & Elec. Co., supra, 60 Cal.2d at p. 692.*)

[\*\*\*6] (1) *Cross* stands clearly for the proposition that, whereas the claims of all heirs must be determined in a single wrongful death action ( *id., at p. 694*), each heir has a personal and separate cause of action against which the applicable statute of limitations will run. [5]

---

5 It is suggested in *Rabe v. Western Union Tel. Co. (1926) 198 Cal. 290 [244 P. 1077]*, that allowing an amendment to a complaint for wrongful death in order to include an heir whose cause of action might otherwise be barred by the statute of limitations would not introduce a new cause of action from that stated in the original complaint. ( *Id., at p. 300.*) *Rabe* also suggests, however, that if the omitted heir were not allowed to be brought in by amendment, the result would be that the action timely filed by other heirs would be defeated on the theory that in an action for wrongful death all the heirs are indispensable parties, and that if one heir is barred, all are barred. ( *Id., at p. 299*; see *Haro v. Southern Pacific R.R. Co. (1936) 17 Cal.App.2d 594, 597 [62 P.2d 441]*, disapproved in *Cross, supra, 60 Cal.2d at p. 694*; *Sears v. Majors (1930) 104 Cal.App. 60, 62-63 [285 P. 321]*, disapproved in *Cross, supra, 60 Cal.2d at p.*

*694.*) *Rabe*, however, was decided prior to *Cross*. *Cross* obviously assumed the children's action could continue even though their mother's action was barred by the statute of limitations, so that she would not be an appropriate party. Cases decided since *Cross* have therefore concluded a nonjoined heir is not an indispensable party to a wrongful death action brought by other heirs. (See, e.g., *Washington v. Nelson (1979) 100 Cal.App.3d 47, 51-52 [160 Cal.Rptr. 644]*; *Sanders v. Fuller (1975) 45 Cal.App.3d 994, 999-1000 [119 Cal.Rptr. 902]*, and authorities cited therein.) This would seem to make eminent sense where the nonjoined heir's claim is barred by a statute of limitations. Since that heir can assert no claim, the court is not precluded from distributing the proceeds of the action among the heirs whose claims are not barred. (See fn. 4, *ante, Cross v. Pacific Gas & Elec. Co., supra, 60 Cal.2d at p. 692.*) Therefore, since the nonjoined heir does not preclude the court from granting complete relief the nonjoined heir is not an indispensable party. (See § 389.)

---

[\*\*\*7] [\*682] One of *Cross's* progeny, *Washington v. Nelson, supra, 100 Cal.App.3d 47*, is nearly on point. In *Washington*, an action for wrongful death based on medical malpractice was timely commenced by the widow of the decedent. More than three years after the date of death, the widow successfully moved for leave to file a first amended complaint naming a minor as an additional heir and plaintiff. Subsequently, the trial court dismissed the action as to the minor pursuant to the provisions of section 581a, subdivision (a), which required dismissal unless the summons on the complaint was served and return made within three years after commencement of the action. ( *Id., at pp. 49-50.*) On appeal, the *Washington* court held the trial court [\*\*629] erred in dismissing the action pursuant to the provisions of section 581a. ( *Id., at p. 51.*) Nonetheless, the judgment was affirmed in light of the determination the minor's wrongful death action was barred by the statute of limitations. Citing *Cross*, the *Washington* court concluded, "Since the claim of each heir is a personal and separate cause of action, the filing [\*\*\*8] by the widow should not stop the running of the statute of limitations as to [the minor], nor conversely would the running of the statute as to [the minor] affect the widow's claim." ( *Id., at p. 52.*)

Intervener attempts to distinguish *Washington* on the ground the appellant in *Washington* did not file a complaint in intervention but rather attempted to join as a plaintiff by amendment of the original complaint after the statute of limitations had run. Intervener asserts complaints in intervention are given special considera-

tion. In the circumstances here, the argument is unavailing.

"A complaint in intervention, like any other complaint, is subject to an affirmative defense based on an applicable statute of limitations and, if it asserts a new cause of action, the application for leave to intervene must be filed within the pertinent limitations period." (2 Cal. Civil Procedure Before [*683] Trial (Cont.Ed.Bar 1978) § 25.37, p. 128; *Tubbs v. Delillo* (1912) 19 Cal.App. 612, 621 [127 P. 514]; see *Mars v. McKay* (1859) 14 Cal. 127, 129; *Graham v. Cal. Drilling etc. Co.* (1942) 49 Cal.App.2d 522, 526 [122 P.2d 88]; [***9] *A. E. Bell Corp. v. Bell View Oil Synd.* (1938) 24 Cal.App.2d 587, 614 [76 P.2d 167].)

Intervener contends her complaint in intervention is not subject to this general rule but is saved by *Voyce v. Superior Court* (1942) 20 Cal.2d 479 [127 P.2d 536]. [6] There the court permitted a statutory heir to intervene in a pending (and timely filed) will contest although the statutory time permitted for the initiation of such a contest had run. (P. 485.) Characterizing the will contest as "in the nature of a proceeding *in rem*" (p. 483), the court pointed out that a successful will contest "has the effect of invalidating the will *in toto* and as to everyone interested therein, regardless of whether they actively participated in the contest. [Citations.]" (*Ibid.*) The court emphasized that since the relief sought by the intervener was identical to the relief sought by the plaintiffs in the pending action (the invalidation of the will), no new issues were tendered by the intervention: "In the case at bar no new issues, that is, grounds of contest have been raised, and no prejudice has been suffered by petitioners. The case is not like [***10] *Tubbs v. Delillo*, 19 Cal.App. 612 [127 Pac. 514]*, or *Mars v. McKay*, 14 Cal. 127, where the court was considering in an action for the foreclosure a mechanic's lien, the addition of parties with mechanic's liens on the same property. There each lien holder's right was dependent upon his personal lien, and the addition of other parties, each with his independent lien, would require the pleading of new causes of action, as new and distinct issues would be raised. In the case at bar no new issues are raised, the issues are identical, that is, the validity of the will with reference to the specified grounds of attack. *It is not the purpose of the contest to determine heirship, or the rights as between the contestants to the assets of the estate, but the validity of the will is the only issue.*" (*Id.*, at pp. 487-488, italics added.)

6 *Voyce* was followed in *Estate of Harootenian* (1951) 38 Cal.2d 242, at page 246 [238 P.2d 992].

(2) [***11] *Voyce* does nothing to compromise an important purpose of any statute of limitations, which is to provide timely notice so that a defendant will not have to defend against stale claims. (See *Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773, 787 [157 Cal.Rptr. 392, 598 P.2d 45].) In *Voyce*, defendants were put on notice of all claims and issues when the original complaint was timely filed; the intervention tendered no new claims or issues that would require defendants to initiate an investigation beyond the period of the statute of limitations.

[*684] [**630] By way of contrast, the complaint in intervention in the instant case tenders significant new issues. Indeed, the complaint in intervention perforce tenders the threshold issue whether intervener is, in fact, the natural child of decedent and therefore an heir entitled to share in any recovery, as she claims. Moreover, as we have noted, a recovery under *section 377* is determined in accordance with the various heirs' separate interests in the deceased's life and the loss suffered by each by reason of the death, and no recovery can be had by an heir who did not sustain a loss. (*Cross v. Pacific Gas & Elec. Co.*, supra, 60 Cal.2d at p. 692.) [***12] "The basis of a wrongful death recovery is the pecuniary loss to each heir, and, although there is a lump sum award, it consists of the amount of damage suffered by all, added together." (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 789, p. 3087.) Although we may assume the original complaint fairly put defendants on notice as to claims and issues related to liability, it gave no notice of claims or issues related to the pecuniary loss suffered by intervener, a loss in the nature of "damages." Defendants were entitled to have these significant claims and issues brought to their attention within the period of the statute of limitations so that they could conduct a timely investigation. [7]

7 This case therefore falls within the exception expressly mentioned in *Voyce v. Superior Court*, supra, 20 Cal.2d at page 488, i.e., the complaint in intervention tenders a contest to determine heirship and to adjudicate rights between heirs to share of a common fund.

Intervener also cites *Buell v. CBS, Inc.* (1982) 136 Cal.App.3d 823 [186 Cal.Rptr. 455] [***13] where an employer had timely filed an action to recover damages from a third party for causing injuries to an employee in the course of his employment. (Lab. Code, § 3852; see generally *County of San Diego v. Sanfax Corp.* (1977) 19 Cal.3d 862 [140 Cal.Rptr. 638, 568 P.2d 363].) The *Buell* court allowed the employee to intervene in the employer's action even though the statute of limitations had run. (*Buell v. CBS, Inc.*, supra, 136 Cal.App.3d at pp. 826-827; see also *Jordan v. Superior Court* (1981) 116 Cal.App.3d 202 [172 Cal.Rptr. 30].)

*Buell* is distinguishable on two grounds. First, the employee's right to join in an action at any time before

166 Cal. App. 3d 678, *; 212 Cal. Rptr. 626, **;
1985 Cal. App. LEXIS 1865, ***

trial is expressly authorized by *Labor Code section 3853*,[8] a statute not here applicable. Second, and more significantly, "Substantively, as well as procedurally, employer and employee actions are interchangeable: regardless of who brings an action, it is essentially the same lawsuit." (*County of San Diego v. Sanfax Corp., supra,* 19 Cal.3d at p. 874.) A defendant in such an action is therefore [***14] put on notice of the claim, and the purpose of the statute of limitations is served, when [*685] either employer or employee timely files suit. (See *Harrison v. Englebrick (1967) 254 Cal.App.2d 871, 875 [62 Cal.Rptr. 831]*.) As we have seen, that is not the case here.

> 8  *Labor Code section 3853* provides in pertinent part, "If the action is brought by either the employer or employee, the other may, at any time before the trial on the facts, join as a party plaintiff or consolidate his action, if brought independently."

The complaint in intervention tendered new claims and issues and therefore asserted a new cause of action. The trial court properly applied the statute of limitations to it.  (3) The demurrer was appropriately sustained without leave to amend and the action properly dismissed.[9]

> 9  Intervener's action as against Hembrow fails for an additional reason. Section 387 provides in pertinent part, "An intervention takes place when a third person is permitted to become a party to an action or proceeding *between other persons. . . .*" (Italics added.) "Intervention cannot take place after an action has been dismissed." (2 Cal. Civil Procedure Before Trial, *op. cit. supra,* § 25.34, p. 127.) Plaintiffs dismissed the action against Hembrow with prejudice in December 1981, more than two years prior to the filing of the complaint in intervention. Thus, there was no action pending against Hembrow into which anyone could intervene.

[***15]  The judgments are affirmed.