# EXHIBIT E

12 of 25 DOCUMENTS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and LISA STEPLER, Plaintiffs, v. AVECIA INC., Defendant.

C.A. No. 03-320-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2003 U.S. Dist. LEXIS 19325

October 23, 2003, Decided

**SUBSEQUENT HISTORY:** Reargument denied by *EEOC v. Avecia Inc.*, 2004 U.S. Dist. LEXIS 7995 (D. Del., Apr. 28, 2004)
Summary judgment granted by, Sub nomine at *Stepler v. Avecia Inc.*, 2004 U.S. Dist. LEXIS 14955 (D. Del., July 19, 2004)

**DISPOSITION:** [*1] Defendant's motion to dismiss plaintiff's state law tort claim for intentional infliction of emotional distress granted.

**COUNSEL:** Patricia C. Hannigan, Esquire, Wilmington, Delaware; Philip B. Bartoshesky, Esquire, Wilmington, Delaware. Counsel for Plaintiffs.

Jennifer C. Bebko Jauffret, Esquire, Wilmington, Delaware; Ginger D. Schroder, Esquire, Buffalo, New York. Counsel for Defendant.

**JUDGES:** Sue L. Robinson, United States District Judge.

**OPINION BY:** Sue L. Robinson

**OPINION**

MEMORANDUM OPINION

Wilmington, Delaware

ROBINSON, Chief Judge

I. INTRODUCTION

On March 24, 2003, the Equal Opportunity Commission (the "EEOC") filed a complaint against Avecia, Inc. ("Avecia") on behalf of Lisa Stepler ("Stepler") alleging retaliation under Title VII of the Civil Rights Act of 1964 (*42 U.S.C. § 2000(e), et seq.*) and Title I of the Civil Rights Act of 1999 (*42 U.S.C. § 1981A*). (D.I. 1)

On July 3, 2003, Stepler filed a motion to intervene in this action. (D.I. 11) After the court granted Stepler's motion on July 8, 2003 (D.I. 11), Stepler filed a three count complaint in intervention against Avecia on July 17, 2003. (D.I. 15) Stepler alleged [*2] retaliation under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991; (2) wrongful termination pursuant to Delaware state law; and (3) intentional infliction of emotional distress pursuant to Delaware state law. The EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964. (D.I. 1 at P 3) Stepler is a resident of the State of Maryland. (D.I. 15 at P 4) Avecia is a Delaware company with business operations in the State of Delaware and the City of New Castle. (D.I. 1 at P 4) The court has jurisdiction over the EEOC's and Stepler's federal civil rights claims pursuant to *28 U.S.C. §§ 1331 and 1334* and supplemental jurisdiction over all other claims pursuant to *28 U.S.C. § 1367(a)*. Avecia's motion to dismiss Stepler's intentional infliction of emotional distress claim is currently before the court. (D.I. 27) Because the *Delaware Workers' Compensation Act* (the "Act") bars Stepler's claim, the court grants Avecia's motion.

II. BACKGROUND

Stepler began her employment at Avecia on or about November [*3] 1987. (D.I. 15 at P 6) Beginning in 1999, Stepler avers that she was subjected to a sexually hostile work environment by a male co-worker. (D.I. 15 at P 7) She complained to Avecia's management, including human resource personnel, in both April and August 2000 about the sexual harassment. (D.I. 15 at P 8)

After lodging her complaints, Stepler contends that Avecia began to treat her differently than its other employees. (D.I. 15 at P 10) For instance, Stepler maintains that Avecia scrutinized her vacation requests, work assignments, and progress more than other employees. She

also alleges that Avecia required her to remain at her work station during work breaks, but permitted other employees to enjoy breaks in designated areas with other employees. Additionally, Stepler claims that Avecia forbid her from displaying personal items around her work area, but at the same time, did not institute such restrictions on other employees.

In February 2001, Stepler informed Avecia's management that she was being subjected to disparate treatment in retaliation for complaining about sexual harassment. (D.I. 15 at P 12) She complained directly to Avecia's human resource manager about this retaliation [*4] again in March 2001. Avecia terminated Stepler's employment on or about May 11, 2001. (D.I. 15 at P 15) After being terminated, Stepler filed a complaint against Avecia with the EEOC. The EEOC conducted an investigation, determined that Avecia violated Title VII, and attempted an unsuccessful conciliation between Stepler and Avecia. (D.I. 31 at 3) Consequently, the EEOC initiate suit against Avecia on behalf of Stepler.

In count III of her complaint in intervention, Stepler argues that Avecia intentionally inflicted emotional distress on her by its disparate treatment. In particular, Stepler charges that Avecia's criticism and scrutiny was intentional, malicious, and calculated to cause her to suffer extreme emotional distress. (D.I. 15 at P 32) Stepler further claims that she suffers severe and continuing mental and emotional distress from this treatment. (D.I. 15 at P 33) Avecia, in response, denies any inappropriate or illegal conduct. (D.I. 29)

## III. STANDARD OF REVIEW

Under *Rule 12(b)(6) of the Federal Rules of Civil Procedure*, "[a] complaint should be dismissed only if, after accepting as true all of the facts alleged in the [*5] complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted [to the plaintiff] under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998)*. The court, therefore, must accept as true all material allegations of the complaint, and it must construe the complaint in favor of the plaintiff. See *id.* Claims may be dismissed only if a plaintiff cannot demonstrate any set of facts that would entitle him to relief. See *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)*.

## IV. DISCUSSION

Avecia raises two affirmative defenses in its motion to dismiss. First, Avecia argues that Stepler's intentional infliction of emotional distress intervention claim is barred by the Delaware statute of limitations applicable to personal injury claims. Alternatively, Avecia charges that this claim is barred by the Act. The court will consider each of Avecia's affirmative defenses in turn below.

### A. Statute of Limitations

The Delaware statute of limitations concerning personal injury provides [*6] that "no action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of [two] years from the date upon which it is claimed that such alleged injuries were sustained." *DEL. CODE ANN. tit. 10, § 8119* (2003). "Personal injuries" include emotional injuries for statute of limitation purposes. See *Wright v. ICI Americas Inc., 813 F. Supp. 1083 (D. Del. 1993)*. Accordingly, under Delaware law, a two-year limitations period applies to claims for emotional distress.

Avecia argues that Stepler's intervention claim for intentional infliction of emotion distress falls outside of the two-year statute of limitations period for a personal injury action. Avecia points out that Stepler was terminated on May 11, 2001, but did not move to intervene until July 3, 2003 or file her complaint until July 17, 2003. Given these dates, Avecia contends that more than two years have passed since Stepler's alleged injuries were sustained.

In rebuttal, Stepler maintains that her intervention complaint relates back to the EEOC's original complaint of March 2003 and that the EEOC could properly amend its complaint [*7] to assert an intentional infliction of emotion distress claim under *Rule 15(c) of the Federal Rules of Civil Procedure* because such amendment would be based upon the same conduct described in the EEOC's original complaint. Stepler, therefore, characterizes the issue as whether the claims of a complaint in intervention may relate back to the original complaint. Stepler advocates that her complaint in invention and the EEOC's original complaint are virtually identical with regard to the factual allegations. As well, she notes that Avecia answered both the EEOC's original complaint and her complaint in invention with the same defenses. Hence, Stepler argues that Avecia received notice of the conduct which forms the basis for her intentional infliction of emotional distress claim and, as a result, will not suffer undue prejudice if her intentional infliction of emotional distress intervention complaint proceeds.

In the alternative, Stepler argues that the statute of limitations was tolled from the time that she filed her complaint with the EEOC until the time that the EEOC filed its Title VII and § 1981 litigation against Avecia on her behalf. [*8] Stepler charges that over a year and one-half passed while the EEOC investigated her charges and attempted resolution outside the court system. Given this time period, Stepler asserts that her intentional inflic-

Case 3:07-cv-03747-PJH    Document 48-6    Filed 03/26/2008    Page 4 of 5

Page 3
2003 U.S. Dist. LEXIS 19325, *

tion of emotional distress claim is within the two-year statute of limitations.

The court does not find that the two-year statute of limitations for personal injury actions bars Stepler's intentional infliction of emotional distress intervention claim as Avecia asserts. Delaware courts have found that the claims of an intervenor that relate back to the original filing defeat statute of limitation defenses. See In Re MAXXAM, Inc., 698 A.2d 949 (Del. Ch. 1996); see also Child, Inc. v. Rodgers, 377 A.2d 374 (Del. Super. 1977), aff'd in part and rev'd in part sub nom, Pioneer Nat'l Title Ins. Co. v. Child, Inc., 401 A.2d 68 (Del. 1979). "As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. [*9] " Child, 377 A.2d at 377 (quoting WRIGHT AND MILLER, 6 FEDERAL PRACTICE AND PROCEDURE § 1501 (1971)).

While it is clear that more than two years passed between Stepler's termination and the filing of her intervention complaint, the court agrees with Stepler that the conduct upon which she bases her intentional infliction of emotion distress intervention claim is the same conduct upon which the EEOC filed its Title VII and § 1981 action. As such, the court appreciates the relationship between Stepler's intentional infliction of emotional distress invention claim and the EEOC's original complaint. The court also notes that Avecia would not be prejudiced by Stepler's intentional infliction of emotion distress claim because it was provided notice of the alleged illegal conduct when the EEOC filed suit on behalf of Stepler. Accordingly, the court concludes that the "relation back" doctrine saves Stepler's intentional infliction of emotional distress intervention claim from being time-barred.

Considering Stepler's alternative argument that filing a complaint with the EEOC tolls the statute of limitations for an independent state law claim such as intentional infliction [*10] of emotional distress during the EEOC's administrative process, the court again agrees with Stepler. A litigant typically cannot file a claim for intentional infliction of emotional distress directly in federal court until a federal claim is brought because the federal court would lack subject matter jurisdiction. See Forbes v. Merrill Lynch Fenner & Smith, Inc., 957 F. Supp. 450, 456 (S.D.N.Y. 1997). If the statute of limitations did not toll during the EEOC's investigation, a litigant would be forced to file any state law claim in state court and then later bring a federal discrimination claim in federal court. See id. The litigant would be forced to argue two cases with an identical fact pattern under two separate sovereigns. See id. Such a situation would thwart judicial efficiency and undermine the EEOC's opportunity to investigate allegations of employment discrimination and to facilitate dispute resolution prior to litigation. See id. For these reasons, the court concludes that the two-year statute of limitations does not bar Stepler's intentional infliction of emotional distress claim against Avecia.

**B. The Delaware Workers' Compensation Act**

[*11] The Delaware General Assembly enacted its first Workers' Compensation Statute in 1917. 29 Del. Laws ch. 233 (1917). One of the General Assembly's purposes in enacting the statute was to provide more direct and economical compensation for injured employees and to create a pool of employers that would bear the burden of ameliorating the losses resulting from industrial accidents. See Koeppel v. E.I. DuPont De Nemours & Co., 37 Del. 369, 7 W.W. Harr. 369, 183 A. 516 (Del. Super. 1936), aff'd, 38 Del. 542, 8 W.W. Harr. 542, 194 A. 847 (Del. 1937). The Act was also designed to provide prompt financial and medical assistance to injured employees and their families because litigation often delayed such assistance. See Frank C. Sparks Co. v. Huber Baking Co., 48 Del. 9, 9 Terry 9, 96 A.2d 456 (Del. 1953). The Act specifically provides that "every employer and employee, adult and minor ... except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies. [*12] " DEL. CODE ANN. tit. 19, § 2304 (2003). This provision bars common law actions against an employer where: 1) plaintiff is an employee; 2) his condition is shown to be a "personal injury" within the meaning of the statute; and 3) the injury is shown to have arisen out of and in the course of employment. The only statutory exception to this provision arises when the personal injury is caused by the willful conduct of another employee for personal reasons not related to the scope of employment. 19 DEL. CODE ANN. tit. 15, § 2301(15)(b) (2003).

With this legal framework in place, the key to whether the Act precludes an action "lies in the nature of the [personal] injury for which plaintiff makes [a] claim, not [in] the nature of the defendant's act which plaintiff alleges to have been responsible for that injury." Battista v. Chrysler Corp., 454 A.2d 286, 288-89 (Del. Super. 1982) (citations omitted). Accordingly, the Delaware Supreme Court observed that "mental injury is included among the personal injuries compensable under the Act." Konstantopoulos v. Westvaco Corp., 690 A.2d 936, 939 (Del. 1996). [*13] The Delaware Supreme Court further ruled that intentional infliction of emotional distress caused by sexual harassment arising from and in the course of employment is barred by the Act. See id. at

*938*. This court also held that intentional infliction of emotional distress stemming from on-the-job discrimination is barred by the Act. See *Brodsky v. Hercules, Inc., 966 F. Supp. 1337, 1353 (D. Del. 1997)*.

Avecia argues that Stepler's intentional infliction of emotional distress claim is barred by the exclusivity provision of the Act because her alleged injury resulted from conditions related to or involving her employment, not conditions intentionally designed to injure her. Avecia points out that Stepler alleges that she suffered emotional distress because her work was criticized, her vacation requests were scrutinized, and she was forced to take work breaks at her work station. Avecia notes that this conduct all occurred in the context of her employment duties. Moreover, Avecia points out that Stepler fails to show that Avecia deliberately acted to harm her. Rather, Avecia maintains that Stepler offers conclusory allegations which merely track the [*14] elements of an intentional infliction of emotional distress claim.

Stepler counters Avecia's argument by stressing that Avecia retaliated against her personally for complaining about being sexually harassed and, in doing so, intentionally sought to emotionally harm her. As such, Stepler asserts that Avecia's conduct is excepted from the Act's exclusivity provision.

Accepting as true the allegations in Stepler's complaint regarding Avecia's conduct following her sexual harassment complaints, the court finds that Avecia did not deliberately set out to personally harm Stepler. For this reason, the court concludes that Stepler may not avail the single statutory exception to the Act. Instead, the court finds that: (1) Stepler was employed by Avecia; (2) her intentional infliction of emotional distress claim fits within the meaning of the statute as recognized by the case precedent; and (3) her alleged emotional distress arose in the course of her employment. Therefore, the court finds that Stepler's intentional infliction of emotion distress claim is barred by the exclusivity provision of the Act and, as a consequence, grants Avecia's motion to dismiss this claim.

## V. CONCLUSION

[*15] For the reasons stated above, the court grants Avecia's motion to dismiss Stepler's state law tort claim for intentional infliction of emotional distress. An order will issue.

## ORDER

At Wilmington this 23rd day of October, 2003, consistent with the memorandum opinion issued this same day;

IT IS ORDERED that Avecia's motion to dismiss **(D.I. 27) is granted.**

Sue L. Robinson

United States District Judge