VINICK LAW FIRM
SHARON R. VINICK (State Bar No. 129914)
350 Sansome Street, Suite 300
San Francisco, CA 94104
Telephone: 415-722-4481
Facsimile: 415-276-6338

JEAN K. HYAMS, ESQ., State Bar No. 144425
DARCI E. BURRELL, ESQ., State Bar No. 180467
BOXER & GERSON, LLP
300 Frank H. Ogawa Plaza, Suite 500
Oakland, California 94612
Telephone: (510) 835-8870
Facsimile: (510) 835-0415
E-mail: courtmail@boxerlaw.com

Attorneys for Plaintiff in Intervention

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br><br>Plaintiff, and<br><br>STEVEN J. CARAUDDO,<br><br>Plaintiff - Intervenor,<br><br>v.<br><br>LUCENT TECHNOLOGIES, INC., AND DOES 1 THROUGH 20<br><br>Defendants. | Case No.: C 07-3747 PJH<br><br>**PLAINTIFF-INTERVENOR STEVEN J. CARAUDDO'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S PARTIAL TO MOTION TO DISMISS**<br><br>DATE: April 16, 2008<br>TIME: 9:00 a.m.<br>COURTROOM 3 - 17th Floor<br>Judge Phyllis J. Hamilton<br><br>TRIAL DATE: March 30, 2009 |

## I. INTRODUCTION

Defendant Lucent Technologies Inc. ("Lucent") has moved to dismiss the wrongful termination claim of Plaintiff and real party in interest Steve Carauddo ("Carauddo") based on the statute of limitations. Lucent brings this motion without identifying the applicable legal doctrines, explaining the choice of law, or citing the relevant cases. This motion should be denied because (1) the motion for leave to intervene was filed within the applicable limitations period; and (2) the wrongful termination claim would be saved by the relation back doctrine were the statute calculated by reference to the complaint filing date.

## II. STATEMENT OF FACTS

Plaintiff Department of Fair Employment and Housing ("DFEH") filed suit in state court on June 27, 2007. Subsequently, on July 20, 2007, Lucent removed this case to federal court. On November 5 and 27, 2007, Carauddo filed a motion to intervene. After hearing and the Court's order granting intervention, Caruaddo filed a complaint-in-intervention on February 20, 2008.

As set forth in his complaint-in-intervention, Caruaddo was terminated on January 27, 2006. The motion to intervene was filed within two years of the date of termination; the complaint, which could not be filed without leave of Court, was filed after the two year anniversary.

## III. LEGAL ARGUMENT

### A. Carauddo's Claim is Timely Because the Motion to Intervene was Filed within the Limitations Period

In diversity cases, the application of the statute of limitations for state common law claims is governed by state law. *Guaranty Trust Co. v. York*, 326 U.S. 99, 112 (1945) ("The source of substantive rights enforced by a federal court under diversity jurisdiction, it cannot be said too often, is the law of the States.") Under California law, when a party intervenes in a case, the filing of an application to intervene suffices to commence an action for the purpose of calculation whether the action has been

timely filed under the applicable limitations period. *Alphonzo Bell Corp. v. Bell View Oil Syndicate, et al.*, 24 Cal. App. 2d 587, 614 (1938) ("The Union Oil Company had appeared, filed a petition for leave to intervene, but as actual leave was not granted by the court until after the expiration of the one hundred eighty days, the right of the Union Oil Company could not be prejudiced by the failure of the court to act upon the application prior to the expiration of the one hundred eighty days.")

Thus, by filing his motion to intervene within the applicable limitations period, Carauddo complied with California's two-year statute of limitations.

B. <u>Alternatively, the Fourth Cause of Action is Timely Under the Relation-Back Doctrine</u>

The relation-back doctrine is integral to the application of California's statute of limitations in a situation where an intervenor joins after the expiration of the statute of limitations. Assuming, *arguendo*, that this were the case here, this Court would look to California law to analyze whether the Fourth Cause of Action relates back to the original complaint. A number of California cases have applied the relation-back doctrine in situations where an intervenor brings claims after the expiration of the limitations period. See *Quiroz v. Seventh Avenue Center, et al.*, 140 Cal. App. 4th 1256 (2006) (Survivor sought to intervene in elder abuse case after running of the statute of limitations); *Andersen v. Barton Memorial Hospital, Inc.*, 166 Cal. App. 3d 678 (1985) (Additional heir moved to intervene in wrongful death action).

"In order for the relation-back doctrine to apply, 'the amended complaint must (1) rest on the same general set of facts, (2) involve the same injury, and (3) refer to the same instrumentality, as the original one.'" *Quiroz*, 140 Cal.. App. 4th at 1278, quoting *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 395 (1999).

Carauddo's assertion of the Fourth Cause of Action for wrongful termination in violation of public policy passes the *Quiroz* test. The facts supporting this cause of action also undergird the First Cause of Action alleged in the original complaint filed by the Department of Fair Employment and Housing ("DFEH"). Essentially, Mr. Carauddo alleges he was performing the essential functions of his assigned position until Lucent decided to terminate him because of his perceived disability. The DFEH's First Cause of Action (repeated in Carauddo's complaint) pleads termination based on disability under

the Fair Employment and Housing Act, Cal. Govt. Code § 12940; Carauddo's Fourth Cause of Action is for wrongful termination in violation of the public policy articulated in that same statute. As for injury, the damages suffered by Mr. Carauddo as a result of his termination are identical as between the discrimination and wrongful termination claims – economic loss and emotional distress. Punitive damages are also available under both theories. Finally, the instrumentality of the wrong, termination from employment, is identical in both causes of action.

In the only opinion located by Plaintiff that involved a real-party-in-interest who intervened in an employment discrimination lawsuit brought by a government agency, the District Court for the District of Delaware concluded that a claim for intentional infliction of emotional distress related back to the statutory discrimination claims asserted by the Equal Employment Opportunity Commission.[1] See *EEOC v. Avecia, Inc.*, C.A. No. 03-320-SLR, 2003 U.S. Dist. LEXIS 19325 (D.Del. October 23, 2003)

Lucent has had ample notice of and opportunity to prepare to defend against the wrongful termination claim of Carauddo, which relates back in all respects to the claims initially raised in the complaint filed by the DFEH.

## III. CONCLUSION

For the foregoing reasons, Plaintiff-Intervenor respectfully submits that Lucent's motion to dismiss should be denied.

Dated: March 26, 2008

Respectfully submitted

BOXER & GERSON

By: /s/
Jean K. Hyams

[1] The claim for intentional infliction was ultimately dismissed on other grounds.