1  Steven R. Blackburn, State Bar No. 154797
   Leslie J. Mann, State Bar No. 95467
2  Rachel S. Hulst, State Bar No. 197330
   EPSTEIN BECKER & GREEN, P.C.
3  One California Street, 26th Floor
   San Francisco, California 94111-5427
4  Telephone:    415.398.3500
   Facsimile:    415.398.0955
5  SBlackburn@ebglaw.com
   Lmann@ebglaw.com
6  RHulst@ebglaw.com

7  Attorneys for Defendant
   Lucent Technologies, Inc.

8

9              **UNITED STATES DISTRICT COURT**

10          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11              **SAN FRANCISCO DIVISION**

12

13 DEPARTMENT OF FAIR EMPLOYMENT          CASE NO.: 3:07-cv-03747-PJH
   AND HOUSING, an agency of the State of
14 California,                            **DEFENDANT LUCENT
                                          TECHNOLOGIES' REPLY BRIEF IN
15              Plaintiff, and            SUPPORT OF PARTIAL MOTION TO
                                          DISMISS**
16 STEVEN J. CARAUDDO
                                          **[FRCP 12(b) (6)]**
17              Plaintiff-Intervenor
                                          Hearing Date: April 16, 2008
18      v.                                Time:          9:00 a.m.
                                          Courtroom:     3, 17th Floor
19 LUCENT TECHNOLOGIES INC., and;
   DOES 1 through 20,                     Judge Phyllis J. Hamilton
20
                Defendants.
21

22 I.     **INTRODUCTION**

23         Intervenor Plaintiff Steven Carauddo ("Carauddo") presents two arguments opposing

24 Defendant Lucent's motion to dismiss his fourth cause of action for wrongful termination in

25 violation of public policy prohibiting discrimination against disabled individuals or those

26 *perceived* as disabled.  First, he argues because he filed his motion to intervene within the

27 statutory time period, his claim is saved.  However, the mere act of filing his motion to intervene

28 within the statutory time period does not dictate whether or not this cause of action is time

                              - 1 -

barred.  The new complaint raises a new claim never before alleged in the litigation.  For the first time, Carauddo now brings a claim for wrongful termination based on the policy prohibiting *perceived* disability discrimination after the limitations period expired.  Accordingly, that entire cause of action must be dismissed as time barred.  As to plaintiff's second argument to save his claim, Mr. Carauddo's wrongful termination claim based on the policy prohibiting perceived disability discrimination seeks to enforce an independent right.   In such a case, the claim does not relate back to the filing of the original.  The court should dismiss this claim from this case.

## II.    LEGAL ARGUMENT

### A.    Carauddo's Fourth Cause Of Action For Wrongful Termination In Violation Of Public Policy Is Time Barred Despite The Filing Of His Application To Intervene Prior To The Expiration Of The Statute Of Limitations

In support of his theory that filing his motion to intervene within the statutory time period was sufficient to avoid a statute of limitations defense, Mr. Carauddo cites to one distinguishable 1938 case.  *Alphonzo Bell Corp. v. Bell View Oil Syndicate, et al.*, 24 Cal.App.2d 587 (1938).  In *Alphonzo Bell*, owners of a tract of land sued owners of adjacent plots of land for improperly extracting oil from its property.  Another owner and his lessee contended that such oil was also illegally being extracted from the adjacent property and moved to intervene as new parties before the statute of limitations expired.  Unlike the case at bar, the parties only requested to intervene as new parties, they did not request to file another cause of action or claim against the defendants.  Distinct from this case, the issue in *Alphonzo Bell* was merely whether the new parties joining the case at a late stage fell within the statute of limitations for the *existing* causes of action brought against defendants in the case.  The case did not address the issue of whether a new claim could be added after the statute of limitations had passed.  *See Anderson v. Barton Mem. Hosp., Inc.,* 166 Cal. App. 3d 678, 684 (1985) (a complaint in intervention filed after the statute of limitations expired could not survive where it alleges new claims that ultimately might have required investigation into new or different issues)

It is beyond dispute that "[a] complaint in intervention, like any other complaint, is ordinarily subject to the statue of limitations, *i.e.,* if it asserts a new cause of action from that already before the court, it must be filed within the applicable statutory period."  *See* Rylaarsdam

- 2 -

1  & Turner, *California Practice Guide, Civil Procedure Before Trial, Statute of Limitations* §

2  8:275  (The Rutter Group 2007);

3      Here, Mr. Carauddo did not only seek to intervene as a party, but chose to add the new

4  claims including wrongful termination in violation of public policy.  In the Complaint in

5  Intervention, Mr. Carauddo's wrongful termination claim alleges the violation of two separate on

6  the public policies set forth in California Government Code § 12940 *et seq.*  Mr. Carauddo

7  specifically alleges: "Defendants terminated Carauddo on account of his having a disability or

8  their *perception* that he had a disability."  (Complaint in Intervention at 8:20-23.)   Mr. Carauddo

9  has employed a tactic used by some plaintiffs in current litigation alleging two separate claims in

10  one cause of action.

11      The DFEH originally alleged a FEHA claim based only on "known disabilities."  (*See*

12  DFEH Compliant at p. 7:13).  Nowhere does the DFEH allege a "perceived" disability claim.

13      Claims for terminating on the basis of a disability and terminating on the basis of

14  perceived disability are two different claims under two different statutory sections with two

15  different policies at issue.  The public policies are stated separately.  Cal. Gov. Code

16  § 12926(k)(3) (having a record or history of disease, … condition… which is known to the

17  employer) and § 12926 (k)(4) (being regarded or treated by the employer … as having … any

18  physical condition that makes achievement of a major life activity difficult).  Cases interpret the

19  claims separately.  *Jensen v. Wells Fargo Bank*, 85 Cal.App.4th 245, 257-60 (2000) (disability

20  discrimination claim different than regarded as disabled discrimination claim); *Jackson v.*

21  *County of L.A.,*  60 Cal.App.4th 171, 180 (1997) (disparate treatment based on a known

22  disability is a distinct theory from disparate treatment based on a perceived disability theory).

23      Wrongful termination claims citing different public policies result in different types of

24  claims which Lucent was not put on notice of at the inception of the DFEH's lawsuit.  *See Gantt*

25  *v. Sentry Ins.,* 1 Cal.4th 1083, 1095 (1992) (the public policy in question in a wrongful

26  termination claim must be rooted in the policies delineated in a specific statutory provision);

27  *Sequoia Ins. Co. v. Sup. Ct. (Norden)*, 13 Cal.App.4th 1472, 1480 (1993) (the statute must

28  sufficiently describe the type of prohibited conduct to enable an employer to know the

- 3 -

1   fundamental public policies that are expressed in the law).  Thus, Mr. Carauddo's new

2   Complaint in Intervention alleges a claim for "perceived" disability; the DFEH Complaint did

3   not.

4        Accordingly, while Mr. Carauddo's wrongful termination in violation based on disability

5   is similar to the DFEH's statutory disability claim, Mr. Carauddo's new claim based on

6   perceived disability is not.  Lucent now faces an additional claim never before alleged in the

7   litigation.  No reason exists to permit its filing after the limitations period expired.  The claim

8   could have been timely filed and subsequently consolidated with this case.  Mr. Carauddo chose

9   not to do so and should not be able circumvent the statute.  The claim brings up new issues in the

10  case and is therefore time barred.

11        **B.    Carauddo's Complaint in Intervention Does Not "Relate Back" to the
          DFEH's Complaint**

12

13       Alternatively Plaintiff argues that the relation-back doctrine rescues his stale claim.  The

14  doctrine does not, however, carry the day because it does not apply where the plaintiff seeks to

15  enforce an independent right.  As shown above, Mr. Carauddo's new cause of action for

16  wrongful termination based on the policy prohibiting perceived disability discrimination seeks to

17  enforce a different legal liability against Lucent and therefore does not relate back to the filing of

18  the DFEH's complaint.

19       In arguing the relation back doctrine applies, Mr. Carauddo omitted the following

20  sentence from his quote of *Quiroz v. Seventh Ave. Center* 140 Cal.App.4th 1256, 1278 (2006):

21  "In addition, 'a new plaintiff *cannot* be joined after the statute of limitations has run where he or

22  she seeks to enforce an *independent right* or to impose greater liability upon the defendant.'

23  (Weil & Brown, *Cal. Practice Guide: Civil Procedure Before Trial* (The Rutter Group 2005) ¶

24  6:787, pp. 6-157-6-158.)" (emphasis in original)   The court in *Bartalo v. Superior Court*, 51

25  Cal.App.3d 526, 533 (1975) applied the analysis provided by the California Supreme Court in

26  *Austin v. Massachusetts Bonding & Insurance Co.*, 56 Cal.2d 596 (1961) "Some early cases held

27  that an amendment stating any new cause of action could not relate back and that a plaintiff

28  could not amend so as to change the legal theory of his action [Citations]. Subsequent cases held

- 4 -

that a mere change in legal theory would not prevent an amendment from relating back but that an amendment would not relate back if it set forth 'a wholly different cause of action,' i.e., 'a wholly different legal liability or obligation.' [Citations.]"

First, as set forth above, Mr. Caruaddo alleges a new and different cause of action for wrongful termination claim based on perceived disability.  As shown above, that claim is a wholly different legal theory from wrongful termination based on a known disability.  Cal. Gov. Code §§ 12926(k)(3) (having a record or history of disease, … condition… which is known to the employer) and 12926 (k)(4) (being regarded or treated by the employer … as having … any physical condition that makes achievement of a major life activity difficult).  *Jensen, supra,* 85 Cal.App.4th at 257-260; *Jackson, supra,* 60 Cal. App.4th at 180.  In fact, in a recent California Supreme Court decision, the court held that in a known disability discrimination case, it is now settled that a plaintiff bears the burden of proof that he was qualified to perform the essential functions of the job, with or without reasonable accommodation and the defendant does not have to affirmatively prove that the plaintiff was *not* qualified in order to avoid liability.  *See Green v. State of California* , 42 Cal.4th 254 (2007).  This is clearly distinct from a perceived disability case, where the burden remains with the defendant.  Accordingly, a wrongful termination claim based on a policy prohibiting perceived disability discrimination requires a defendant to present an entirely different defense than that of wrongful termination claim based on a policy prohibiting known disability discrimination.

Second, Mr. Caruaddo concedes that the FEHA claim brought by the DFEH has different interests at stake than his own.  In his reply brief in support of his motion to intervene, Mr. Carauddo reminds us that in creating the DFEH, the Legislature's "aim was not so much to redress each discrete instance of individual discrimination so as to eliminate the egregious and continued discriminatory practices of economically powerful organizations."  (Carauddo's Reply in support of Motion to Intervene at p. 4:16-20, *citing Jennings v. Marralle,* 8 Cal. 4th 121, 134 (1994).)  As a result, the "Department is the plaintiff and the employee only a witness." (Carauddo's Reply in support of Motion to Intervene at p. 4:20-2, *citing Peralta Community College Dist. v. Fair Employment and Housing Commissions,* 52 Cal. 3d 40, 54 (1990).)  Mr.

1    Carauddo emphasizes that the DFEH is expected to litigate in order to further the societal goal of

2    ending discrimination, *without regard* to Mr. Carauddo's personal recovery. (Reply Brief at p.

3    4:23-5:6, emphasis added).

4            Additionally, in his moving papers in support of his motion to intervene, Mr. Carauddo

5    states "[t]he DFEH is charged with considering the interests of all employees in the state of

6    California in determining (among other things) its settlement posture and its aggressive pursuit

7    of the matter. Potential conflicts may arise between the DFEH's obligations as a representative

8    of the State of California, and the interests of Carauddo." (See Carauddo's Motion to Intervene

9    at p.4:19-22.)

10           These potential conflicts include the different damages sought by Mr. Carauddo and the

11   DFEH under the FEHA. Mr. Carauddo is seeking lost wages, emotional distress and punitive

12   damages under his wrongful termination cause of action. While the FEHA also permits the

13   pursuit of such damages, the DFEH is seeking injunctive relief of enforcement of various FEHA

14   statutes which includes requests for Lucent to (1) "cease and desist" from discriminating against

15   employees based on disabilities; (2) implement new policies; (3) make reasonable

16   accommodations and engage in the interactive process with all employees with disabilities;

17   (4) conduct additional training sessions for their employees; and (5) ensure certain notices or

18   posters are available to their employees. (DFEH Complaint at pp. 7:1-7, 8:3-9, 10:12-18, 11:3-

19   16; Cal. Gov. Code §12965(c)(3).) Mr. Carauddo's remedies and interests are distinct from

20   those of the DFEH and accordingly, the relation back doctrine should not apply.

21           Finally, California's relation back doctrine is traditionally applied in situations where an

22   existing party in a lawsuit seeks to amend its complaint to include new causes of action after the

23   statute of limitations has run. It makes little sense to apply this doctrine in this case because the

24   DFEH could have never brought a wrongful termination claim in violation of public policy

25   against Lucent. Only a private party bringing a private lawsuit can bring a wrongful termination

26   claim. Since the DFEH could have never brought such a claim against Lucent, another party

27

28

should not now be permitted to bring that claim and somehow relate it back to the DFEH's initial complaint.[1]

**C.    Carauddo Has No Excuse for Delaying The Filing of His Wrongful Termination in Violation of Public Policy Claim**

Mr. Carauddo had two years to file a common law cause of action for wrongful termination.  Since the claim is not statutory, he was faced with no requirement to exhaust administrative remedies for this cause of action.  Accordingly, he did not need to wait for the DFEH to complete its investigation of his FEHA claim or to commence a lawsuit on his behalf. In fact, even following the commencement of the DFEH's lawsuit, Mr. Carauddo and his attorneys still chose to wait.  The DFEH filed their complaint against Lucent in July of 2007; Carauddo did not file his Motion to Intervene until late November 2007 and did not file his complaint until February 20, 2008 – weeks after the Court issued its Order on that motion.  At any point in time, Mr. Carauddo was free and able to file his wrongful termination claim in his own lawsuit.  Moreover, as set forth above, even if it wanted to, the DFEH could not have even investigated a common law wrongful termination claim on Mr. Carauddo's behalf.

**D.    Carauddo's Work on this Wrongful Termination Claim Should be Deemed Duplicative**

In his opposition to this motion, Mr. Carauddo makes the argument that the facts, damages sought and law are all the same and accordingly, his wrongful termination cause of action is essentially the same claim as the DFEH's previously asserted FEHA claims.  If that is the case, then all work generated by his personal attorneys to pursue this wrongful termination claim must be deemed duplicative.  This court ordered limits on their participation in this litigation.  Specifically, no "duplicative motions or oppositions to motions" to those claims asserted by the DFEH.  (Order on Motion to Intervene at p.3:13-21.)  Second, "no discovery propounded by Carauddo's counsel that duplicates discovery propounded by the DFEH."  *Id.* Accordingly, if these claims are in fact essentially the same, as Mr. Carauddo now contends,

---

[1] Lucent objects to Plaintiff's reliance on an unpublished opinion.  EEOC v. Avecia Inc. 2003 U. S. Dist LEXIS 19325 (D. Del. 2003)

1    Lucent should not be required to respond to any discovery propounded by Mr. Carauddo or

2    respond to any motions filed by Mr. Carauddo that relate in any way to this wrongful termination

3    in violation of public policy cause of action.

4    **III.    <u>CONCLUSION</u>**

5           Lucent respectively requests that the Court grant its motion to dismiss Carauddo's

6    wrongful termination in violation of public policy claim.  At the minimum the wrongful

7    termination claim on the basis of perceived disability should be stricken; specifically strike

8    "and/or was regarded by Lucent as having such limitations"  (Complaint in Intervention ¶¶ 28,

9    44)  and "or because the employee is perceived as having a disability."  *Id.* at ¶ 52.

10   Alternatively, if the court determines that the wrongful termination claims should remain in the

11   case, Lucent requests that this court order that any work initiated on this cause of action be

12   deemed duplicative.

13   DATED:  April 2, 2008                             EPSTEIN BECKER & GREEN, P.C.

14

15                                                     By:  /s/ Rachel S. Hulst
                                                            Steven R. Blackburn
16                                                          Leslie J. Mann
                                                            Rachel S. Hulst
17                                                     Attorneys for Defendant
                                                       Lucent Technologies Inc.
18

19

20

21

22

23

24

25

26

27

28

- 8 -