United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEPARTMENT OF FAIR
EMPLOYMENT & HOUSING,

    Plaintiff,

    v.

LUCENT TECHNOLOGIES,

    Defendant.
_____/

No. C 07-3747 PJH

**ORDER DENYING MOTION TO DISMISS**

    The motion of defendant Lucent Technologies ("Lucent") to dismiss the fourth cause of action in the complaint in intervention came on for hearing before this court on April 16, 2008. Plaintiff California Department of Fair Employment and Housing ("DFEH") appeared by its counsel Susan Saylor, defendant Lucent appeared by its counsel Rachel S. Hulst, and intervenor Stephen Carauddo ("Carauddo") appeared by his counsel Jean K. Hyams. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion.

    A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. See Fed. R. Civ. P. 12(b)(6); Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Rule 12(b)( 6) permits dismissal of a claim when the claim lacks a cognizable legal theory or there are insufficient facts alleged to support plaintiff's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). That is, when all the allegations in the complaint are taken as

true and construed in the light most favorable to the plaintiff, there must be sufficient facts pled to raise a right to relief above the speculative level. Id. at 1965.

Lucent argues that Carauddo's fourth cause of action for wrongful termination in violation of public policy must be dismissed because it is time-barred. Carauddo was terminated from his job on January 27, 2006, and the complaint in intervention was filed on February 20, 2008. Under California law, a claim of wrongful termination in violation of public policy is subject to the personal injury statute of limitations. Burrey v. Pacific Gas & Elec. Co., 159 F.3d 388, 395 (9th Cir. 1998). California's limitation period for personal injury torts is two years. Cal. Civ. P. Code § 335.1. A claim for personal injury accrues on the date the plaintiff knows or has reason to know of the injury. Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir. 1994). Here, Carauddo knew of the injury on the date he was terminated, January 27, 2006.

In opposition, Carauddo contends that the fourth cause of action is not time-barred, for two reasons – because the motion to intervene was filed within two years of the date the motion for leave to intervene was filed, and because the claim of wrongful termination in violation of public policy relates back to the date of filing of the original complaint by DFEH.

The court finds that the motion must be DENIED. The general rule in a diversity action in federal court is that, where a claim is governed by a state statute of limitations, the initial inquiry is whether the amended complaint would "relate back" under state law. If it would, there is no further need for "relation back" under the Federal Rules. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2008 ed.) § 8:455 (citing Saxon v. ACF Indus., Inc., 254 F.3d 959, 963 n.6 (11th Cir. 2001)).

Under California law, the relation-back doctrine applies if the amended complaint rests on the same set of facts, involves the same injury, and refers to the same instrumentality, as the original complaint. Quiroz v. Seventh Avenue Center, 140 Cal. App. 4th 1256, 1278 (2006).

Here, the facts underlying the fourth cause of action also support the first cause of action for wrongful termination in violation of FEHA, as the fourth cause of action is a claim

2

of wrongful termination in violation of the public policy set forth in FEHA. Thus, the claim for wrongful termination in violation of the public policy set forth in FEHA relates back to the filing of the original complaint by DFEH.

Lucent argues that Carauddo has asserted a "new" claim by alleging not only discrimination on the basis of disability, but also discrimination on the basis of perceived disability. However, Lucent does not object to the first cause of action in the complaint for intervention, which alleges disparate treatment on the basis of disability and perceived disability, and therefore alleges the same facts that support the fourth cause of action for wrongful termination in violation of public policy.

Moreover, as counsel for DFEH and Carauddo argued persuasively at the hearing, a plaintiff alleging a disability discrimination claim under FEHA can assert both disparate treatment based on disability and disparate treatment on the basis of perceived disability in the same claim.

Accordingly, the court finds that defendant's motion must be DENIED.

**IT IS SO ORDERED.**

Dated: April 22, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge