1  Steven R. Blackburn, State Bar No. 154797
   Leslie J. Mann, State Bar No. 95467
2  Rachel S. Hulst, State Bar No. 197330
   EPSTEIN BECKER & GREEN, P.C.
3  One California Street, 26th Floor
   San Francisco, California 94111-5427
4  Telephone:      415.398.3500
   Facsimile:      415.398.0955
5  SBlackburn@ebglaw.com
   Lmann@ebglaw.com
6  RHulst@ebglaw.com

7  Attorneys for Defendant
   Lucent Technologies Inc.

8

9              UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12

13  DEPARTMENT OF FAIR EMPLOYMENT         CASE NO.: 3:07-cv-03747-PJH
    AND HOUSING, an agency of the State of
14  California,                           **DEFENDANT LUCENT
                                          TECHNOLOGIES' ANSWER TO
15          Plaintiff, and                COMPLAINT IN INTERVENTION**

16  STEVEN J. CARAUDDO
              Plaintiff-Intervenor
17
         v.
18  LUCENT TECHNOLOGIES INC., and;
    DOES 1 through 20,
19
            Defendants.
20  _____

21

22        Defendant LUCENT TECHNOLOGIES INC., a Delaware corporation (hereinafter

23  "Lucent") for itself and no other defendant, answers Plaintiff-Intervenor Steven Carauddo's

24  ("Carauddo") complaint in intervention ("the Complaint")as follows:

25                    I.   **INTRODUCTION**

26        1.     Lucent admits that the DFEH filed a lawsuit against Lucent which alleges that

27  Carauddo's rights had been violated by Lucent.  The remaining allegations of this paragraph state

28

a legal conclusion to which no response is required.   Lucent denies any of Carauddo's rights have been violated.

## II.    JURISDICTION AND VENUE

2.      Lucent admits that while employed by Lucent, Carauddo worked, in part, in Alameda County.

3.      Lucent admits that it is a Delaware Corporation and allowed to conduct business in the State of California.

4.      Lucent admits the allegations contained in paragraph 4 of the Complaint.

5.      Lucent lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint and, therefore, denies such allegations.

6.      Lucent lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and, therefore, denies such allegations.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      Lucent admits that Carauddo filed a timely charge of discrimination on the basis of known disability with the DFEH; however, Lucent denies that Carauddo filed any charge of discrimination on the basis of perceived disability discrimination with the DFEH.

8.      Lucent admits the allegations set forth in paragraph 8 of the Complaint.

9.      Lucent admits the allegations set forth in paragraph 9 of the Complaint.

10.      Lucent admits the allegations set forth in paragraph 10 of the Complaint, except that Lucent denies the DFEH timely filed its complaint in the Superior Court for the County of San Francisco as to all claims alleged.

## IV.    GENERAL ALLEGATIONS AS TO ALL CLAIMS

11.      Lucent admits the allegations set forth in paragraph 11 of the Complaint.

12.      Lucent lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint and, therefore, denies such allegations.

Defendant Lucent's Answer to Complaint in Intervention
                                                        3:07-cv-03747-PJH

13.     Lucent lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 13 of the Complaint and, therefore, denies such allegations.  Lucent admits that Carauddo called in to work sick for several days.

14.     Lucent lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained paragraph 14 of the Complaint and, therefore, denies such allegations.

15.     Lucent lacks sufficient knowledge and information to form a belief as to the truth or falsity of the exact diagnosis set forth in paragraph 15 of the allegations of the Complaint, and, therefore, denies such allegations.

16.     Lucent admits the allegations set forth in paragraph 16 of the Complaint.

17.     Lucent denies the allegations set forth in paragraph 17 of the Complaint.

18.     Lucent denies the allegations set forth in paragraph 18 of the Complaint.

19.     Lucent admits the allegations set forth in paragraph 19 of the Complaint.

20.     Lucent admits that on or about January 27, 2006, Lucent terminated Carauddo's employment for the reason alleged in paragraph 20 of the Complaint and others.

21.     Lucent admits the contents of the job description but denies the remaining allegations set forth in paragraph 21 of the Complaint.

22.     Lucent lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 22 of the Complaint and, therefore, denies such allegations.  Lucent further denies the remaining allegations in paragraph 22 of the Complaint.

23.     Lucent lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint and, therefore, denies such allegations.

24.     Lucent admits the allegations set forth in paragraph 24 of the Complaint.

Defendant Lucent's Answer to Complaint in Intervention
3:07-cv-03747-PJH

25.    Lucent lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained paragraph 25 of the Complaint and, therefore, denies such allegations.

26.    Lucent denies all allegations set forth in paragraph 26 of the Complaint.

## FIRST CAUSE OF ACTION

Termination Because of Disability in Violation of California Fair Housing and Employment Act

(California Government Code § 12940 *et seq.*)

27.    Lucent incorporates by reference its responses to the allegations contained in paragraphs 1 through 26 above, as if set forth at length herein.

28.    Lucent admits that Carauddo was a person with a disability within the meaning of the FEHA and was limited in his major life activities and had a record of such limitations.  Lucent denies that Carauddo was solely "regarded by" Lucent as having such limitations.

29.    Lucent admits the allegations set forth in paragraph 29 of the Complaint.

30.    The allegations contained in paragraph 30 of the Complaint state a legal conclusion to which no response is required.

31.    Lucent denies all allegations set forth in paragraph 31 of the Complaint.

32.    Lucent denies all allegations set forth in paragraph 32 of the Complaint.

33.    Lucent denies all allegations set forth in paragraph 33 of the Complaint.

34.    Lucent denies all allegations set forth in paragraph 34 of the Complaint.

## SECOND CAUSE OF ACTION

Failure to Accommodate in Violation of California Fair Housing and Employment Act

(California Government Code § 12940 (m) et seq.)

35.    Lucent incorporates by reference its responses to the allegations contained in paragraphs 1 through 34 above, as if set forth at length herein.

36.    Lucent admits that Carauddo was a person with a disability within the meaning of the FEHA and was limited in his major life activities and had a record of such limitations.  Lucent denies that Carauddo was solely "regarded by" Lucent as having such limitations.

37.    Lucent admits the allegations set forth in paragraph 37 of the Complaint.

38.     The allegations contained in paragraph 38 of the Complaint state a legal conclusion to which no response is required.

39.     Lucent denies all allegations set forth in paragraph 39 of the Complaint.

40.     Lucent denies all allegations set forth in paragraph 40 of the Complaint.

41.     Lucent denies all allegations set forth in paragraph 41 of the Complaint.

42.     Lucent denies all allegations set forth in paragraph 42 of the Complaint.

## THIRD CAUSE OF ACTION

Failure to Engage in a Timely, Good Faith Interactive Process in Violation of the

California Fair Housing and Employment Act

(California Government Code § 12940 (m) *et seq.*)

43.     Lucent incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 above, as if set forth at length herein.

44.     Lucent admits that Carauddo was a person with a disability within the meaning of the FEHA and was limited in his major life activities and had a record of such limitations.  Lucent denies that Carauddo was solely "regarded by" Lucent as having such limitations.

45.     Lucent admits the allegations set forth in paragraph 45 of the Complaint.

46.     The allegations contained in paragraph 46 of the Complaint state a legal conclusion to which no response is required.

47.     Lucent denies all allegations set forth in paragraph 47 of the Complaint.

48.     Lucent denies all allegations set forth in paragraph 48 of the Complaint.

49.     Lucent denies all allegations set forth in paragraph 49 of the Complaint.

50.     Lucent denies all allegations set forth in paragraph 50 of the Complaint.

## FOURTH CAUSE OF ACTION

Wrongful Termination in Violation of Public Policy

51.     Lucent incorporates by reference its responses to the allegations contained in paragraphs 1 through 50 above, as if set forth at length herein.

52.     The allegations contained in paragraph 52 of the Complaint state a legal conclusion to which no response is required.

Defendant Lucent's Answer to Complaint in Intervention
                                                                   3:07-cv-03747-PJH

53.     The allegations contained in paragraph 53 of the Complaint state a legal conclusion to which no response is required.

54.     Lucent denies all allegations set forth in paragraph 54 of the Complaint.

55.     Lucent denies all allegations set forth in paragraph 55 of the Complaint.

56.     Lucent denies all allegations set forth in paragraph 56 of the Complaint.

57.     Lucent denies all allegations set forth in paragraph 57 of the Complaint.

**FIFTH CAUSE OF ACTION**

Unfair Business Practices and Unlawful Competition in

(California Business and Professions Code § 17200, *et seq.*)

58.     Lucent incorporates by reference its responses to the allegations contained in paragraphs 1 through 57 above, as if set forth at length herein.

59.     The allegations contained in paragraph 59 of the Complaint state a legal conclusion to which no response is required.

60.     Lucent denies all allegations set forth in paragraph 60 of the Complaint.

61.     Lucent denies all allegations set forth in paragraph 61 of the Complaint.

62.     Lucent denies that it engaged in any unfair and unlawful business practices and further denies that Carauddo is entitled to seek restitution of money acquired by Lucent as a result of its alleged unfair business practices or injunctive relief regarding the same.

63.     Lucent denies that Carauddo's success in this action will enforce important rights affecting the public interest.  Lucent also denies that Carauddo should be permitted to sue on behalf of the general public, as well as himself and any similarly situated employees.

64.     Lucent denies all allegations set forth in paragraph 64 of the Complaint.

**AFFIRMATIVE DEFENSES**

Lucent asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Carauddo.  Lucent reserves the right to amend its Answer and assert additional Affirmative Defenses based upon information obtained during pretrial discovery in this action.

- 6 -

**FIRST AFFIRMATIVE DEFENSE**

(Business Judgment)

1.      As a first affirmative defense, Lucent avers that its actions with respect to Carauddo were a legitimate exercise of Lucent's business judgment which Carauddo cannot invade.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

2.      As a second affirmative defense, Lucent avers that Carauddo's claim for damages is barred, in whole or in part, because, based on information and belief, Carauddo has failed to exercise due diligence in an effort to mitigate his damages.

**THIRD AFFIRMATIVE DEFENSE**

(Cal. Gov. Code § 12940(a))

3.      As a third affirmative defense, Lucent avers that Carauddo's claim is barred, because Carauddo is unable to perform his essential duties even with reasonable accommodation.

**FOURTH AFFIRMATIVE DEFENSE**

(Cal. Gov. Code § 12940(a))

4.      As a fourth affirmative defense, Lucent avers that Carauddo's claim is barred, because Carauddo is unable to perform his essential duties in a manner that would not endanger his health or safety even with reasonable accommodation.

**FIFTH AFFIRMATIVE DEFENSE**

(Cal. Gov. Code § 12940(a))

5.      As a fifth affirmative defense, Lucent avers that Carauddo's claim is barred, because Carauddo is unable to perform his essential duties in a manner that would not endanger the health or safety of others even with reasonable accommodation.

1

## SIXTH AFFIRMATIVE DEFENSE

2

(Undue Hardship)

3      6.      As a sixth affirmative defense, Lucent avers that Carauddo's claim is barred,

4   because assuming Carauddo requested an accommodation, it created an undue hardship for

5   Lucent.

6

## SEVENTH AFFIRMATIVE DEFENSE

7

(Contractual Obligation)

8      7.      As a seventh affirmative defense, Lucent avers that Carauddo's claim is barred,

9   because the applicable collective bargaining agreement incorporates the requirements of the

10   Carraudo's position which could not be altered.

11

## EIGHTH AFFIRMATIVE DEFENSE

12

(Business Necessity)

13      8.      As an eighth affirmative defense, Lucent avers that Carauddo's claim is barred in

14   whole or in part, on the grounds that Lucent's actions as they affected Carauddo were undertaken

15   for lawful, substantial, and justifiable business reasons.

16

## NINTH AFFIRMATIVE DEFENSE

17

(LMRA Section 301 Federal Preemption)

18      9.      As a ninth affirmative defense, Lucent avers that Carauddo's claims are pre-

19   empted in whole or in part by Section 301 of the Labor Management Relations Act, 29 U.S.C.

20   § 185.

21

## TENTH AFFIRMATIVE DEFENSE

22

(Failure to Exhaust Administrative Remedies)

23      10.      As a tenth affirmative defense, Carauddo's claims are barred, in whole or in part,

24   to the extent that he has failed to exhaust the administrative remedies for any such claims.

25

## ELEVENTH AFFIRMATIVE DEFENSE

26

(Statute of Limitations)

27      11.      As an eleventh affirmative defense, Lucent avers that Carauddo's claims are

28   barred, in whole or in part, by the applicable statute of limitations, including but not limited to

- 8 -

1  California Code of Civil Procedure §§337, 339, and 340; California Government Code §§ 12960

2  and 12965.

3                        **TWELFTH AFFIRMATIVE DEFENSE**

4                          (Fraud, Malice or Oppression)

5          12.    As a twelfth affirmative defense, Lucent avers that any acts or omissions to act by

6  Lucent were not the result of fraud, malice or oppression, as such terms are defined by California

7  Civil Code §3294.

8                      **THIRTEENTH AFFIRMATIVE DEFENSE**

9                    (NLRA Section 8(a)(3) Federal Preemption)

10         13.    As a thirteenth affirmative defense, Lucent avers that Carauddo's claims are

11 preempted in whole or in part by section 8(a)(3) of National Labor Relations Act, 29 U.C.S.C. §

12 141, et. seq.

13         WHEREFORE, Lucent prays that:

14         1.     Carauddo takes nothing by this Complaint;

15         2.     Judgment be entered in favor of Lucent; and,

16         3.     For such other and further relief deemed proper.

17

18 DATED:  May 6, 2008                    EPSTEIN BECKER & GREEN, P.C.

19

20                                        By:   /s/ Rachel S. Hulst
                                               _____
21                                             Leslie J. Mann
                                               Rachel S. Hulst
22                                             Attorneys for Defendant
                                               Lucent Technologies Inc.

23

24

25

26

27

28

                                          - 9 -