DANA CURTIS MEDIATION
ATTORNEY MEDIATOR

May 23, 2008

**By E-MAIL AND MAIL**

Jean Hyams, Esq.
Boxer Gerson LLP
Rotunda Building
300 Frank H. Ogawa Plaza #500
Oakland, CA 94612

Leslie Jenny Mann, Esq.
Rachel S. Hulst, Esq.
Epstein Becker & Green, P.C.
One California Street, 26th Floor
San Francisco, CA 94111-5427

Susan Marie Saylor, Esq.
Department of Fair Employment & Housing
Oakland Legal Unit
1515 Clay Street, Suite 701
Oakland, CA 94612

Sharon Rachel Vinick, Esq.
Vinick Law Firm
350 Sansome Street, Suite 300
San Francisco, CA 94104

*DFEH v. Lucent Technologies, Inc.* Mediation
Case No. C 07-03747 PJH MED

Dear Counsel:

The purpose of this letter is to confirm the following arrangements for mediation:

**Date:** June 5, 2008
**Time:** 9:30 a.m.
**Place:** Epstein Becker & Green, P.C.
One California Street, 26th Floor
San Francisco

**Participants:** **On behalf DFEH and Steven Carauddo**
Susan Saylor, counsel for DFEH
Mr. Carauddo
Sharon Vinick or Jean Hyams, counsel
James McDonald, counsel (perhaps)

**On behalf of Lucent Technologies, Inc.**
Client representative(s) with full authority to settle the dispute, to
  be identified to the mediator by May 30, 2008.
Rachel Hulst, counsel

**Mediation Statements**

Please submit to me and exchange mediation statements by May 30, 2008. Local Rule 6-7 (c) provides that the statements shall be concise, may include any information that may be useful to the mediator, and shall:

(1) Identify, by name and title or status:
 (A) The person(s) with decision-making authority, who, in addition to counsel, will attend the mediation as representative(s) of the party, and
 (B) Persons connected with a party opponent (including an insurer representative) whose presence might substantially improve the utility of the mediation or the prospects for settlement;

(2) Describe briefly the substance of the suit, addressing the party's views of the key liability issues and damages and discussing the key evidence;

(3) Identify the discovery or motions that promise to contribute most to equipping the parties for meaningful settlement negotiations;

(4) Describe the history and current status of any settlement negotiations and provide any other information about any interests or considerations not described elsewhere in the statement that might be pertinent to settlement; and

(5) Include copies of documents likely to make the mediation more productive or to materially advance settlement prospects.

**Fees**

Through counsel, the parties have agreed that reasonable preparation and the first four hours of the mediation will be *pro bono*; the second four hours will be billed at $200 per hour; and, thereafter, my hourly rate of $500 will apply to all time spent in mediation, including any additional study time, follow-up telephone calls, correspondence and any additional mediation session time. Your clients will allocate any fees one-third to Mr. Carauddo; one-third to DFEH; and one-third to Lucent Technologies.

I look forward to meeting with you June 5. In the meantime, please call me if you have questions.

Very truly yours,

*Dana L. Curtis*

Dana L. Curtis

cc: Clerk's Office - ADR Unit