Steven R. Blackburn, State Bar No. 154797
Leslie J. Mann, State Bar No. 95467
Andrew J. Sommer, State Bar No. 192844
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone:    415.398.3500
Facsimile:     415.398.0955
sblackburn@ebglaw.com
lmann@ebglaw.com
asommer@ebglaw.com

Attorneys for Defendant
LUCENT TECHNOLOGIES INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>Plaintiff, and<br><br>STEVEN J. CARAUDDO<br><br>Plaintiff-Intervenor<br><br>v.<br><br>LUCENT TECHNOLOGIES INC., and DOES 1 through 20,<br><br>Defendants. | CASE NO.: 3:07-cv-03747-PJH<br><br>**DECLARATION OF LESLIE J. MANN IN SUPPORT OF DEFENDANT LUCENT TECHNOLOGIES INC.'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date: November 19, 2008<br>Time:           9:00 a.m.<br>Location:     Crtm 3, 17th Floor<br>The Hon. Phyllis J. Hamilton |

I, Leslie J. Mann, declare:

1.     I am a Senior Attorney with the law firm of Epstein Becker and Green, P.C., counsel of record for Lucent Technologies Inc. ("Defendant") in this matter. I am an active member in good standing of the Bar of the State of California. I am making this Declaration in Support of Defendant's Motion for Summary Judgment, or in the Alternative, Summary Judgment. If called as a witness in this action, I could and would competently testify to the following facts, based on my own personal knowledge.


2. Attached hereto as Exhibit "Camacho Depo." and incorporated herein by reference are true and correct copies of excerpts from the Deposition of Christopher L. Camacho taken on July 31, 2008. The transcript appears to be a correct rendition of the occurrences at the deposition which I attended.

3. Attached hereto as Exhibit "Carauddo Depo. I" and incorporated herein by reference are true and correct copies of excerpts from the Deposition of Petitioner Steven J. Cararuddo taken on January 24, 2006 in his Workers' Compensation Appeals Board matter.

4. Attached hereto as Exhibit "Carauddo Depo. II" and incorporated herein by reference are true and correct copies of excerpts from the Deposition of Plaintiff-Intervenor Steven J. Cararuddo, Volume 1 taken on July 22, 2008 and Volume 2 taken on September 29, 2008, and the following deposition exhibits:

- Exhibit 35: 09/27/06 Letter

The transcript appears to be a correct rendition of the occurrences at the deposition which I attended.

5. Attached hereto as Exhibit "Dukovcic Depo." and incorporated herein by reference are true and correct copies of excerpts from the Deposition of David Dukovcic taken on September 23, 2008. The transcript appears to be a correct rendition of the occurrences at the deposition which I attended.

6. Attached hereto as Exhibit "Jenkins Depo." and incorporated herein by reference are true and correct copies of excerpts from the Deposition of Albert Jenkins taken on September 17, 2008. The transcript appears to be a correct rendition of the occurrences at the deposition which I attended.

7. Attached hereto as Exhibit "Kaisler-Meza Depo." and incorporated herein by reference are true and correct copies of excerpts from the Deposition of Allen Kaisler-Meza, M.D. taken on September 12, 2008, and the following deposition exhibits:

- Exhibit 1: 11/29 Work Restrictions
- Exhibit 4: 12/7/05 Report
- Exhibit 5: 12/20 Work Restrictions

1      •     Exhibit 6: 1/27/06 Report

2      •     Exhibit 7: 1/22/06 Report

3      •     Exhibit 9: 2/1/06 Report

The transcript appears to be a correct rendition of the occurrences at the deposition which I attended.

8.  Attached hereto as Exhibit "Lasquete Depo." and incorporated herein by reference are true and correct copies of excerpts from the Deposition of Dominic Lasquete taken on September 26, 2008. The transcript appears to be a correct rendition of the occurrences at the deposition which I attended.

9.  Attached hereto as Exhibit "Spraggins Depo." and incorporated herein by reference are true and correct copies of excerpts from the Deposition of Michael Spraggins taken on September 17, 2008. The transcript appears to be a correct rendition of the occurrences at the deposition which I attended.

10. Attached hereto as Exhibit "Strange Depo." and incorporated herein by reference are true and correct copies of excerpts from the Deposition of Claudine Strange taken on August 4, 2008. The transcript appears to be a correct rendition of the occurrences at the deposition which I attended.

11. Attached hereto as Exhibit "Utermahlen Depo." and incorporated herein by reference are true and correct copies of excerpts from the Deposition of Karen Utermahlen taken on August 11, 2008. The transcript appears to be a correct rendition of the occurrences at the deposition which Peter Berk attended.

12. Attached hereto as Exhibit "1" is a true and correct copy of Plaintiff Department of Fair Employment and Housing's Response to Defendant's Interrogatories, Set One served on May 20, 2008.

13. Attached hereto as Exhibit "2" is a true and correct copy of Plaintiff—Intervenor Steven Carauddo's Responses to Defendant's Interrogatories served on August 18, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 15th day of October,

2008, at San Francisco, California.

_____
Leslie J. Mann