Steven R. Blackburn, State Bar No. 154797
Leslie J. Mann, State Bar No. 95467
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone: 415.398.3500
Facsimile: 415.398.0955
SBlackburn@ebglaw.com
LMann@ebglaw.com

Attorneys for Defendant
LUCENT TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>Plaintiff, and<br><br>STEVEN J. CARAUDDO<br><br>Plaintiff-Intervenor<br><br>v.<br><br>LUCENT TECHNOLOGIES, INC., and DOES 1 through 20,<br><br>Defendants. | CASE NO.: 3:07-cv-03747-PJH<br><br>STIPULATION RE: CONFIDENTIALITY AND PROTECTIVE ORDER |

The parties hereto, by and through their respective counsel, hereby stipulate and request the following Order:

1. The procedures for protecting information set forth in this Order shall govern all information produced by any party in response to discovery in this action that is designated "CONFIDENTIAL" in the manner set forth below, including without limitation, (i) answers to written discovery, (ii) documents produced in response to requests for production,

SF:187850v2

Protective Order
CASE NO.: 3:07-cv-03747-PJH

1  (iii) documents and information produced voluntarily in response to informal requests,
2  (iv) interrogatory responses and (v) deposition testimony.

3      2.    This Order is intended to maintain and protect the confidentiality of all
4  confidential, private, personnel records, or other information subject to protective orders
5  pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

6      3.    The Court, the parties, litigation counsel of record, the parties' corporate
7  counsel, any court reporters and mediators employed in this case, and their respective officers,
8  employees, clerks, associates, and staffs, appointed to serve in this action (collectively the
9  "Authorized Persons") shall be the only persons afforded access to information protected by
10 this Order and marked as "CONFIDENTIAL" (hereinafter the "Protected Information").
11 Experts and consultants employed by counsel or the parties in connection with this case, and
12 the staffs of such experts or consultants shall also be considered "Authorized Persons" provided
13 that they have agreed that Authorized Persons shall (i) not use the Protected Information for
14 any purpose other than the prosecution or defense of this litigation, (ii) not provide, copy, or
15 otherwise disclose any item of Protected Information to any person other than the
16 aforementioned Authorized Persons and (iii) submit to the jurisdiction of the United States
17 District Court for the Northern District of California concerning any action or dispute relating
18 to the Order.

19     4.    Any party who believes that a particular item of information is properly
20 protectable as Protected Information within the meaning of this Order shall designate it as such
21 by one or more of the following methods:

22         (i)    provide written notice to all parties describing the information with
23 particularity;

24         (ii)    with respect to documents, mark each page of each such document with
25 the phrase "CONFIDENTIAL";

26         (iii)    with respect to interrogatory responses, mark each page on which the
27 response appears with the phrase "CONFIDENTIAL"; and

28         (iv)    with respect to deposition transcripts, mark each page of each such

- 2 -

transcript with the phrase "CONFIDENTIAL".

Any party who believes that a particular item of information is properly protectable under this Order shall implement the procedures set forth in Paragraph 3 with all reasonable dispatch.

5. Each party shall be responsible for clearly marking all Protected Information in its possession, custody and control and to take all other steps reasonably necessary to ensure that persons other than Authorized Persons do not, directly or indirectly, gain access to Protected Information designated by another party.

6. Any party who believes that a particular item of Protected Information previously designated pursuant to Paragraphs above is not properly protectable within the meaning of this Order shall be free to object at any time. Similarly, any party wishing to have an additional person other than those described in paragraph 3 above, listed as an Authorized Person within the meaning of this Order may request in writing that the other party stipulate that such person be added to the list of Authorized Persons, and if no written objection is received within 10 days, such person shall become an Authorized Person upon agreeing not to use the confidential information in ways prohibited by paragraph 3. Although the parties shall attempt to resolve informally any objections to the designation of Protected Information or to the addition of persons to the Authorized Persons list, the parties shall be entitled to bring any dispute before the Court by ex parte application to all counsel of record by the moving party. Upon considering the parties' respective arguments, the Court shall determine whether or not the information at issue shall continue to be accorded Protected Information status or whether the person at issue shall be added to the Authorized Person list.

7. Nothing in this Order shall preclude a person whose name appears on the document as an author or recipient, or who is otherwise shown to have authored or previously received a particular item of Protected Information, from reviewing said Protected Information regardless of whether or not said person is an Authorized Person within the meaning of this Order.

8. No party shall be required to object to the designation of any item of information as Protected Information on any particular time schedule, and failure to promptly make

objections shall not constitute a waiver or otherwise bar a party from objecting at a later date.

9. Nothing in this Order shall be deemed to preclude any party from seeking, on any appropriate showing, reduced, different or additional protection with respect to any items or category of information previously designated as Protected Information under this Order.

10. This Order shall not abrogate or diminish any party's contractual, statutory or other right or obligation to maintain any information in confidence. The fact that a given item of information is or is not Protected Information within the meaning of this Order shall not be admissible in evidence or otherwise considered by the trier of fact in determining whether said information is confidential or proprietary in any way.

11. Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, or the party himself, each party shall destroy or return all material designated as Protected Information, including all copies thereof upon request of the designating party. Written confirmation of compliance or receipt shall be provided upon request by any party.

12. In the event a party intends to use Protected Information in support of its position on any Motion before the Court, the parties shall follow the procedure delineated in Rule 79-5 of the Local Rules for the Northern District of California.

13. To the extent that Protected Information is hereinafter admitted or placed into evidence, the Court may issue such additional orders as may be needed to protect the confidentiality of the Protected Information. This Order may not be modified or terminated, in whole or in part, except by order of the Court (i) for good cause shown, or (ii) upon written stipulation of the parties. This Order shall survive and remain operative following the termination of this action.

14. Nothing in this Order precludes the parties from using confidential documents as evidence in Court.

15.  This Protective Order may be executed in counterparts.

IT IS SO STIPULATED.

DATED: ~~September ___, 2008~~ November 3, 2008

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

By: _____
Annmarie Billoti
Susan Saylor
Attorneys for Plaintiff
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATED: ~~September ___,~~ November 10, 2008

BOXER & GERSON, LLP

By: _____
Jean Hyams
Attorneys for Plaintiff-Intervenor
STEVEN J. CARAUDDO

DATED: ~~September ___,~~ November 10, 2008

VINICK LAW FIRM

By: _____
Sharon R. Vinick
Attorneys for Plaintiff-Intervenor
STEVEN J. CARAUDDO

DATED: ~~October 22,~~ Nov. 13, 2008

EPSTEIN BECKER & GREEN, P.C.

By: _____
Leslie J. Mann
Attorneys for Defendant
Lucent Technologies Inc.

- 5 -

SF:187850v2

Protective Order
CASE NO.: 3:07-cv-03747-PJH

1   IT IS SO ORDERED.

4   DATE: __11/14/08__

**IT IS SO ORDERED**
Judge Phyllis J. Hamilton
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA