UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT & HOUSING,<br><br>    Plaintiff,<br><br>    v.<br><br>LUCENT TECHNOLOGIES, INC.,<br><br>    Defendant.<br>_____/ | No. C-07-3747 PJH (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF AND PLAINTIFF-INTERVENOR'S JOINT MOTION TO COMPEL**<br><br>**(Docket No. 66)** |

Plaintiff Department of Fair Employment & Housing and Plaintiff-Intervenor Steven J. Carauddo (collectively, "Plaintiffs") have filed a joint motion to compel. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part Plaintiffs' motion.

## I. DISCUSSION

As a preliminary matter, the Court notes its agreement with Defendant Lucent Technologies, Inc. that state privilege law is controlling, not federal. *See* Fed. R. Evid. 501 ("[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."); *Star Editorial v. United States Dist. Court*, 7 F.3d 856, 859 (9th Cir. 1993) ("[B]ased on diversity of citizenship, [the defamation case] was removed to federal court. State law will clearly provide the rule of decision."); *In re California Public Utilities Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989) ("In diversity actions, questions of privilege are controlled by state law."); *see also* H. Rpt. 93-1597 (Conference report, addressing

United States District Court
For the Northern District of California

1  criticisms of Senate report and explained that, under House provision, which was ultimately
2  adopted, "[i]f any item of proof tends to support or defeat a claim or defense, or an element of a
3  claim or defense, and if state law supplies the rule of decision for that claim or defense, then state
4  privilege law applies to that item of proof"; adding that "state privilege law will usually apply in
5  diversity cases").

6        Under the California constitution, there is a right to privacy. *See* Cal. Const., art. I, § 1.
7  Medical information is protected by the right to privacy. *See, e.g.*, *Wood v. Superior Court*, 166 Cal.
8  App. 3d 1138, 1147 (1985) (stating that the right of privacy extends to a patient's medical records);
9  *Department of Motor Vehicles v. Superior Court*, 100 Cal. App. 4th 363, 374 (2002) (stating that
10 "our state Constitution recognizes that medical information is confidential and private"). So too are
11 personnel records. *See Harding Lawson Assocs. v. Superior Court*, 10 Cal. App. 4th 7, 9-10 (1992);
12 *Board of Trustees v. Superior Court*, 119 Cal. App. 3d 516 (1981). In the instant case, the Court
13 finds that the information sought by Plaintiffs does implicate the right to privacy but further finds
14 that, if personal identifying information is redacted, then the right to privacy is either adequately
15 protected or perhaps not even implicated at all. At the hearing on the motion to compel, all parties
16 agreed that this would be an acceptable way to proceed in the first instance. If Plaintiffs are then
17 able to establish evidence of a company-wide policy or practice of not adequately engaging requests
18 for accommodation, they can then seek to uncover the identities of affected employees by further
19 motion. There is, however, no need at this point to disclose the employees' identities.

20       The only real dispute at the hearing was the scope of the discovery -- *i.e.*, whether Lucent
21 was obligated to produce the requests for accommodation only or in addition documents reflecting
22 Lucent's consideration of and response thereto. The Court concludes that DFEH Request No. 11
23 seeks documents beyond the requests for accommodation themselves; it seeks documents
24 "describing" or "identifying" any requests for accommodation. This request is broad enough to
25 encompass documents which refer to any requests for accommodation, including Lucent's
26 consideration of and response thereto.

27       As to discovery requests pertaining the Lucent employees outside of California, these
28 documents are relevant because they may provide evidence of a company-wide policy which, in

2

turn, would be probative to whether such a policy existed in California. In short, even if such conduct outside of California may not be directly actionable, it would help prove or disprove California conduct.

## II. CONCLUSION

Accordingly, the Court hereby grants Plaintiffs' motion to compel with respect to DFEH Request No. 11 and Carauddo Request No. 3, except that all personal identifying information (except for state of residence) shall be redacted from the documents that are produced. Similarly, the Court grants the motion with respect to Carauddo Interrogatories Nos. 2 and 3, except that all personal identifying information (except for state of residence) need not be provided. The motion to compel with respect to Carauddo Interrogatory No. 1 is denied, except that Lucent shall provide the state of residence of each person. Although the Court is not requiring Lucent to provide -- at least at this juncture -- personal identifying information, it should provide "code names" for the employees (*e.g.*, Employee 1, Employee 2) such that Plaintiffs are able, *e.g.*, to match up requests for accommodation with correlative documents, such as Lucent's response thereto.

This order disposes of Docket No. 66.

IT IS SO ORDERED.

Dated: November 26, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge