UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEPARTMENT OF FAIR EMPLOYMENT
AND HOUSING,

        Plaintiff,                      No. C 07-3747 PJH

    v.                               **ORDER**

LUCENT TECHNOLOGIES, INC.,

        Defendant.
_____/

        This action was originally filed by plaintiff California Department of Fair Employment and Housing ("DFEH") against defendant Lucent Technologies, Inc. ("Lucent"), on June 26, 2007. The complaint alleged four causes of action under the Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 – termination because of disability; failure to make reasonable accommodation for known physical or mental disability; failure to engage in a good-faith interactive process; and failure to take reasonable steps to prevent discrimination from occurring in the workplace. DFEH brought the action on behalf of Steven J. Carauddo ("Carauddo").

        On July 20, 2007, Lucent removed the case, asserting diversity jurisdiction. In an order filed February 1, 2008, the court granted Carauddo's motion for permissive intervention, subject to the limitation that he could file motions, or could oppose Lucent's motions, only as to those claims not asserted by DFEH; and that discovery would be shared and non-duplicative. Carauddo filed his complaint-in-intervention on February 20, 2008.

Carauddo's complaint asserted five causes of action. The first three were FEHA claims alleging termination because of disability, failure to make reasonable accommodation, and failure to engage in a good-faith interactive process, as in the complaint filed by DFEH. In addition, Carauddo alleged a claim of wrongful termination in violation of public policy; and a claim of unfair business practices, under California Business & Professions Code § 17200, et seq.

On December 8, 2008, the court granted the Lucent's motion for summary judgment. Judgment was also entered as of that date.

On December 19, 2008, Lucent submitted a bill of costs, seeking reimbursement of statutory costs in the amount of $14,264.47. Both DFEH and Carauddo have filed objections to the cost bill. Pursuant to an order from the court, Lucent filed a response to the objections on February 27, 2009.

DFEH argues that no costs should be awarded against it, for three reasons. First, DFEH notes that under Federal Rule of Civil Procedure 54(d)(1), costs cannot be awarded against the United States. DFEH suggests that a similar rule should apply to an agency of the State of California.

Second, DFEH notes that under FEHA, California Government Code § 12965(b), costs cannot be awarded in a case against public agencies or public officials acting in their official capacity. Thus, DFEH contends, this provision should trump the presumption under Rule 54(d)(1) that statutory costs are ordinarily awarded to the prevailing party.

Third, DFEH argues that while Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, it also vests discretion in the district court to refuse to award costs. Thus, DFEH asserts, the court should exercise its discretion not to award costs to Lucent, because to award costs would be to punish DFEH and Carauddo for bringing this action.

DEFH also claims that Lucent is guilty of forum-shopping – first, by opting out of the administrative proceeding, and demanding that the case be filed as a civil action, and then, by removing the case from state court to federal court. DFEH asserts that if the court

2

awards costs against it, the court will in essence be rewarding Lucent for forum-shopping.

Carauddo also objects to any imposition of costs. He asserts that the court should apply the standard set forth in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978), under which Lucent would be entitled to costs only if "the plaintiff's action was frivolous, unreasonable, or without foundation." See id. at 421. Carauddo contends that because the claims here were not frivolous or unreasonable, the Christiansburg standard is not met, and the bill of costs should be denied in its entirety.

Carauddo contends further that specific costs sought by Lucent are unauthorized, insufficiently justified or explained, excessive or unreasonable, or should not be apportioned to him.

In response to DFEH's objections, Lucent asserts, first, that the Federal Rules of Civil Procedure control the imposition of costs on a prevailing party, and that conflicting state procedures are irrelevant; second, that Lucent was entitled to remove the case to federal court because of the presence of diversity jurisdiction; and third, that Lucent should be awarded costs because Rule 54 creates a strong presumption in favor of awarding costs to the prevailing party.

With regard to Carauddo's objections, Lucent argues, first, that it is Carauddo, not DFEH, who is the real party in interest, and that nothing in Rule 54 precludes assessing costs against an individual party such as Carauddo; second, that Carauddo is as responsible for the costs as DFEH is, as he actively participated in the case; third, that the question whether Carauddo's claim was "frivolous, unreasonable, or without foundation" is irrelevant as that standard applies in awarding fees under the federal Americans With Disabilities Act; and fourth, that the amounts of the particular items of costs for which Lucent seeks to recover are reasonable.

The court finds that the objections of DFEH and Carauddo be OVERRULED, to the extent they object to the taxing of costs, rather than to the specific items of costs to be taxed. As an initial matter, the court notes that Federal Rule of Civil Procedure 54(d) governs an award of costs in federal district court, even in cases in which state law supplies

3

the law of the decision.  See Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003) (citing In re Merrill Lynch Relocation Mgmt, Inc., 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)).  Moreover, Rule 54(d) "creates a presumption in favor of awarding costs to a prevailing party as a matter of course, and this rule applies unless there is a federal statute with an express provision governing costs."  Champion Produce, 342 F.3d at 1022.

In addition, however, while the rule creates a presumption in favor of awarding costs to a prevailing party, it also vests in the district court discretion to refuse to award costs.  See Association of Mexican-American Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000) (citing National Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1471 (9th Cir. 1995)).  "That discretion is not unlimited.  A district court must 'specify reasons' for its refusal to award costs."  Id. at 591-92.

DFEH's first argument is without merit.  DFEH claims that under Rule 54(d)(1), costs cannot be awarded against the United States, and therefore, by analogy, should not be awarded against DFEH, an agency of the State of California.  However, DFEH provides no support for the proposition that a provision in Rule 54 that applies to the United States should be read to also apply to the State of California.

Moreover, what Rule 54(d)(1) actually says is that "costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law."  Under Title VII, "the [Equal Employment Opportunity] Commission and the United States shall be liable for costs the same as a private person."  See 42 U.S.C. § 2000e-5(k).  Thus, DFEH's attempt to evade the imposition of costs by analogizing itself to the EEOC fails, because the EEOC can be required to pay costs to a prevailing party.

DFEH's second argument is also without merit.  DFEH claims that because California Government Code § 12965(b) provides that costs cannot be awarded against public agencies or public officials acting in their official capacity, that provision should trump the Rule 54(d)(1), and the court should not award costs here against DFEH.  However, as noted above, the question whether costs can be awarded in federal court is controlled, not

4

by state law, but by Rule 54.  The only exception is found where there is a controlling federal statute with an express provision governing costs.  See Brown v. Lucky Shores, Inc., 246 F.3d 1182, 1189-90 (9th Cir. 2001) (citing, as an example, the federal Americans With Disabilities Act, which expressly divests a court of its Rule 54(d) discretion to award costs).

DFEH's third argument is similarly unpersuasive.  DFEH asserts that it would be unfair to compel DFEH to pay the costs, because DFEH wouldn't have to pay costs if the case were pending in state court, and because Lucent does not deserve to recoup its costs as it is guilty of forum-shopping.  These arguments are essentially a rehash of the arguments DFEH made in its motion to remand after Lucent removed the case.  As the court has already determined that removal was proper and that the case is legitimately in this court, DFEH cannot establish that awarding costs to Lucent as the prevailing party would be "unfair."

The Ninth Circuit has in the past approved a district court's refusal to award costs to a prevailing party, on the basis that the losing party had limited financial resources, or that the prevailing party engaged in some misconduct.  See Mexican-American Educators, 231 F.3d at 592 (citing cases).  In addition, in Stanley v. University of Southern California, 178 F.3d 1069 (9th Cir. 1999), the court held that the district court had abused its discretion in denying a losing civil rights plaintiff's motion to re-tax costs without considering (1) the plaintiff's limited financial resources, and (2) "the chilling effect of imposing such high costs on future civil rights litigants."  Id. at 1079-80.  In that case, the amount of the costs taxed against the losing plaintiff was $46,710.97.  The plaintiff had argued that she would be rendered indigent if she was forced to pay that amount.  The Ninth Circuit remanded the case so the district court could reconsider in light of the two factors listed above.

In this case, however, neither DFEH nor Carauddo has argued that the costs are beyond their ability to pay, and have provided no evidence to that effect.  Both DFEH and Carauddo make some general arguments to the effect that awarding costs to a prevailing defendant in a civil rights case would have a chilling effect on the future filing of civil rights

5

cases, but neither specifically ties that argument to the facts or issues in this case.

Carauddo's other main argument is also without merit. He claims that under Christiansburg, Lucent is not entitled to recover costs because his action was not "frivolous, unreasonable, or without foundation." It is clear, however, that the rule stated in Christiansburg applies to awards of statutory attorney's fees. Under Christiansburg, "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Id. at 421; see also id. at 417 (under Title VII, "a prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances.").

Here, Lucent is seeking statutory costs, not attorney's fees. The Christiansburg rule applies to payment of costs only where the attorney's fee is included (per the statute) as part of the costs. See, e.g., 42 U.S.C. § 2000e-5(k) (in cases brought under Title VII, "the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs."); 42 U.S.C. § 1988(b) (in cases brought under 42 U.S.C. §§ 1981, 1981a, 1982, 1983, 1985, and 1986, and other enumerated civil rights statutes, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs," and "expert fees" may be included as part of the attorney's fee.).

The court has located no authority that applies the Christiansburg rule to Rule 54(d) costs. Thus, the court does not consider Carauddo's argument that costs should not be awarded against him because the action was not "frivolous, unreasonable, or without foundation."

As for the parties' arguments regarding the specific items of costs, the court refers this matter to the clerk so that the costs can be taxed, as appropriate. The rules contemplate that the clerk will first tax the costs, and that a dissatisfied party can then bring a motion for review. See Federal Rule of Civil Procedure 54(d)(1) ("[t]he clerk may tax costs on one day's notice. On motion served within the next 5 days, the court may review the clerk's action."); Civil L.R. 54-4 ("No sooner than 10 days after a bill of costs has been

6

filed, the Clerk shall tax costs after considering any objections filed pursuant to Civil L.R. 54-2."); Civil L.R. 54-5 ("any motion for review of the Clerk's taxation of costs must be filed within 15 days of the Clerk's taxation of costs").

Accordingly, the objections of plaintiff DFEH and plaintiff-intervenor Steven J. Carauddo are OVERRULED insofar as they pertain to whether costs may be taxed. Once the clerk has taxed the costs, the court will consider any motion for review as to the amounts actually taxed.

**IT IS SO ORDERED.**

Dated: April 29, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge